UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT, INC., a dissolved California Corporation, TIMOTHY BRYSON, an individual, MICKEY NICHOLSON, an individual, JOHN J. WALSH, an individual, EDWARD SPOONER, trustee of the LIVING TRUST OF EDWARD SPOONER, LIFE ADVANCE, LLC, a Nevada corporation, DOES 1-10,,<br><br>Defendants.<br><br>AND ALL RELATED CROSS CLAIMS AND THIRD PARTY CLAIMS. | Case No.:  18cv2280 DMS (AHG)<br><br>**ORDER GRANTING MICKEY NICHOLSON AND JASON VOELKER'S MOTION FOR LEAVE TO FILE A JOINT AMENDED ANSWER AND COMPLAINT** |

1

This case comes before the Court on Mickey Nicholson and Jason Voelker's motion for leave to file a Joint Amended Answer and Complaint.[1] Life Advance, LLC filed an opposition to the motion, and Nicholson and Voelker filed a reply. For the reasons discussed below, the motion is granted.

## I.
## BACKGROUND

This case involves a dispute over the ownership and beneficiary of an insurance policy issued by Pruco Life Insurance Company on the life of James D. Roberts. Since the filing of the case, Mr. Roberts has died, and Pruco has submitted the proceeds of the policy ($1,001,086.53) into the Registry of the Court.

Three parties remain in the case, Life Advance, LLC, Mickey Nicholson and Jason Voelker, and all claim to have an interest in the policy proceeds. Life Advance currently has pending claims for declaratory relief and interference with contract against Nicholson and Voelker, and Nicholson and Voelker currently have pending claims against Life Advance for declaratory relief, conversion, negligence, inducing breach of contract, intentional interference with prospective economic advantage and negligent interference with prospective economic advantage.

## II.
## DISCUSSION

In the present motion, Nicholson and Voelker, who are both proceeding *pro se*, request leave to file a joint amended answer and complaint against Life Advance to add claims for rescission, constructive trust and equitable lien.[2] Federal Rule of Civil Procedure 15 provides that leave to amend a party's pleading "shall be freely given when

---

[1] Life Advance's motions for summary judgment against Nicholson and Voelker on its cross- and third-party claims is also pending before the Court. The Court will address those motions in a separate order.

[2] It appears Nicholson and Voelker have already filed the proposed amendment, (*see* ECF No. 100), but without the Court's permission.

2

justice so requires." Fed. R. Civ. P. 15(a). In accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, the Ninth Circuit has stated "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Here, Life Advance does not argue it would be prejudiced if leave to amend is granted. Instead, it argues Nicholson and Voelker unduly delayed in filing the present motion and are acting in bad faith, and that the proposed amendments are futile.[3]

"Undue delay" may be found in two circumstances. The first occurs when a proposed amendment would cause an "undue delay" in the litigation. *Stambanis v. Tbwa Worldwide, Inc.*, No. 219CV3962ODWJEMX, 2020 WL 4060171, at *2 (C.D. Cal. July 20, 2020) (quoting *Jackson v. Bank of Hawaii*, 902 F.3d 1385, 1387 (9th Cir. 1990)). The

---

[3] Life Advance also argues the present motion was untimely filed and fails to comply with Civil Local Rule 15.1(b). Life Advance is correct that the motion is untimely as the deadline to file motions to amend the pleadings was May 31, 2020, but the present motion was not filed until June 1, 2020. Life Advance is also correct that the motion fails to comply with Civil Local Rule 15.1(b). Given Nicholson and Voelker's *pro se* status, and that the motion was filed only one day after the deadline, the Court declines to deny the motion on these bases. Nicholson and Voelker are reminded, however, of their obligation to comply with Court deadlines and the Local Rules notwithstanding their *pro se* status.

second arises when the moving party unduly delayed in requesting the amendment. *Id.*

Here, Life Advance does not argue that Nicholson and Voelker's proposed amendment would unduly delay the litigation. However, if the amendment were allowed, delay would be likely. Under the current scheduling order, all fact discovery must be completed by September 14, 2020, and it is unclear whether the parties could meet that deadline. Extending that deadline could also necessitate an extension of all other dates, and delay the ultimate resolution of this case, which has now been pending in this Court for nearly two years.[4] Accordingly, granting the present motion could cause an undue delay in the litigation.

That delay is particularly undue here, where Nicholson and Voelker fail to explain exactly when they learned of the facts underlying their proposed amendment. Although Nicholson submitted a Declaration in which he states repeatedly that he has "now learned" or "recently learned" of certain facts, (*see* Decl. of Mickey Nicholson in Supp. of Mot. ¶¶16, 24), he failed to provide any specifics as to when he became aware of the information underlying his proposed amendments. Nicholson also fails to explain why he could not have discovered these facts earlier. Thus, the undue delay factor weighs against allowing the amendment. Because undue delay, alone, "'is insufficient to justify denying a motion to amend[,]'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999)), the Court proceeds to the other factors.

The next factor is bad faith, and here, Life Advance argues that Nicholson and Voelker have thus far failed to provide any evidence to support their claims, which is evidence of bad faith. However, the Court disagrees. Nicholson and Voelker have provided evidence in the form of their own sworn testimony. Contrary to Life Advance's

---

[4] It bears mention that the filing of this case was not the beginning of the dispute over the subject Policy. That dispute began nearly two years before the filing of this case, thus creating a further delay.

4

suggestion, there is no evidence of bad faith on the part of Nicholson or Voelker. Accordingly, this factor weighs in favor of allowing the amendment.

The final factor at issue here, and the focus of Life Advance's opposition, is futility. Specifically, Life Advance argues there is no merit to the claims proposed in the amendment, therefore the motion should be denied. "A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits." *Cooper v. Premera Blue Cross*, No. C06-1466RSL, 2008 WL 324264, at *1 (W.D. Wash. Feb. 5, 2008).

The first claim in Nicholson and Voelker's proposed amendment is rescission. (*See* ECF No. 152 ¶¶114-18.) Unfortunately, Nicholson and Voelker do not identify which transaction(s) they are seeking to rescind. Regardless, they do not appear to be parties to any of the alleged transactions concerning the chain of title for the Policy. Absent party status, they have no right to rescind any of the alleged transactions. *Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 959, 23 Cal. Rptr. 3d 233, 240 (2005) (stating rescission rights limited to contracting parties).

The next claim in the proposed amendment is for a constructive trust. To prevail on this claim, Nicholson and Voelker must satisfy the following three conditions: "(1) the existence of a res (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990, 41 Cal. Rptr. 2d 618 (1995) (citations omitted). Life Advance argues there is no evidence that it wrongfully acquired the Policy, which dooms this claim. However, Nicholson and Voelker have alleged, and have maintained throughout this case, that Life Advance is not the rightful owner or beneficiary of the Policy, and that it acquired the Policy through wrongful means. Whether the evidence bears that out remains to be seen, but based on the facts alleged, this proposed amendment is not futile.

The same can be said for the proposed claim for an equitable lien, which the Court has already held may be a meritorious defense to certain of the claims in this case. (*See*

ECF No. 100) (granting John Walsh's motion to set aside default).  Thus, although the rescission claim appears to be futile, Life Advance has not shown that the other two claims in the proposed amendment meet that definition.  Accordingly, this factor also weighs in favor of allowing the amendment.

### III.
### CONCLUSION AND ORDER

Although Nicholson and Voelker delayed filing the present motion and there is a possibility that allowing the proposed amendment will delay the case, undue delay, alone, is not enough to deny the present motion.  Because the other factors weigh in favor of allowing the amendment, the Court grants the present motion for leave to amend.  Nicholson and Voelker's Joint Amended Answer and Cross-Claims filed at ECF No. 152 is hereby accepted for filing.

**IT IS SO ORDERED**.

Dated:  July 29, 2020

Hon. Dana M. Sabraw
United States District Judge