1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

PRUCO LIFE INSURANCE
COMPANY, an Arizona Corporation,

12

Plaintiff,

13

v.

14

CALIFORNIA ENERGY
DEVELOPMENT, INC., a dissolved
California Corporation, TIMOTHY
BRYSON, an individual, MICKEY
NICHOLSON, an individual, JOHN J.
WALSH, an individual, EDWARD
SPOONER, trustee of the LIVING
TRUST OF EDWARD SPOONER, LIFE
ADVANCE, LLC, a Nevada corporation,
DOES 1-10,,

15
16
17
18
19
20
21
22

Defendants.

23
24

AND ALL RELATED CROSS CLAIMS
AND THIRD PARTY CLAIMS.

Case No.:  18cv2280 DMS (AHG)

**ORDER GRANTING IN PART AND
DENYING IN PART LIFE
ADVANCE, LLC'S MOTION TO
DISMISS CROSS AND THIRD-
PARTY CLAIMS OF MICKEY
NICHOLSON AND JASON
VOELKER**

25
26

    This case returns to the Court on Life Advance, LLC's motion to dismiss the Cross

27

and Third-Party Claims of Mickey Nicholson and Jason Voelker.  Nicholson and Voelker

28

filed an opposition to the motion, and Life Advance filed a reply.[1]   For the reasons discussed below, the motion is granted in part and denied in part.

# I.

# DISCUSSION

Nicholson and Voelker each have seven claims pending against Life Advance:  (1) declaratory relief, (2) rescission of transfer, (3) equitable lien, (4) inducing breach of contract, (5) intentional interference with prospective economic advantage, (6) negligent interference with prospective economic advantage, and (7) constructive trust.  Nicholson and Voelker do not oppose Life Advance's request to dismiss their rescission claims.  The Court addresses the remaining claims below.

## A.   Legal Standard

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions.  To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are

---

[1]  After the motion was submitted, Nicholson and Voelker filed a motion for leave to file a surreply brief, to which Life Advance filed an opposition and Nicholson and Voelker filed a reply.  The Court finds the surreply unnecessary to the resolution of the present motion, and therefore denies the request to allow that filing.

2

not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

In this case, the Court approaches its task of deciding the motion to dismiss while keeping in mind the admonition from the Supreme Court that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)) (internal citations omitted). That Nicholson and Voelker are proceeding *pro se* does not relieve Life Advance of its burden to show that dismissal is appropriate. *See Abbey v. Hawaii Employers Mutual Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL 4273111,at *4 (D. Hawaii Oct. 22, 2010) (stating that although *pro se* complaint "is not a model of clarity," defendant bears burden of persuading court that dismissal is warranted). Furthermore, "a motion to dismiss is not the appropriate procedural vehicle to test the merits of Plaintiff's FAC and the claims asserted therein." *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Rather, on a motion to dismiss the Court's review is limited to determining whether the factual allegations in the complaint state a plausible claim for relief.

**B.   Standing**

Before turning to the individual claims, the Court first addresses Life Advance's argument that Nicholson and Voelker lack standing. Life Advance raises a number of arguments here. First, it argues Nicholson and Voelker lack standing because they claim to be owners or equity stake holders of California Energy Development Company, not California Energy Development, Inc. Nicholson and Voelker explain this was merely a "scrivener's error[,]" (Opp'n at 2), which the Court accepts. Thus, this argument does not warrant dismissal for lack of standing.

Second, Life Advance argues Nicholson and Voelker lack standing because neither was a party to nor beneficiary of the Policy.  However, Life Advance fails to explain how that affects Nicholson or Voelker's standing to bring the particular claims asserted.  Its conclusory assertion, without any analysis of the particular claims asserted, is insufficient to warrant dismissal.

Third, Life Advance suggests that even if Nicholson and Voelker were shareholders of California Energy, their status as shareholders would be insufficient to confer standing. However, Nicholson and Voelker do not bring their claims solely as alleged shareholders. Rather, they appear to be alleging claims on their own behalves, as well.

To that extent, Life Advance argues that Nicholson and Voelker are unable to satisfy the causation element of the standing test.  Specifically, Life Advance asserts that any injuries suffered by Nicholson and Voelker were the result of actions taken by Roberts and Pruco.  However, Nicholson and Voelker allege that Life Advance was aware of concerns and potential problems with transfers of the Policy before the Policy was transferred, but proceeded with the transfer anyway.  (*See*, *e.g.*, Cross and Third-Party Claims ¶¶90-92, ECF No. 152.)  Based on those allegations, Life Advance is not entitled to dismissal of Nicholson and Voelker's claims based on a failure to prove the causation element of the standing test.  In sum, Life Advance is not entitled to dismissal of Nicholson and Voelker's claims on the ground they lack standing.

## C.    Equitable Lien

Turning to the individual claims, the first of those claims is for an equitable lien. This is not the first time the Court has addressed a claim for equitable lien in this case.  The issue first arose on John Walsh's motion to set aside his default on Life Advance's Cross Claim.  (*See* ECF No. 100.)  In granting that motion, the Court found Mr. Walsh could have an equitable lien on the Policy proceeds because he allegedly paid certain of the premiums on the Policy.  Nicholson and Voelker assert they, too, paid certain premiums on the Policy, and thus they have also stated a claim for equitable lien.  Life Advance disagrees.

As set out in the Court's order on Mr. Walsh's motion, a claim for equitable lien on policy proceeds may lie where the claimant has paid premiums on the policy.  Life Advance argues neither Nicholson nor Voelker did so, therefore their claims for equitable lien must be dismissed.  Whether Nicholson and Voelker actually paid any premiums, however, goes to the merits of their claims, not whether the claims have been properly pleaded.  In considering whether the claims have been properly pleaded, the Court looks only to the allegations of the Cross and Third-Party Claims.   There, Nicholson alleges that he "voluntarily paid the premiums" on the Policy.  (Cross and Third-Party Claims ¶121.)[2] There are no similar allegations as to Voelker, however,  Accordingly, the Court grants the motion to dismiss Voelker's claim for equitable lien, and denies the motion to dismiss Nicholson's claim for equitable lien.

**D.    Inducing Breach of Contract**

The next claim at issue is for inducing breach of contract.  The elements of this claim are: (1) that there was a contract between Nicholson and Voelker and a third party, (2) that Life Advance knew of the contract, (3) that Life Advance intended to cause the third party to breach the contract, (4) that Life Advance's conduct caused the third party to breach the contract, (5) that Nicholson and Voelker were harmed, and (6) that Life Advance's conduct was a substantial factor in causing Nicholson and Voelker's harm.  CACI 2200.  Life Advance argues Nicholson and Voelker have failed to allege sufficient facts to support these elements, therefore the claim should be dismissed.

---

[2] In defending against Life Advance's motion for summary judgment, Nicholson submitted evidence to support his allegation that he paid at least one of the Policy premiums.  (*See* ECF No. 151-2 at 37.)  Although the Court does not consider that evidence in ruling on the present motion, the Court notes that evidence, on its face, does not support Nicholson's allegation.  Rather, that check was paid from the account of Ameross, Inc.  (*Id.*)  Nicholson (and Voelker) are reminded of their obligations under Federal Rule of Civil Procedure 11 to ensure that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"  Fed. R. Civ. P.11(b)(3).

The Cross and Third-Party Claims allege there was a contract between Nicholson, Roberts and California Energy. (Cross and Third-Party Claims ¶123.) The subject matter and specifics of that contract are unclear. There is also an allegation of a contract "between Roberts, PRUCO, Nicholson, and California Energy Development Company in which a key-man policy was purchased for the benefit of the Company and shareholders of which Voelker is an equity holder by way of assignment." (*Id.* ¶124.) This allegation provides slightly more information about the subject matter of the contract, but is still short on specifics. It is also unclear whether these allegations are referring to the same contract or two different contracts. What does seem clear, from the Cross and Third-Party Claims and Nicholson and Voelker's opposition to the present motion, is that the contract or contracts at issue in this claim do not include the Policy. Aside from that, however, it is unclear exactly what contract Nicholson and Voelker are relying on. The Court agrees with Life Advance that there are insufficient factual allegations to support this claim, and thus it must be dismissed.

**E.    Interference with Economic Advantage Claims**

The next two claims allege intentional and negligent interference with prospective economic advantage. The elements of a claim for intentional interference are: (1) Nicholson and Voelker were in an economic relationship with a third party that probably would have resulted in economic benefit to them, (2) Life Advance knew of that relationship, (3) Life Advance engaged in wrongful conduct, (4) by engaging in this conduct, Life Advance intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur, (5) the relationship was disrupted, (6) Nicholson and Voelker were harmed, and (7) Life Advance's conduct was a substantial factor in causing Nicholson and Voelker's harm. CACI 2202. The elements of a claim for negligent interference are similar, with adjustments to the state of mind requirement and the conduct requirement. *See* CACI 2204 (setting out "knew or should have known" requirement, and requirement that defendant "failed to act with reasonable care[.]") Life Advance argues the intentional interference claim should be dismissed

because it did not engage in any wrongful conduct, and that the negligent interference claim should be dismissed because Life Advance owed no duty to Nicholson and Voelker.

The Court agrees these claims should be dismissed, but not for the reasons set forth by Life Advance.  Rather, the claims are subject to dismissal because Nicholson and Voelker do not allege that they were in an economic relationship with a third party that inured to their benefit.  Rather, the economic relationship that appears to serve as the basis for these claims is the economic relationship between California Energy and Pruco.  (Cross and Third-Party Claim ¶131) ("There was an economic relationship between California Energy Development Company and PRUCO which was meant to benefit California Energy Development and its shareholders, including Nicholson and Voelker in the event of Jim Robert's Death.")  Because that relationship did not involve Nicholson or Voelker personally, the first element of the claims is not satisfied, and therefore the claims must be dismissed.[3]

## F.     Constructive Trust

The final claim at issue here is for constructive trust.  To prevail on this claim, Nicholson and Voelker must satisfy the following three conditions:  "(1) the existence of a res (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it."  *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990, 41 Cal. Rptr. 2d 618 (1995) (citations omitted).

Life Advance argues this claim should be dismissed because Nicholson and Voelker have failed to establish they have any right to the Policy proceeds or that Life Advance acquired the Policy through wrongful means.  As with certain of Life Advance's other arguments, however, these arguments go to the merits of the claim, not whether the

---

[3] To the extent Nicholson and Voelker base these claims on their alleged status as third party beneficiaries of the economic relationship between California Energy and Pruco, they have failed to cite any legal authority to support such a theory.

claim has been properly pleaded, which is the issue in the present motion.  Absent a showing that the claim is not properly pleaded, Life Advance's motion to dismiss this claim is denied.

## II.

## CONCLUSION AND ORDER

For the reasons set out above, Life Advance's motion to dismiss the Cross and Third-Party Claims of Nicholson and Voelker is granted in part and denied in part. Specifically, the Court grants the motion to dismiss the claims for rescission, Voelker's claim for equitable lien, the claims for inducing breach of contract, intentional interference with prospective economic advantage and negligent interference with prospective economic advantage.  The motion is denied as to Nicholson's claim for equitable lien and the claims for constructive trust.  The Court also reject Life Advance's argument that Nicholson and Voelker lack standing.

Although Life Advance requests that the Court dismiss Nicholson and Voelker's claims without further leave to amend, the Court declines to do so.  Instead, the Court grants Nicholson and Voelker leave to amend their claims to cure the pleading deficiencies set out above.[4]  If Nicholson and Voelker choose to amend their claims, they shall file their amended pleading on or before **December 18, 2020**.

**IT IS SO ORDERED**.

Dated:  December 8, 2020

Hon. Dana M. Sabraw
United States District Judge

---

[4]  There is one exception to the grant of leave to amend:  The rescission claim.  Because Nicholson and Voelker did not oppose the request to dismiss that claim, that claim is dismissed with prejudice and without leave to amend.

8