UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT, INC., a dissolved California Corporation, TIMOTHY BRYSON, an individual, MICKEY NICHOLSON, an individual, JOHN J. WALSH, an individual, EDWARD SPOONER, trustee of the LIVING TRUST OF EDWARD SPOONER, LIFE ADVANCE, LLC, a Nevada corporation, DOES 1-10,,<br><br>Defendants. | Case No.: 18cv2280 DMS (AHG)<br><br>**ORDER GRANTING CALIFORNIA ENERGY DEVELOPMENT, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULTS** |
| AND ALL RELATED CROSS CLAIMS AND THIRD PARTY CLAIMS. | |

This case comes before the Court on California Energy Development, Inc.'s motion to set aside the defaults entered on its behalf on Pruco's Complaint and Life Advance's Crossclaim. Mickey Nicholson and Jason Voelker filed a joint statement of non-opposition

1

to California Energy's motion, Life Advance filed an opposition to the motion, and California Energy filed a reply. For the reasons set out below, the motion is granted.

## I.

## DISCUSSION

California Energy asks this Court to set aside its defaults pursuant to Federal Rule of Civil Procedure 55(c). This Rule states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The good cause analysis under Rules 55(c) and 60(b) "considers three factors: '(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff].'" *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000)). The defendant bears "the burden of showing that any of these factors favor[s] setting aside the default." *Id.* at 926.

Here, California Energy asserts that each of the factors warrants setting aside its defaults. The first factor is culpable conduct. The Ninth Circuit has held "that the defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989). *See also Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 690 (9th Cir. 1988); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (same). In this case, it is unclear whether California Energy was properly served with Life Advance's Crossclaim. The proof of service states the Crossclaim was served on Timothy Bryson at his personal address, (*see* ECF No. 20 at 2), but at the time of service (February 8, 2019), Bryson was not California Energy's agent for service of process. Rather, James Roberts was the last person to be identified as the agent for service of process on California Energy. *See* July 19, 2016 Statement of Information filed by California Energy with the California Secretary

of State. In light of this record, the first factor, culpable conduct, weighs in favor of setting aside the defaults.

On the second factor, California Energy has made a sufficient showing that it has a meritorious defense to Life Advance's Crossclaim. Specifically, California Energy, like Nicholson and Voelker, alleges that Life Advance was not a bona fide purchaser of the Pruco Policy. Thus, this factor also weighs in favor of setting aside the defaults.

The third and final factor is prejudice, and here, California Energy asserts Life Advance will not suffer any prejudice if the defaults are set aside. Specifically, California Energy states its defense to Life Advance's Crossclaim is the same as that alleged by Nicholson and Voelker, and that it will use discovery taken on their defense to support its own defense in this case. Life Advance does not address that argument, or otherwise show how it would be prejudiced if California Energy's default is set aside. Accordingly, this factor also weighs in favor of setting aside the defaults.

## II.
## CONCLUSION

Considering the factors set out above, the Court grants California Energy's motion to set aside its defaults.

**IT IS SO ORDERED**.

Dated: December 21, 2020

Hon. Dana M. Sabraw
United States District Judge