UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>                           Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT INC., *et al.*,<br><br>                         Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No.:  3:18-cv-02280-DMS-AHG<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) DISMISSING PROCEEDINGS RELATED TO LIFE ADVANCE, LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [ECF No. 191] and**<br><br>**(2) DISMISSING PROCEEDINGS RELATED TO MOTION OF JOHN WALSH FOR ORDER TO SHOW CAUSE [ECF No. 215]** |

Before the Court are (1) Life Advance, LLC's ("Life Advance") Motion to Enforce Settlement Agreement, for Injunctive Relief and Award of Attorney's Fees and (2) the Motion of John Walsh for Order to Show Cause Why Life Advance, Craig Stack and Russell De Phillips Should Not be Held in Contempt; or Alternatively an Injunction to Prevent Further Harassment. ECF Nos. 191, 215. For the reasons set forth below, the Court recommends that the proceedings related to both motions be dismissed for lack of jurisdiction.

I.   BACKGROUND

On March 5, 2020, the Court held an Early Neutral Evaluation ("ENE") in this interpleader action, at which time the case between Life Advance and John J. Walsh settled. ECF No. 125. The parties handwrote a settlement agreement at the ENE (ECF No. 191-2, Ex. A) and then entered into a more comprehensive written settlement agreement and mutual release ("Settlement Agreement") on May 18, 2020 (ECF No. 191-2, Ex. B). The Settlement Agreement, among other terms, included John Walsh's "acknowledg[ment] that Life Advance is the sole and absolute owner of the entire Policy and all of the proceeds of the Policy"[1] and provided that Life Advance would pay Mr. Walsh $50,000 within thirty days of his execution of the Settlement Agreement in exchange for Mr. Walsh assigning and transferring to Life Advance "any and all claims and rights Walsh has or may have against California Energy, Pruco and any other person or entity based upon the allegations made by Walsh in the Action."[2] Additionally, Mr. Walsh agreed to "cooperate with Life Advance in their prosecution of its claim to ownership of the Policy and the Policy proceeds

---

[1] The "Policy" is defined as "the Pruco Life Insurance Company ('Pruco') Term Elite life insurance Policy number L9 301 242 [], which insured the life of James Roberts." ECF No. 191-2, Ex. B ¶ 1.

[2] The "Action" referenced is the instant lawsuit, *Pruco Life Insurance Company v. California Energy Development, Inc., et al.*, Case No. 3:19-cv-2280-DMS-AHG. ECF No. 191-2, Ex. A ¶ 1.

in the Action, including but not limited to providing written declarations regarding Life Advance's ownership of all rights to the Policy and the Policy proceeds." *Id.* ¶¶ 4(A), 8.

On or about September 14, 2020, Life Advance sought Mr. Walsh's cooperation in the prosecution of its ownership claims. ECF No. 191-1 at 2; Decl. of Russell M. De Phillips, ECF No. 191-2 ¶ 6. A call was arranged between counsel for Life Advance and Mr. Walsh on October 6, 2020, but Life Advance asserts that Mr. Walsh refused to cooperate and hung up. *Id.* ¶ 7. After trying again (unsuccessfully) to obtain Mr. Walsh's cooperation, Mr. De Phillips, who is counsel for Life Advance, notified this Court regarding the dispute. *Id.* ¶ 8. In response, the Court held a telephonic settlement conference on October 19, 2020. ECF No. 180. Mr. Walsh continued to assert his refusal to cooperate with Life Advance in the ways it requested, so the Court gave Life Advance a hearing date to file the instant motion.[3]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and when a suit is dismissed, subject matter jurisdiction terminates. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 381-81 (1994). "A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). Under certain circumstances, district courts may retain ancillary jurisdiction over a case in order to enable the court to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80. Where the parties to a settlement make their obligations to comply with the terms of the settlement agreement part of the dismissal order—"either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the

---

[3] In briefing this motion, Mr. Walsh filed an affidavit in response to Life Advance's reply brief. ECF No. 221. Life Advance then filed an objection to Mr. Walsh's affidavit. ECF No. 224. Because the Court did not authorize the filing of either of these supplemental briefs, the Court disregarded them in considering the motion.

settlement agreement in the order"—breach of the settlement agreement is a violation of the order, and ancillary jurisdiction to enforce the agreement exists. *Id.* at 381; *see also In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (explaining that if a district court's dismissal order does not explicitly retain jurisdiction or incorporate the settlement terms, "enforcement of the settlement agreement is for state courts"). A party also must allege a breach of the settlement agreement before a district court may exercise ancillary jurisdiction over a motion to enforce said agreement. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 975 F.3d 770, 775 (9th Cir. 2020).

## III. DISCUSSION

### A. Life Advance's Motion to Enforce the Settlement Agreement

As a threshold matter, the Court must evaluate whether it has subject matter jurisdiction over the instant dispute. Once an action has been dismissed, a proceeding to enforce a settlement agreement requires an independent basis for jurisdiction. *Kokkonen*, 511 U.S. at 378. If the district court expressly retains jurisdiction over the settlement agreement or incorporates the terms of the settlement agreement into the dismissal order, then the Court may exercise ancillary jurisdiction over a motion to enforce the agreement. *Id.* at 382. If not, the party seeking enforcement of the settlement agreement must look to the appropriate state court for resolution of their contract dispute. *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d at 549. Here, the handwritten settlement agreement drafted during the ENE states in paragraph 5 that "Magistrate Judge Goddard will resolve all disputes regarding the terms of the formal settlement agreement." ECF No. 191-2, Ex. A at 2. Likewise, the Settlement Agreement signed by Mr. Walsh on May 18, 2020, states in paragraph 4(G) (in the Recitals of Fact section) that "Magistrate Judge Allison H. Goddard will resolve all disputes between the Parties regarding the terms of the Settlement Agreement." ECF No. 191-2, Ex. B at 2. Paragraph 30 of the Settlement Agreement asserts that "[t]he sole and exclusive jurisdiction and venue to enforce or interpret this Agreement shall be in the United States District Court for the Southern District of California." *Id.*, Ex. B at 9. Thus, the parties' intention clearly was that this Court would retain jurisdiction over

the settlement. However, "the mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996).

The disposition of the case is what guides this Court's analysis. In Life Advance and Mr. Walsh's joint motion for an order dismissing Mr. Walsh, there is no reference to this Court retaining jurisdiction and the only mention of the settlement is the following: "[a]t the March 5, 2020 Early Neutral Evaluation Conference conducted by Magistrate Judge Allison H. Goddard, this case settled between Life Advance and Walsh, which settlement included, among other things, an agreement for the dismissal of Walsh as a party to this action, with Life Advance and Walsh each to bear their own attorney fees and costs with respect to each other." ECF No. 156 ¶ 5. District Judge Sabraw's order granting the joint motion also does not mention the retention of jurisdiction or the Settlement Agreement, stating only that the Second Amended Complaint of Pruco Life Insurance Company and the Crossclaim of Life Advance, LLC were dismissed against John J. Walsh and each party was to bear its own attorney fees and costs. ECF No. 157. Neither of these documents appears to satisfy the requirements of *Kokkonen*.

While the Court is sympathetic to the parties and was willing to resolve any disputes arising from the settlement agreement, the requirements of *Kokkonen* have been strictly construed and even this Court's willingness will not overcome the lack of reference to retention of jurisdiction in the dismissal order. In *Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995), the presiding judge stated:

> I will act as a czar with regard to the drafting of the settlement papers and the construction of this settlement and the execution of this settlement. And that means that if there is any dispute that is brought to me by counsel, I will decide the matter according to proceedings which I designate in the manner that I designate, and that decision will be final without any opportunity to appeal.

*Hagestad*, 49 F.3d at 1433. In a subsequent order, the judge stated, "[t]he parties further agreed that all questions relating to their rights and duties under the agreement would be determined exclusively by the undersigned." *Id.* Nonetheless, because the dismissal order

itself "neither expressly reserve[d] jurisdiction nor incorporate[d] the terms of the settlement agreement," the appellate court vacated the district court's order enforcing the settlement agreement and dismissed all enforcement proceedings. *Id.* (explaining that "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order").

Similarly, in *O'Connor v. Colvin*, the court supervised the settlement negotiations and the parties filed the settlement agreement with the court.[4] *O'Connor*, 70 F.3d at 532. The stipulation for dismissal of the case did not recite the terms of the settlement and the court's order appended to the bottom of the stipulation stated only:

> Based on the Settlement Agreement amongst the parties, this Stipulation for dismissal amongst the parties, and for good cause:
>
> IT IS HEREBY ORDERED that the Action including all cross-claims and counterclaims is dismissed in its entirety with prejudice.

*Id.* Though the plaintiff argued the court retained jurisdiction because the dismissal was "based on" the settlement agreement, the appellate court concluded that "an order 'based on' the settlement agreement, without more, does not 'embody the settlement contract,' and is insufficient to create ancillary jurisdiction." *Id.* (quoting *Kokkonen*, 511 U.S. at 381); *c.f. Kelly v. Wengler*, 822 F.3d 1085, 1091, 1095 (9th Cir. 2016) (finding ancillary jurisdiction existed where the stipulation for dismissal incorporated the settlement agreement, the settlement agreement was attached to the stipulation as an exhibit, and the district judge's order dismissing the case explicitly incorporated the parties' stipulation). The appellate court, therefore, vacated the district court's order compelling compliance with the settlement agreement for want of jurisdiction. *Id.* at 533.

In light of this precedent, the Court is compelled to find jurisdiction lacking in this

---

[4] There is no indication the settlement agreement contained an express reservation of jurisdiction. Instead, it appears to have required arbitration of any disputes. *O'Connor*, 70 F.3d at 531, 533.

case. Though the joint motion to dismiss mentions the settlement, it does not reference paragraph 4(G) regarding this Court resolving any disputes or paragraph 30, which asserts that this district court shall retain jurisdiction. Likewise, Judge Sabraw's order dismissing Mr. Walsh neither "embod[ies] the settlement contract" nor "retain[s] jurisdiction over the settlement contract." *Kokkonen*, 511 U.S. at 381–82. Absent such language, the Court cannot say that an action to enforce the settlement will vindicate Judge Sabraw's authority or effectuate his decrees. *See id.* at 379-80. Accordingly, the Court cannot exercise ancillary jurisdiction over Life Advance's motion to enforce the Settlement Agreement.[5] The Court, therefore, **RECOMMENDS** that the proceedings related to Life Advance's motion to enforce the Settlement Agreement be dismissed for lack of jurisdiction.[6]

### B. John Walsh's Motion for Order to Show Cause

On a related note, Mr. Walsh filed a motion asking the Court to issue an order to show cause as to why Life Advance, Craig Stack, and Russell De Phillips[7] should not be held in contempt. ECF No. 215. Alternatively, he seeks an injunction to prevent Life

---

[5] It also does not appear that any other basis for jurisdiction exists, and the parties have not claimed that it does. The Second Amended Complaint relies upon diversity of citizenship between the parties under 28 U.S.C. § 1332 and Life Advance's cross-claim relies on the jurisdictional basis asserted in the underlying litigation (via Rule 13). ECF Nos. 15, 102. Mr. Walsh is a resident and citizen of California and Life Advance is a Nevada limited liability company with its principal place of business in La Jolla, California, so these parties are not diverse.

[6] In its reply brief, Life Advance requests that, if the Court finds that it lacks jurisdiction, the Court continue the hearing to allow Life Advance to obtain an amended dismissal order. ECF No. 217 at 3-4. Mr. Walsh has not yet had a formal opportunity to respond to this request. If Life Advance seeks to amend the judgment, it should raise that request as an objection to this report and recommendation. This will allow Judge Sabraw an opportunity to review this Court's jurisdictional analysis before considering whether it is appropriate to amend the judgment, and give Mr. Walsh the opportunity to respond to any such request.

[7] Mr. Stack is the manager of Life Advance and, as previously noted, Mr. De Phillips is counsel for Life Advance.

Advance and these same individuals from harassing him. *Id.* Mr. Walsh contends that, after paying him $50,000 pursuant to the Settlement Agreement, Mr. Stack and Mr. De Phillips contacted him to ask him to sign declarations. *Id.* at 3. Mr. Walsh asserts that the declarations contained information that was blatantly false and were an attempt by Life Advance to suborn perjury by Mr. Walsh. *Id.* He further submits that he remains willing to comply with the Settlement Agreement, and has not refused to be deposed, accept a subpoena, respond to discovery, be called as a witness, or sign a declaration. *Id.* at 7. Mr. Walsh simply claims that he will not lie and so he asks the Court to enjoin Life Advance and its representatives from asking him to do so. *Id.* at 5, 8. Alternatively, he asks the Court to hold that the settlement is unenforceable. *Id.* at 8.

Here again, the relief sought pertains to interpretation and enforcement of the Settlement Agreement. "So far as the application of the *Kokkonen* principle is concerned, we find no relevant difference between a proceeding to enforce a settlement agreement and one to interpret it." *In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d at 550. As explained above, the Court lacks jurisdiction to enforce the settlement contract between the parties and thus, also lacks jurisdiction to interpret it. The Court, therefore, **RECOMMENDS** that the proceedings related to Mr. Walsh's motion be dismissed for lack of jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction to address (1) Life Advance's Motion to Enforce Settlement Agreement, for Injunctive Relief and Award of Attorney's Fees (ECF No. 191) and (2) the Motion of John Walsh for Order to Show Cause Why Life Advance, Craig Stack and Russell De Phillips Should Not be Held in Contempt; or Alternatively an Injunction to Prevent Further Harassment (ECF No. 215). The undersigned, therefore, **RECOMMENDS** that the district judge **DISMISS** the proceedings related to both motions.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **February 5, 2021**. The document should be captioned "Objections to Report and Recommendation."

1 **IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **February 19, 2021**.

**IT IS SO ORDERED.**

Dated: January 22, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge