UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT, INC., a dissolved California Corporation, TIMOTHY BRYSON, an individual, MICKEY NICHOLSON, an individual, JOHN J. WALSH, an individual, EDWARD SPOONER, trustee of the LIVING TRUST OF EDWARD SPOONER, LIFE ADVANCE, LLC, a Nevada corporation, DOES 1-10,,<br><br>Defendants.<br><br>AND ALL RELATED CROSS CLAIMS AND THIRD PARTY CLAIMS. | Case No.: 18cv2280 DMS (AHG)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART LIFE ADVANCE, LLC'S MOTION TO STRIKE PORTIONS OF JOINT SECOND AMENDED CROSS-COMPLAINT OF MICKEY NICHOLSON AND JASON VOELKER AND (2) DENYING AS MOOT MOTION TO DISMISS** |

This case comes before the Court on Life Advance, LLC's motion to strike and dismiss portions of Mickey Nicholson and Jason Voelker's Joint Second Amended Cross-

Complaint.  Nicholson and Voelker filed an opposition to the motion, and Life Advance filed a reply.

The Joint Second Amended Cross-Complaint was filed in accordance with this Court's December 8, 2020 Order Granting in Part and Denying in Part Life Advance's motion to dismiss the Cross and Third-Party Claims of Nicholson and Voelker.  In that Order, the Court granted Life Advance's motion to dismiss Nicholson and Voelker's claims for rescission of transfer, inducing breach of contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and Voelker's claim for equitable lien.  The rescission claim was dismissed with prejudice and without leave to amend, and Nicholson and Voelker did not reallege that claim in their Joint Second Amended Cross-Complaint.  The Court granted Nicholson and Voelker leave to amend the other claims "to cure the pleading deficiencies set out" in the Order, (ECF No. 208 at 8), but Nicholson and Voelker did not reallege their claim for inducing breach of contract or their claim for equitable lien on behalf of Voelker.  They did, however, allege a claim for equitable lien "for the benefit of" California Energy Development, Inc. ("CEDI"), claims for intentional and negligent interference with prospective economic advantage "for the benefit of CEDI," and alleged a new claim for conversion.  Nicholson and Voelker also amended their claims for declaratory relief and constructive trust even though those claims survived Life Advance's previous motion to dismiss.

Life Advance now moves to strike certain of these amendments.  Specifically, it argues the Court did not grant Nicholson and Voelker leave to add derivative claims, the claim for conversion or to request punitive damages.  On the derivative claims, the Court agrees with Life Advance that Nicholson and Voelker were not granted leave to amend to add these claims.  Nicholson and Voelker were also not granted leave to add a claim for

///
///
///

conversion. Therefore, these amendments are stricken.[1] Any amendments to the declaratory relief claim and the claim for constructive trust are also stricken, as those claims survived Life Advance's previous motion to dismiss. On the issue of punitive damages, Life Advance's motion to strike is denied, as Nicholson and Voelker requested punitive damages in their first amended cross and third-party claims and Life Advance did not move to strike that request in its previous motion. The request for punitive damages is, therefore, not outside the leave granted by the Court's previous order.

In light of these rulings, the Court denies as moot Life Advance's motion to dismiss the claims for conversion and intentional and negligent interference with prospective economic advantage.

**IT IS SO ORDERED**.

Dated: March 19, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Nicholson and Voelker assert they should be allowed to plead their conversion claim because, although it was not asserted in their first amended cross and third-party claims, it was asserted in their original claims against Life Advance. An opposition to a motion to strike, however, is not the proper vehicle for raising this request. If Nicholson and Voelker wanted to amend their pleadings to add this claim, they should have filed a motion for leave to amend. Because they did not do so, the Court declines to allow this amendment.