UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT, INC., a dissolved California Corporation, TIMOTHY BRYSON, an individual, MICKEY NICHOLSON, an individual, JOHN J. WALSH, an individual, EDWARD SPOONER, trustee of the LIVING TRUST OF EDWARD SPOONER, LIFE ADVANCE, LLC, a Nevada corporation, DOES 1-10,,<br><br>         Defendants.<br><br>AND ALL RELATED CROSS CLAIMS AND THIRD PARTY CLAIMS. | Case No.: 18cv2280 DMS (AHG)<br><br>**ORDER GRANTING LIFE ADVANCE'S MOTION TO ALTER OR AMEND ORDER GRANTING JOINT MOTION FOR ORDER DISMISSING JOHN J. WALSH AS DEFENDANT AND CROSS-DEFENDANT** |

  This case comes before the Court on Life Advance, LLC's motion to alter or amend the Order dismissing John Walsh from this case. (*See* ECF No. 157.) Life Advance requests that the Order be amended to include a retention of jurisdiction provision

consistent with the parties' settlement agreement. Mr. Walsh filed an opposition to the motion, and Life Advance filed a reply.

Life Advance relies on Federal Rules of Civil Procedure 60(a), 60(b)(1) and 60(b)(6) in support of its motion. Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(b)(1) provides that a court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect[,]" Fed. R. Civ. P. 60(b)(1), and Rule 60(b)(6) provides for relief from a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Here, Life Advance argues its counsel made a mistake in failing to include a provision in the proposed order on the joint motion for dismissal that would have allowed the Court to retain jurisdiction over the claims between Life Advance and Mr. Walsh and to enforce their settlement agreement. (Decl. of Russell M. DePhillips in Supp. of Mot. ¶9.) In deciding whether this explanation warrants relief under Rule 60(b)(1), the Court considers the following four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

In his opposition to the present motion, Mr. Walsh does not state he would be prejudiced if the Court were to alter or amend the dismissal order. Perhaps this is because the relief requested is consistent with the parties' handwritten settlement agreement and the formal settlement agreement, both of which state that Judge Goddard would resolve any disputes arising out of the parties' settlement agreement. The formal settlement agreement also identifies this Court as the exclusive jurisdiction for resolving any such disputes. In light of these facts, there is no danger of prejudice to Mr. Walsh. Thus, this factor weighs in favor of granting the motion.

As for delay, that factor also weighs in favor of granting the motion. It appears Life Advance filed the present motion in response to Judge Goddard's well-reasoned

1   Report and Recommendation ("R&R"), which recommends the Court decline to resolve
2   the parties dispute over the settlement agreement for lack of jurisdiction. (*See* ECF No.
3   225.) The R&R was issued on January 22, 2021, and the present motion was filed two
4   weeks later on February 5, 2021. Any delay in filing was reasonable, and it is unlikely to
5   have any significant impact on these proceedings.
6       Life Advance fails to address factor three, but given the short delay in filing the
7   present motion, and the record on file in this case, the Court finds that factors also weighs
8   in favor of granting the motion.
9       The fourth and final factor looks to whether Life Advance is acting in good faith.
10  Mr. Walsh suggests Life Advance is acting in bad faith, and that it made a tactical decision
11  not to include the retention provision in the proposed order because it wanted to keep the
12  terms of the settlement agreement confidential. However, Mr. Walsh provides no
13  evidence to support that assertion. Furthermore, even if Life Advance at one point wanted
14  to keep the settlement confidential, it has apparently changed its mind, as both the
15  handwritten settlement agreement and the formal settlement agreement were filed as
16  exhibits to the present motion. Therefore, the Court rejects Mr. Walsh's suggestion that
17  Life Advance is acting in bad faith. Rather, the Court finds Life Advance is acting in
18  good faith, and consistent with the parties' settlement agreement.
19      Considering all of the factors set out above, the Court grants Life Advance's motion
20  to alter or amend the dismissal order to include a provision specifying that the Court shall
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

retain jurisdiction over the settlement agreement between Life Advance and Mr. Walsh, and that any disputes arising out of that settlement agreement shall be fully and finally resolved by Judge Goddard.[1]

**IT IS SO ORDERED**.

Dated:  March 25, 2021

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] With this ruling, the Court finds Judge Goddard's R&R moot, and refers the parties to Judge Goddard to resolve any remaining disputes concerning the settlement agreement.