UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>                        Plaintiff,<br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT INC., *et al.*,<br><br>                       Defendants. | Case No.: 3:18-cv-02280-DMS-AHG<br><br>**ORDER SETTING DEADLINE FOR ADDITIONAL PRODUCTION OF OUTSTANDING DISCOVERY** |

On June 24, 2021, the Court issued an Order (1) Setting Deadlines Regarding Outstanding Discovery; and (2) Setting Additional Case Management Conference. ECF No. 265. In pertinent part, the Court's Order set a deadline of July 1, 2021 for (1) Mickey Nicholson and Jason Voelker to respond to Life Advance, LLC's ("Life Advance") outstanding Special Interrogatories; (2) Mickey Nicholson to respond to Life Advance's Request for Production of Documents (Set Two) and produce responsive documents; and (3) Mickey Nicholson to respond to Life Advance's Request for Production of Documents accompanying its deposition notice and produce responsive documents. *Id.* at 2. Life Advance was required to notify the Court of any issues regarding the production by July 8, 2021. *Id.*

Life Advance has brought the following issues to the Court's attention:

(1) The Special Interrogatory responses served by Mr. Voelker and Mr. Nicholson on July 1, 2021 were each designated as "Second Response," but to date, Life Advance has never received the written responses to its Special Interrogatories that Mr. Nicholson and Mr. Voelker claimed were previously sent by mail on January 13, 2021.

(2) Mr. Voelker did not date the verification of his responses to Life Advance's Special Interrogatories.

(3) Mr. Nicholson did not sign or date the verification of his responses to Life Advance's Special Interrogatories, and the unsigned verification references Jason Voelker's responses rather than his own.

(4) The third page of Mr. Voelker's response to Life Advance's Special Interrogatories was poorly scanned and is illegible.

(5) Mr. Nicholson and Mr. Voelker did not attach proofs of service to their written responses.

(6) Mr. Nicholson did not respond to Life Advance's Request for Production of Documents (Set Two) or produce responsive documents.

(7) Mr. Nicholson did not respond to Life Advance's Request for Production of Documents accompanying its deposition notice or produce responsive documents.[1]

Life Advance requests that the Court enter an order requiring Mr. Nicholson and Mr. Voelker to produce the written responses they claimed were sent by standard mail, with proofs of service. Life Advance further requests that it be awarded sanctions or leave to

---

[1] Counsel for Life Advance noted that Mr. Voelker sent him an email on July 1, 2021, purportedly on behalf of Mr. Nicholson, asking for an extension until July 5, 2021. However, as of July 8, 2021, Life Advance had still received no responses from Mr. Nicholson to either of its Requests for Production.

file a motion for sanctions.

The Court agrees that Mr. Nicholson and Mr. Voelker's discovery conduct is unacceptable. Both parties have defied the Court's June 24 Order. The Court notes that willful disobedience of a court order is grounds for the Court to impose sanctions, including fee-shifting sanctions, pursuant to its inherent authority and even without a motion by Life Advance. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 776 (1980)). *See also Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (noting that a "court's inherent power to impose attorney's fees as a sanction [is limited] to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders."). Bad faith can be established "by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" *Id*. (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)); CivLR 83.1(a) ("Failure of counsel or of any party to comply with . . . any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions").

The Case Management Conference ("CMC") is set for **July 16, 2021 at 11:00 a.m.** The Court **ORDERS** the following to take place **before the CMC**:[2]

(1) Mickey Nicholson is **ORDERED** to respond to Life Advance's Request for Production of Documents (Set Two) and to produce all responsive documents.

(2) Mickey Nicholson is **ORDERED** to respond to Life Advance's Request for Production of Documents accompanying its deposition notice and to produce all responsive documents.

(3) Jason Voelker and Mickey Nicholson are **ORDERED** to provide signed

---

[2] Because this Order sets a short deadline, the Court will provide a courtesy copy of the Order to *pro se* parties Mr. Nicholson and Mr. Voelker by email.

declarations to counsel for Life Advance stating whether they *ever* sent any earlier responses to Life Advance's Special Interrogatories, prior to providing the responses designated as "Second Response" on July 1, 2021. If such "First Responses" do indeed exist, Mr. Voelker and Mr. Nicholson are **ORDERED** to produce them to Life Advance before the CMC, along with proofs of service showing when they were previously provided. If they do not exist, Mr. Voelker and Mr. Nicholson are **ORDERED** to state that fact in signed declarations.

(4) Jason Voelker and Mickey Nicholson are **ORDERED** to provide proofs of service for the written responses they served on Life Advance on July 1, 2021, and they must also attach proofs of service to all additional responses and responsive documents served on Life Advance pursuant to this Order.

(5) Jason Voelker and Mickey Nicholson are **ORDERED** to amend their existing responses served on Life Advance on July 1, 2021 to address the problems identified herein—i.e., illegible pages, unsigned/undated verifications, and the reference to the wrong set of responses on Mr. Nicholson's verification—and to serve complete and verified responses on Life Advance.

Failure to comply with this Order will result in an Order to Show Cause why the non-compliant party should not face sanctions, including but not limited to fee-shifting sanctions.

**IT IS SO ORDERED.**

Dated: July 13, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge

4

3:18-cv-02280-DMS-AHG