# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT, INC., a dissolved California Corporation, TIMOTHY BRYSON, an individual, MICKEY NICHOLSON, an individual, JOHN J. WALSH, an individual, EDWARD SPOONER, trustee of the LIVING TRUST OF EDWARD SPOONER, LIFE ADVANCE, LLC, a Nevada corporation, DOES 1-10,,<br><br>Defendants.<br><br>AND ALL RELATED CROSS CLAIMS AND THIRD PARTY CLAIMS. | Case No.: 18cv2280 DMS (AHG)<br><br>**ORDER DENYING LIFE ADVANCE, LLC'S MOTION TO DISMISS CROSSCLAIM OF CALIFORNIA ENERGY DEVELOPMENT, INC. AND MOTION FOR A MORE DEFINITE STATEMENT** |

This case returns to the Court on Life Advance, LLC's motion to dismiss the Crossclaim filed by California Energy Development, Inc. ("CEDI"). CEDI filed an

opposition to the motion, and Life Advance filed a reply. For the reasons discussed below, the motion is denied.

# I.

# DISCUSSION

CEDI alleges eight claims in its Crossclaim: (1) declaratory relief, (2) slander of title, (3) intentional interference with contractual advantage, (4) negligent interference with prospective economic advantage, (5) conversion, (6) declaratory relief, (7) constructive trust, and (8) third party tort of another. Life Advance moves to dismiss all of these claims for lack of subject matter jurisdiction and failure to state a claim, and also moves for a more definite statement.[1]

**A.     Motion to Dismiss – Subject Matter Jurisdiction**

Life Advance's first argument in support of dismissal is that CEDI did not allege a basis for the Court's subject matter jurisdiction over the Crossclaim. This argument is not well taken. The Court clearly had subject matter jurisdiction over Pruco's original Complaint in this case under 28 U.S.C. § 2201. (*See* ECF No. 1 ¶1.) CEDI's Crossclaim arises out of the subject matter of Pruco's original Complaint and involves the same parties and issues. CEDI's Crossclaim is therefore ancillary to the original case, and "no independent basis of jurisdiction for the cross-claim … need be alleged or proved." *Glens Falls Indem. Co. v. U.S. ex rel. & to Use of Westinghouse Elec. Supply Co.*, 229 F.2d 370, 374 (9th Cir. 1955) (citations omitted). Accordingly, Life Advance's motion to dismiss for lack of subject matter jurisdiction is denied.

///

///

---

[1] The factual background of this case is set out in the Court's previous orders, in particular, the Court's order denying Life Advance's motion for summary judgment. (*See* ECF No. 168.) These facts are well-known to the parties and CEDI's Crossclaim alleges claims arising out of these well-known events.

**B.     Motion to Dismiss - Failure to State a Claim**

Next, Life Advance moves to dismiss CEDI's claims under Federal Rule of Civil Procedure 12(b)(6).  In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions.  To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680.  It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

1.     <u>Declaratory Relief</u>

In claims one and six, CEDI requests declaratory relief from the Court.  Specifically, CEDI seeks "a declaration that ROBERTS illegally converted the KEY-MAN POLICY when he transferred the ownership and beneficial interest in this policy from CEDI to himself[,]" (Crossclaim ¶93) (claim one), and "a declaration that purported transferees EDWARD SPOONER, trustee of the LIVING TRUST OF EDWARD SPOONER is an agent of ROBERTS; and Life Capital and LIFE ADVANCE are not bonafide purchasers of the KEY-MAN POLICY." (*Id.* ¶127) (claim six).  Life Advance argues these claims must be dismissed in light of the dismissal order in Pruco's 2017 case against CEDI, James Roberts, Timothy Bryson, and Eric Porter and Robin Simon (purported directors of the CEDI).  This argument (that CEDI's claims are barred by claim preclusion) is similar to

the collateral estoppel argument Life Advance raised in its motion for summary judgment against Mickey Nicholson and Jason Voelker. That argument failed on summary judgment, and Life Advance's argument here fails, as well.

As the party raising claim preclusion, Life Advance "'must carry the burden of establishing all necessary elements.'" *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)). Life Advance has not set out the elements of claim preclusion in its motion, much less shown that any of those elements are met here. Thus, this argument does not warrant dismissal of any of CEDI's claims.

### 2. Slander of Title

CEDI's second claim alleges slander of title. "To state a claim for slander of title, [CEDI] must allege '(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss.'" *Simmons First National Bank v. Lehman*, No. 13-cv-02876-DMR, 2015 WL 1503437, at *3 (N.D. Cal. Apr. 1, 2015) (quoting *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009)).

Life Advance argues this claim must be dismissed because CEDI failed to identify "who allegedly made false statements on behalf of Life Advance, to whom at Pruco the statements were allegedly made and when the statements were allegedly made." (Mem. of P. & A. in Supp. of Mot. at 13.) CEDI has alleged that Life Advance has an unfounded claim to an interest in property stolen by Roberts, and that was the cause of CEDI's pecuniary loss. That is sufficient to meet the notice pleading standard of Federal Rule of Civil Procedure 8(a). Life Advance's motion to dismiss this claim is denied.

### 3. Intentional Interference with Contractual Advantage

CEDI's third claim is for intentional interference with contractual relations. To state a claim for intentional interference with contractual relations, CEDI must plead:

> (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional

```
acts designed to induce a breach or disruption of the contractual relationship;
(4) actual breach or disruption of the contractual relationship; and (5) resulting
damage.
```

*Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004) (citing *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990)). Here, Life Advance appears to be focusing on the third element, and argues the claim should be dismissed because "there are no allegations regarding what the conduct was, who specifically engaged in what conduct and when the conduct took place." (Mem. of P. & A. in Supp. of Mot. at 14.)

As with the arguments on CEDI's slander of title claim, Life Advance fails to cite any authority to support its argument that CEDI must allege who engaged in the allegedly wrongful conduct or when that conduct took place. CEDI must allege an intentional act designed to induce a breach or disruption of the contractual relationship on the part of Life Advance, and to the extent Life Advance challenges that element, the Court rejects that challenge. CEDI has alleged Life Advance proceeded to purchase the Policy after learning that Roberts acquired the Policy through unlawful means. Those allegations are sufficient to withstand Life Advance's motion to dismiss.[2]

### 4. Constructive Trust

CEDI's sixth claim is for constructive trust. To prevail on this claim, CEDI must satisfy the following three conditions: "(1) the existence of a res (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990 (1995) (citations omitted).

Life Advance argues this claim should be dismissed because CEDI has failed to

---

[2] Life Advance raises similar arguments on CEDI's claims for negligent interference with prospective economic advantage, conversion, and third party tort of another, namely, that CEDI failed to allege the "who," "what," and "when" surrounding Life Advance's conduct. (*See id.* at 15, 16.) For the reasons set out above, the Court rejects those arguments as against these other claims, as well.

allege Life Advance's acquisition of the Policy was wrongful "given the court's prior ruling determining that Roberts was the owner of the Policy." (Mem. of P. & A. in Supp. of Mot. at 16.) However, Life Advance fails to cite which of the Court's prior rulings so held. To the extent Life Advance is relying on the dismissal order in Pruco's 2017 case, this Court has set out the problems with that order and thus far declined to give it preclusive effect. Thus, Life Advance is not entitled to dismissal of CEDI's claim for constructive trust.

## C.     Motion for More Definite Statement

Life Advance's final request here is for a more definite statement. Federal Rule of Civil Procedure 12(e) states: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion … must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computers, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994) (citing *In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (E.D. Pa. 1986)). "A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Id.* (citing *Van Dyke Ford, Inc. v. Ford*, 399 F.Supp. 277, 284 (E.D. Wis. 1975)). A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *Id.* (citing *Boxall v. Sequoia High School Dist.*, 464 F.Supp. 1104, 1113-14 (N.D. Cal. 1979)).

Life Advance's motion for a more definite statement repeats and realleges the arguments raised on the motion to dismiss. For the reasons set out above, the Court rejects those arguments here, as well. The Court also notes this case has been pending for nearly three years, and the parties' disputes began many years before this case was filed. Surely, after all that time, Life Advance knows what the parties' positions are and understands

what conduct is at issue here.  Accordingly, Life Advance's motion for a more definite statement is denied.

## II.

## CONCLUSION AND ORDER

For the reasons set out above, Life Advance's motion to dismiss CEDI's Crossclaim and motion for more definite statement is denied.

**IT IS SO ORDERED**.

Dated:  August 4, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court