UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PRUCO LIFE INSURANCE COMPANY,

Plaintiff,

v.

CALIFORNIA ENERGY DEVELOPMENT INC., *et al.*,

Defendants.

Case No.:  3:18-cv-02280-DMS-AHG

**ORDER DENYING MOTIONS FOR PROTECTIVE ORDER REGARDING THE DEPOSITIONS OF JASON VOELKER AND MICKEY NICHOLSON**

## I.    BACKGROUND

On October 18, 2021, the Court issued an Order Setting Firm Dates for Certain Outstanding Depositions. ECF No. 300. In that Order, the Court set firm dates for the depositions of several witnesses in the case, including parties Mickey Nicholson and Jason Voelker. *Id.* at 2. The Court specified that Mr. Voelker would be deposed both in his individual capacity and in his capacity as the 30(b)(6) representative of California Energy Development, Inc. ("CEDI"). *Id.* The Court further set a deadline of October 27, 2021 for any party who wished to request that his/its deposition take place outside the Southern District of California—without a stipulation to that effect by all parties—to "submit legal authority by email to the Court" in support. *Id.* at 3.

In response, counsel for CEDI submitted an informal motion seeking a protective order pursuant to Rule 26(c)(1), requesting that the deposition of Mr. Voelker be taken remotely or outside the Southern District of California. CEDI's motion is attached hereto as **Exhibit A**. Life Advance, LLC ("Life Advance") submitted a response in opposition to CEDI's request on October 28, 2021, also via email to the Court. Life Advance's Opposition to CEDI's motion is attached hereto as **Exhibit B**.

Additionally, Mickey Nicholson submitted an informal brief to the Court via email on October 27, 2021, requesting that his deposition be conducted remotely. Mr. Nicholson's informal motion is attached hereto as **Exhibit C**. The Court ordered Life Advance to lodge a response to Mr. Nicholson's request with Court via email by noon on October 29, 2021 (ECF No. 306), and Life Advance did so. Life Advance's Opposition to Mr. Nicholson's motion is attached hereto as **Exhibit D**.

During the same timeframe, on October 26, 2021, the Court scheduled a discovery conference for October 28, 2021 to discuss Pruco Life Insurance Company's ("Pruco") Motion to Quash Deposition Subpoena of Kelly D. Fair ("Motion to Quash"). ECF No. 304. Following the discussion of the Motion to Quash, the Court excused counsel for Pruco and allowed the remaining parties to be heard regarding the deposition-related disputes.

Having considered the parties' arguments during the hearing, as well as the briefs submitted informally to the Court regarding the deposition dispute, the Court **DENIES** the request that Mr. Voelker be deposed outside of the Southern District of California, and further **DENIES** the requests to allow Mr. Nicholson and Mr. Voelker to be deposed remotely. Both Mr. Nicholson and Mr. Voelker are **ORDERED** to appear for their depositions in person in the Southern District of California, as noticed, for the reasons that follow.

## II.    LEGAL STANDARD

Rule 30 of the Federal Rules of Civil Procedure sets forth the procedures for depositions. As a general rule, the deposition of a party may be set wherever the deposing party designates, subject to the power of the court to grant a protective order. *Lord v.*

*Flanagan*, No. 13cv26-BU-DLC-JCL, 2014 WL 51655, at *2 (D. Mont. Jan. 7, 2014); *see S.E.C. v. Banc de Binary*, No. 13cv993-RCJ-VCF, 2014 WL 1030862, at *3 (D. Nev. Mar. 14, 2014) (noting that Rule 30(b)(1) requires "'[a] party who wants to depose a person by oral questions [to] state the time and place of the deposition,'" and explaining that "[g]enerally, this means that the examining party may unilaterally choose a deposition's location"). "[T]he court has a wide discretion in selecting the place of examination." *Lord*, 2014 WL 51655, at *2 (quoting 8A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 (3d ed. 2010)); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) ("A district court has wide discretion to establish the time and place of depositions."). Under Rule 30, "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means," such as video conferencing. Fed. R. Civ. P. 30(b)(4); *see Banc de Binary*, 2014 WL 1030862, at *10 ('other remote means' includes videoconferencing).

Rule 26(c)(1), in turn, governs protective orders. A court may grant a protective order "'to regulate the terms, conditions, time or place of discovery.'" *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) (quoting *Pro Billiards Tour Ass'n, Inc. v R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 230 (M.D.N.C. 1999)). Under that rule, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). In order to make the requisite showing of good cause, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06cv408-WQH-AJB, 2007 WL 1120567, at *1–*2 (S.D. Cal. Mar. 22, 2007) ("To establish good cause, the moving party must make a clear showing of a particular and specific need for the order."). The court has broad discretion in deciding "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Phillips*, 307 F.3d at 1211–12.

### III. DISCUSSION

A. <u>CEDI's Motion for Protective Order regarding Mr. Voelker's Deposition</u>

The Court finds that CEDI has failed to meet the Rule 26(c)(1) "good cause" standard to warrant a protective order requiring Mr. Voelker's deposition to take place outside of the Southern District of California, or alternatively, that it take place remotely. Specifically, CEDI requests that the Court issue a protective order requiring Life Advance to take Mr. Voelker's deposition(s) in the Northern District of California, where Mr. Voelker resides and where CEDI has its principal place of business. In the alternative, CEDI requests that the Court allow Mr. Voelker's deposition to proceed remotely.

In its brief, CEDI argues that "the bar is set very low" to meet the good cause requirement of Rule 26 where the noticed location of the deposition is not in the district where the defendant lives or has its principal place of business. In support of this proposition, CEDI cites to *SEC v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017). However, the *Aly* case does not support CEDI's argument that the bar is "very low." Indeed, the case cuts against CEDI's argument in at least one significant way, because it explains that "[t]he presumption that a deposition should take place where a defendant resides is based in part on the assumption that the plaintiff exercised choice as to the forum of the lawsuit, ***and thus the presumption is weakest where the plaintiff was constrained to file suit in a particular forum.***" *Id.* (emphasis added). Here, not one of the three parties involved in the dispute—CEDI, Mr. Voelker, and Life Advance—is the plaintiff in this action. Instead, all three are interpleader defendants who were haled into Court by Plaintiff Pruco due to their competing claims to the policy proceeds at issue in this interpleader action. Therefore, as explained in the very case upon which CEDI relies, the presumption is not applicable where, as here, the party who noticed the deposition is not a plaintiff who chose the forum of the lawsuit.[1]

---

[1] The Court further notes that CEDI has not established that its principal place of business is not in this district. As Life Advance points out in its Opposition, records from the

A second reason the *Aly* case is inapposite is that the deponent there "declared under penalty of perjury that he has assets only of approximately $1,000," making travel from Pakistan to New York a "prohibitive burden to him." 320 F.R.D. at 118-19. Taking into account the deponent's minimal resources, as described in a sworn affidavit under penalty of perjury, the failure of the deposing party to refute the affidavit, and the fact that the deponent's passport had expired and he had no visa to enter the United States, the Court determined that it would be unduly burdensome to force the deponent to travel to New York or another country for his deposition. *Id.* at 119. However, even then, the Court did not require the deposing party to travel to the deponent's place of residence in Pakistan, instead ordering that the deposition take place remotely. *Id.* at 119-120.

CEDI has made no similar showing of undue burden here. Indeed, CEDI's counsel Benjamin Gale submitted his own estimates of his and Mr. Voelker's deposition-related expenses, totaling $2,250 (attached to Exhibit A). $1,500 of the anticipated expenses are reported as "Gale's lost hourly billings @ $375/hr x 4 hrs." Other reported expenses include $500 for air fare for Mr. Gale and Mr. Voelker, $150 for a rental car, and $100 for meals. Setting aside the unusual proposition that the Court should consider Mr. Gale's purported inability to bill CEDI for his travel to attend depositions in connection with this litigation, more significantly, CEDI has failed to show why such expenses are "undue." Notably, CEDI and Mr. Voelker are not only interpleader defendants in this action, but

---

California Secretary of State website continue to show that California Energy Development, Inc. is a dissolved corporation with its principal address at 8400 Miramar Road, San Diego, California, 92126. The Statement of Information for CEDI filed on July 19, 2016 lists the location of the principal executive office as San Diego. Additionally, minutes from the special meeting of the shareholders of CEDI held on September 29, 2020, when a new Board of Directors was elected, show that the meeting took place at 141 North Magnolia Avenue, El Cajon, CA, 92020, which is also located in this district. ECF No. 193-2. There is no evidence before the Court that the corporation has ever been incorporated or held its principal place of business in the San Francisco area, as Mr. Voelker now reports in his declaration submitted to the Court.

they have also each brought cross-claims against Life Advance. ECF No. 209, 240, 241. Maintaining and defending claims in a lawsuit will necessarily entail certain costs and expenses. The question under Rule 26(c)(1) is not whether there is *any* cost to travel to appear for a deposition noticed by an opposing party in litigation, but whether the burden of the cost is *undue*. CEDI and Mr. Voelker have failed to make such a showing here.

Additionally, the Court notes that the CEDI shareholder meeting minutes show that Mr. Voelker has traveled to this district in connection with CEDI business in the past. Mr. Voelker has also traveled to this district to attend the Early Neutral Evaluation Conference in this matter. ECF No. 125. And, as Life Advance points out in its opposition, CEDI chose to designate Mr. Voelker as its 30(b)(6) representative in this action. CEDI has thus failed to meet its burden of showing a "particular and specific need" for a protective order requiring that the deposition take place elsewhere or by remote means. *See WebSideStory*, 2007 WL 1120567, at *1-*2.

Moreover, the Court finds that the circumstances of this case demand that depositions take place in person. There is an exceedingly high level of distrust among all parties, as evidenced by the near-constant stream of accusations of bad faith and dishonest conduct the Court has faced from all sides. The credibility of the parties is also a key substantive issue in this case. For that reason, the Court is not inclined to permit key witnesses such as Mr. Voelker to appear by videoconference. *See, e.g.*, *Gersh v. Anglin*, No. CV-17-50-M-DCL-JCL, 2019 U.S. Dist. LEXIS 162473, at *4–*5 (D. Mont. Apr. 5, 2019) (denying request for defendant's deposition to proceed by videoconference, because "[a]s the named defendant, Anglin will also likely serve as a key witness and his credibility will presumably be a central issue. Plaintiff cites several cases recognizing that a deposition by remote means may be insufficient where, as here, the deponent is a key witness whose testimony and credibility are central to the case. [] This Court agrees that [p]laintiff would be prejudiced if Anglin is not required to appear for an in-person deposition."); *Natural-Immunogenics Corp. v. Newport Trial Grp.*, No. 15cv2034-JVS-JCGx, 2017 WL 10562990, at *6 (C.D. Cal. Aug. 14, 2017) (denying motion for protective order permitting

depositions to proceed by videoconference, in part because "the Quintos are key witnesses in this case. They are [plaintiff]'s principals; they decided to bring this litigation, and they have been actively involved in making litigation decisions, as their counsel have represented. Thus, it is fair to say that their testimony will be controversial, and the tenor of the interactions between the parties and counsel during the depositions may be tense. Videoconference depositions are not suitable for such controversial situations," since counsel would be unable to ascertain if anyone is listening in or coaching the witness); *see cf. Egan v. Royal Kona Resort*, No. 17-322-DKW-KJM, 2018 WL 1528779, at *2 (D. Haw. Mar. 28, 2018) ("Although the Court will always encourage parties to consider remote depositions—particularly if the depositions do not involve key witnesses—the Court agrees with Royal Kona's concerns about the practical limitations on such depositions. Here, where the depositions concern the named Plaintiffs who will be key trial witnesses, the Court agrees that forcing video or telephonic depositions would unfairly prejudice Royal Kona's case evaluation and preparation."); *United States v. Approximately $57,378 in U.S. Currency*, No. C-08-5023-MMC-BZ, 2010 U.S. Dist. LEXIS 121022, at *3–*4 (N.D. Cal. Oct. 27, 2010) (denying request for defendant's deposition to proceed by videoconference, because "a deposition by telephone or video conference would be prejudicial to the Government's case. This is primarily because the Government will use Sims' deposition to examine her credibility. To do this, the Government needs an in-person opportunity to observe Sims' demeanor, ask follow-up questions, and confront Sims with prior inconsistent statements she has made."); *Clinton v. Cal. Dep't of Corr.*, No. CIV-S-05-1600-LKK-CMK-P, 2008 WL 5068586, at *2 (E.D. Cal. Nov. 25, 2008) (declining to order remote deposition of plaintiff because a remote deposition would "place [defendant] at a disadvantage by not allowing defense counsel to adequately observe plaintiff's demeanor to prepare for trial").

### B.  Mr. Nicholson's Motion for Protective Order

Mr. Nicholson has also requested that his deposition proceed by remote means. *See* **Exhibit C** attached hereto.

Mr. Nicholson's request is driven by the fact that he is the sole caretaker for his mother, who suffers from a number of medical problems and is especially vulnerable to COVID-19. Mr. Nicholson is concerned about exposing his mother to COVID-19 and about being away from his mother in case of an emergency.

While the Court is more sympathetic to Mr. Nicholson's arguments regarding his request to have his deposition take place remotely, ultimately, the Court will deny the request for the same reasons explained above with respect to Mr. Voelker's deposition. Like Mr. Voelker, Mr. Nicholson is also a key witness in this case whose credibility is at issue, and who has brought affirmative cross-claims for relief against Life Advance. As Life Advance points out in its Opposition, "discovery and other proceedings in this case [have] been wrought with disputes and antagonistic, illegal activities" such that "[t]he potential for technology problems, sound problems and interruptions will only exacerbate those issues." As outlined in more detail in its discussion of Mr. Voelker's request above, the Court is further swayed by Life Advance's argument that "[e]xperienced litigation attorneys read body language and find ways to engage witnesses in ways that are not available in a virtual setting." *See also, e.g.*, *Approximately $57,378 in U.S. Currency*, 2010 U.S. Dist. LEXIS 121022, at *3–*4 (N.D. Cal. Oct. 27, 2010); *Johnson v. Sager*, No. C11-1117-RSM-JPD, 2012 WL 213471, at *2 (W.D. Wash. Jan. 24, 2012) (granting a remote deposition, but acknowledging that counsel's "inability to see defendants and to judge their personal demeanors constitutes an important consideration in the decision to permit a [remote] deposition, particularly because [the deposing party] contends that defendants have acted dishonestly and with discriminatory intent."); *Anguile v. Gerhart*, No. CIV.A 93-934 (HLS), 1993 WL 414665, at *3 (D.N.J. Oct. 7, 1993) ("[T]he court agrees with the defendant that counsel's ability to see the plaintiff and judge her demeanor is important in this case where the plaintiff is the key witness to most of the relevant facts . . . .")

The Court also agrees with Life Advance that the need to question Mr. Nicholson regarding many documents during the deposition also counsels in favor of an in-person deposition, as sorting through voluminous documents remotely is "time consuming and

difficult." Further, Mr. Voelker's place of residence is in El Cajon, California, which is only 31.4 miles from the location of the noticed deposition at counsel for Life Advance's office. As Life Advance points out in its opposition, Mr. Nicholson has recently appeared in person in this Court for Show Cause hearings on August 9 and October 12, 2021. ECF Nos. 284, 296. He also appeared in person at the CEDI shareholders meeting on September 26, 2020, when COVID-19 vaccinations were not publicly available. ECF No. 193-2.

Nonetheless, the Court takes seriously the very real threat of the ongoing COVID-19 pandemic. However, in its wide discretion and considering the importance of Mr. Nicholson's testimony and Life Advance's ability to assess his credibility in person, the Court finds on balance that the threat is sufficiently mitigated by the fact that Life Advance has guaranteed that counsel, counsel's staff, and the short-hand reporter are all fully vaccinated. Thus, although Mr. Nicholson's request poses a closer question for the Court, the Court will deny the request in its discretion.

## IV.   CONCLUSION

For the foregoing reasons, CEDI's and Mickey Nicholson's informal motions for protective order, requesting that the depositions of Mr. Nicholson and Mr. Voelker take place out-of-district and/or remotely, are **DENIED**. As set forth in the Court's prior Order Setting Firm Dates for Certain Outstanding Depositions (ECF No. 300), the depositions of Mr. Nicholson and Mr. Voelker will take place in person in the Southern District of California.

**IT IS SO ORDERED.**

Dated: October 29, 2021

Honorable Allison H. Goddard
United States Magistrate Judge

# EXHIBIT A

LEGAL AUTHORITY WHY DEPOSTION OF JASON VOELKER SHOULD TAKE PLACE OUTSIDE THE SOUTHERN
DISTRICT OF CALIFORNIA and MOTION FOR PROTECTIVE ORDER BASED THEREON

In its order of October 18, 2021, this court offered each of the parties the opportunity to request that his/its deposition take place outside the Southern District of California if the parties were unwilling to enter into a stipulation to that effect.  The court instructed the party making the request to submit legal authority by email to the Court and to serve it on the other parties.

California Energy Development Inc. (CEDI) has been unable to persuade Life Advance to stipulate to take the deposition of Jason Voelker remotely or outside the Southern District and is therefore submitting these legal authorities in support of its request for court assistance.  CEDI is thereby accepting the court's invitation to move the court for a protective order pursuant to Rule 26(c)(1) that would establish terms for Mr. Voelker's deposition that are consistent with current law.

CEDI's counsel Benjamin Gale hereby certifies that the statements made in the attached email regarding his attempts to meet and confer with counsel for Life Advance LLC are true and correct and that there was been no acceptable response to Mr. Gale's attempts to meet and confer on this issue.

As set forth below, the nearly uniform position of the federal courts is that if, as here,  travel-related expenses for depositions are significant and one-sided, a party deponent may move the court to have the deposition taken at a less costly and more convenient location or to have the opposing party pay all or some of the expenses associated with conducting the deposition at the noticed location.

The burden is on CEDI  to show that Voelker's and CEDI's expense and inconvenience are good cause for the relief requested, but the cases show that, where the noticed location of the deposition is not at the defendant's home or business, the bar is set very low.  See *SEC v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017).  To determine whether good cause exists, courts typically begin with the question of whether the deposition has been set at the presumptive location developed through case law.  Usually the courts go no further than to satisfy themselves on this question.

The deposition of the agent of a defendant corporation should presumptively take place at the corporation's principal place of business or where the witness works or resides.  *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant.").  In *U.S. ex rel. Barko v. Halliburton Co.* (D.D.C. 2010) 270 F.R.D. 26, 29 the court ruled there was no basis to deviate from the general rule that a corporate deposition of defendant occur in the defendant's principal place of business, even though that was in Amman, Jordan.  In so ruling, the court rejected plaintiff's unsupported assertion that the deposition may require judicial intervention and plaintiff's equitable argument that conducting a deposition in Jordan "puts a greater burden on the plaintiff than would be on the defendant if the deposition were conducted in the United States." *Id.*  The court further found "no basis" to grant plaintiff's request to shift plaintiff's extra costs associated with conducting the deposition in Jordan to defendant.  *Id.*

The same presumption applies to individual defendants. In absence of exceptional or unusual circumstances, if a deponent resides at a substantial distance from deposing party's location, the deposing party is required to take the deposition where the deponent resides, even if the deponent is a party.  See *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (noting that "case law indicates that it will be presumed that the defendant will be examined at his residence or place of business or employment").

Because Voelker is required to appear at the deposition as a representative of CEDI, most courts would hold that the deposition must be held where Voelker and CEDI do business. See *Salter v. Upjohn Co.*, 593 F.2d at 651, *supra*; *Thomas v. Intern. Business Machs.,* 48 F.3d 478, 483 (10th Cir. 1995) *McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136 (W.D. Wash. 2016); *Six West Retail Acquisition v. Sony Theatre Management Corp*. 203 F.R.D. 98, 107--108 (S.D.N.Y. 2001); and other cases cited in *8A Wright & Miller, Fed. Prac. & Proc. § 2112 (3d ed.)*.  Voelker's and CEDI's current place of business is the San Francisco Bay area.  See *Declaration Of Jason Voelker In Support Of Protective Order To Allow Deposition To Take Place Outside The Southern District Of California* filed herewith at p.1.

The location of the deponent's attorneys is also a relevant consideration. See *Haymes v. Columbia Pictures Corp.,* 16 F.R.D. 118, 123 (S.D.N.Y.1954) cited in *Farquhar v. Shelden*, supra.  Here the deponent's attorney (Benjamin Gale) resides and works in the San Francisco Bay area.

There is no equitable reason to vary from the standard rule, because no legitimate special circumstances exist to require the deponent and his counsel to bear the cost of going to San Diego for deposition. Unlike a plaintiff, a defendant does not get to decide where a case will be heard.  The usual rule is that the lack of choice of forum is reason enough to require the deposition to be taken where the deponent resides.  See *Farquhar v. Shelden* supra, citing *Salter v. Upjohn Co.,* supra; *General Leasing Co. v. Lawrence Photo–Graphic Supply, Inc*., 84 F.R.D. 130, 131 (W.D. Mo. 1979) citing *8A Wright & Miller, supra.*

Although there appears to be no published decision dealing with this issue in the case of an interpleader defendant, there is no justification for treating an interpleader defendant differently from any other kind of defendant.  Like the defendant in an ordinary civil case, an interpleader defendant has no say in the selection of the forum for the case.   This is true even where, as here, the defendant has filed a cross-claim against the deposing party, because a defendant has no alternative as to where to file its cross claim.  See *Rapoca Energy Co., L.P. v. Amci Export Corp., 199 F.R.D. 191* (W.D. Va. 2001) as cited in 8A *Wright & Miller, supra.*

Also, it is improper for Life Advance to compel Voelker to go from the Bay Area to San Diego for a deposition as a percipient witness, given that Life Advance has also noticed his deposition as a representative of CEDI, which must be held in the Bay Area. (See the authorities cited above.)  When a party seeks to depose an individual both as a percipient witness and as a representative of a corporation, courts almost invariably require that the two depositions be combined into one. See *Order Establishing Deposition Protocol* in *In re National Prescription Opiate Litigation* (ND OH 2018) Case No. 1:17-MD-2804 **at p. 12**  (attached); Order Regarding Deposition Protocol in *In Re: Fresh And Process*

*Potatoes Antitrust Litigation* (D ID 2013**)** Case No. 4:10-MD-2186-BLW, at **p. 5** (attached);  see also *Pretrial Order No.9 on Fact Deposition Discovery* in *In re Flouroquinolone Products Liability Litigation* (D MN 2015) MDL No. 15-2642 (JRT) **at p. 12** (also attached)

Cost, convenience, and efficiency support requiring one, and only one, videoconference deposition of Voelker or, alternatively, the sharing of costs incurred by the deponent and his counsel. But even if Life Advance could claim that a Zoom deposition would be costly (which it is not), a claim of financial hardship, taken alone, would not demonstrate exceptional or compelling circumstances to overcome the presumption under this rule.  See *General Leasing Co. v. Lawrence Photo-Graphic Supply,* supra cited in *Wright & Miller, supra,* in support of the following principle: *"*In absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from deposing party's residence, deposing party should be required to take the deposition at location in the vicinity in which deponent resides, even if deponent is a party; a claim of financial hardship, taken alone, does not demonstrate exceptional or compelling circumstances under this rule."

In 2015, the U.S. Supreme Court approved an amendment to Rule 26 that codified the courts' inherent authority to shift discovery costs.  Specifically, the amendment states that when entering a protective order to protect a party or person from, among other things, "undue burden or expense," the court may specify the "time and place *or the allocation of expenses*, for the disclosure or discovery[.]"  Fed. R. Civ. P. 26(c)(1)(B) (emphasis added).   As in the document discovery context, the particular facts of the case determine whether the court will exercise its discretion to shift costs to the requesting party for the deposition.  *See Oxbow Carbon & Minerals LLC v. Union P. R.R. Co.*, 322 F.R.D. 1, 10-11 (D.D.C. 2017); *Wright & Miller*, *supra* ("the court has a wide discretion in selecting the place of examination and in attaching conditions concerning the payment of expenses," which depend on the particular facts of the case).   See also *Cadent Ltd. v. 3M Unitek Corp*., 232 F.R.D. 625, 630 (C.D. Cal. 2005), acknowledging that the party taking the deposition should pay travel costs, but allowing a sharing of costs because of the significant savings to defendants.

Where costs may not fairly be imposed on either party, courts have discretion to order a deposition by other means.  As one court put it, a court "may be as inventive as the necessities of a particular case require."  *DePetro v. Exxon Inc.*, 118 F.R.D. 523, 525 (M.D. Ala. 1988).  For example, in *Hernandez v. Hendrix Produce, Inc.*, a court in the Southern District of Georgia ordered plaintiffs, migrant workers residing in rural Mexico, to pay $1,000 to defendant produce company to cover the expense of web-based video depositions of workers where internet depositions would save workers $15,000 in expenses traveling from Mexico for in-person depositions in Georgia.  297 F.R.D. 538, 540-41 (S.D. Ga. 2014).  In *SEC v. Aly*, a court in the Southern District of New York departed from the general rule that a defendant should be deposed where he resides after concluding a deposition in either New York,  Pakistan, or another country would not eliminate an undue burden for one of the parties.  320 F.R.D. 116, 118-19 (S.D.N.Y. 2017).  Instead, the court ordered that the deposition be conducted by videoconference, which is "frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides."  *Id.* at 119; *see also Robinson v. Tracy*, 16 F.R.D. 113, 115 (D. Mo. 1954) (declining plaintiff's request to shift travel costs to defendant and ordering that deposition be

conducted via written questions pursuant to Rule 31).  Here, as a solution to avoid excessive costs, the court can order a remote deposition by Zoom.

**Conclusion**.  Courts may order a deposition be held other than where the deposing party requests "when justice requires."  8A *Wright & Miller*, *supra*.  To determine whether justice requires setting the deposition at a location other than the deponent's home or place of business or attaching conditions, courts typically focus on cost, convenience, and efficiency.  *See, e.g.*, *SEC v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) ("Factors guiding the [c]ourt's discretion include the cost, convenience, and litigation efficiency of the designated location.").  Here, these considerations support finding a way to take Voelker's deposition without requiring Voelker and his counsel to incur the expense, inconvenience, lost time and exposure to Covid-19 involved in travelling 600 miles to San Diego for the deposition, especially given that no great benefit is gained by Life Advance LLC by compelling the deponent and his counsel to appear in person.

Respectfully submitted  on 10/27/2021.


Law Offices of Benjamin W. Gale


___/s/_____

Benjamin W. Gale,  Attorneys for California Energy Development Corporation, Inc.

Benjamin W. Gale, SBN 107985
**LAW OFFICES OF BENJAMIN W. GALE**
810 E Street
San Rafael, California  94901
Email: bengalelaw@gmail.com
Tel:  415-492-9800; Fax: 415-795-4636

Attorney for California Energy Development, Inc.

THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA ENERGY DEVELOPMENT, INC., et al.,<br><br>Defendants. | Case No: 18-CV-2280 DMS AHG<br><br>DECLARATION OF JASON VOELKER IN SUPPORT OF PROTECTIVE ORDER TO ALLOW DEPOSITION TO TAKE PLACE OUTSIDE THE SOUTHERN DISTRICT OF CALIFORNIA |
| CALIFORNIA ENERGY DEVELOPMENT, INC., et al.,<br><br>Cross-Claimant,<br>vs.<br><br>PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation; TIMOTHY BRYSON, an individual; MICKEY NICHOLSON, an individual; JOHN J. WALSH, an individual; EDWARD SPOONER, trustee of the LIVING TRUST OF EDWARD SPOONER; LIFE ADVANCE, LLC, a Nevada limited liability corporation; and JASON VOELKER, an individual<br><br>Cross-Defendants. | |
| **AND RELATED CROSS-CLAIMS** | |

– 1 –

I, Jason Voelker, hereby declare:

1. I am a resident of Marin County, California, and work in the San Francisco Bay Area. I am currently employed by the Contra Costa County Superior Court where I serve as a research librarian in both the Richmond and Martinez Court Branches. I also serve as a contract paralegal for various attorneys in the Bay Area.

2. In addition to the above duties, I serve as the Secretary of California Energy Development Inc. ("CEDI"), a dissolved California corporation. The current place of business for CEDI is in San Rafael, California.

3. The corporate file is kept by the Law Offices of Benjamin W. Gale, Esq., at 810 E Street, San Rafael, California. The only business of CEDI at present is conducted through Mr. Gale's office.

4. Life Advance LLC has subpoenaed me to attend a two-day deposition in Southern California in this action.

5. The exact location of the deposition is 2163 Newcastle Ave STE 200, Cardiff, CA 92007, which, according to my online map, is 488 miles from my home.   By road, the total trip would be more than 500 miles each way.

6. The subpoena requests that I bring CEDI's entire corporate file, which I would need to assemble through the Law Offices of Benjamin Gale in San Rafael. I would then need to transport the file to Southern California by plane, and then rent a vehicle to drive to Cardiff to attend the deposition.

7. To ensure that I am timely, I would need to likely arrive a day early, obtain a hotel, and then drive to the deposition in the morning.

8. Neither CEDI nor I have any funds to pay the costs associated with this trip. CEDI's former CEO James Roberts misappropriated all of CEDI's funds before he died, and my checking account balance is currently less than $600.  Also, I cannot afford to take more than one day off work and still support my family. My wife does not contribute to family income, as she is fully employed caring for our two daughters.

9.      My daughters are both under the age of 3. Due to the current Pandemic, I have extreme trepidation about traveling through airports and long-distance travel, because the US Food and Drug Administration ("FDA") has not yet approved a vaccine for kids under the age of 5.

10.     While the FDA has recently recommended Pfizer's Covid 19-vaccine to children over the age of 5, the FDA still needs to give the vaccine official authorization, and another independent committee to the US Centers for Disease Control and Prevention will issue guidance next week on how shots roll out, but no vaccines are yet available for my daughters.

11.     Because of the Pandemic, and because my daughters have yet to be vaccinated, I am hesitant to travel. But, as noted above, I do not currently have the economic means at this time to afford the costs associated with such travel.

12.     Based upon the above, I am requesting that the Court allow me to attend the deposition via Zoom video conference and submit the requested documents electronically through DropBox, Google Docs, or another electronic document service.

13.     If the Court determines that I must attend the deposition in person, I would ask that the opposing side pay my related expenses.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed in San Rafael, California.

Dated: 10/27/2021

/s/ _____
Jason Voelker

– 3 –

<u>GALE AND VOLKER DEPOSITION-RELATED EXPENSES</u>

Air fares...................................................................   $500

Gale's lost hourly billings @ $375/hr x 4 hrs................   1,500

Rental car...............................................................   150

Per diem meals.......................................................   <u>100</u>

                                          Total:   $2,250

## EXHIBIT B

Russell M. De Phillips; (CSB #95034)
Roy L. Carlson, Jr.; (CSB #123553)
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff by the Sea, CA 92007-1824
Telephone:     (760) 943-7103
Facsimile:     (760) 943-6750

Attorneys for Defendant and Cross-Claimant,
Life Advance, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT, INC., a dissolved California Corporation, TIMOTHY BRYSON, an individual, MICKEY NICHOLSON, an individual, JOHN J. WALSH, an individual, EDWARD SPOONER, trustee of the LIVING TRUST OF EDWARD SPOONER, LIFE ADVANCE, LLC, a Nevada corporation, JASON VOELKER, an individual; AND DOES 2-10,<br><br>Defendant.<br><br>AND RELATED CROSS-ACTION. | Case No. 18cv2280-DMS-AHG<br><br>LIFE ADVANCE, LLC'S OPPOSITION TO REQUEST FOR PROTECTIVE ORDER TO ALLOW DEPOSITION TO TAKE PLACE OUTSIDE THE SOUTHERN DISTRICT OF CALIFORNIA<br><br>Assigned to HON. DANA M. SABRAW<br><br>DATE:       October 28, 2021<br>TIME:       3:00 p.m.<br>DEPT:       3B<br><br>To be heard by HON. ALLISON H. GODDARD via zoom |

California Energy Development Inc. ("California Energy") seeks to have the Court order that the deposition of Jason Voelker ("Voelker"), both as a party witness and as the designated representative of California Energy, be taken remotely or outside the Southern District of

California.[1]  This comes after both California Energy and Voelker individually failed to appear for their duly noticed depositions.  Life Advance, LLC ("Life Advance") incurred costs in connection with those failures to appear.[2]

The deposition of Voelker was noticed in July and the deposition of California Energy was noticed in September.  That California Energy is only now seeking to change the location of the depositions smacks of bad faith.  A motion for a protective order could have been served weeks ago that actually gives Life Advance an adequate opportunity to respond to the authorities presented by California Energy.

In the statement of legal authority presented by California Energy in support of its request and in the accompanying declaration of Mr. Voelker sent to Life Advance the afternoon of October 27, 2021, California Energy incorrectly states that Life Advance has noticed Voelker's deposition as a representative of California Energy and that Voelker was subpoenaed to attend a two-day deposition (Voelker Declaration at ¶ 4.).

Life Advance served a Notice of Taking Deposition of California Energy Development Inc. and Request for Production of Documents subpoena on California Energy under Rule 30(b)(6) of the Federal Rules of Civil Procedure on September 24, 2021.  A deposition was noticed for October 15, 2021.  Life Advance requested that California Energy designate the person or persons most knowledgeable and prepared to testify on behalf of California Energy concerning the following matters:

For the period from October 1, 2015 to the present, the identity of all officers of California Energy Development Inc.

For the period from October 1, 2015 to the present, the identity of all directors of California Energy Development Inc.

For the period from October 1, 2015 to the present, the identity of all shareholders

---

[1]  It is unclear whether Jason Voelker has filed his own motion to change the location of his deposition as a party witness or whether California Energy's counsel, Benjamin Gale, is now representing Mr. Voelker and pursuing a change on his behalf.

[2]  Life Advance was not served with an actual motion for a protective order and reserves the right to submit a more complete opposition as it was given less than 24 hours notice of the request.

LIFE ADVANCE, LLC'S OPPOSITION TO REQUEST FOR                    18v2280-DMS-AHG
PROTECTIVE ORDER

of California Energy Development Inc.

For the period from October 1, 2015 to the present, the identity of all creditors of California Energy Development Inc.

For the period from October 1, 2015 to the present, the identity of all employees of California Energy Development Inc.

For the period from October 1, 2015 to the present, the identity of all investors of California Energy Development Inc.

For the period from October 1, 2015 to the present, the business operations of California Energy Development Inc.

For the period from October 1, 2015 to the present, the relationship between Janson & Associates Global Consulting and California Energy Development Inc.

For the period from October 1, 2015 to the present, the relationship between US Energy Concepts, Inc. and California Energy Development Inc.

For the period from October 1, 2015 to the present, the relationship between Mickey Nicholson and California Energy Development Inc.

For the period from October 1, 2015 to the present, the relationship between Texas Energy Concepts, Inc. and California Energy Development Inc.

For the period from October 1, 2015 to the present, the relationship between Centrair Energy, Inc. and California Energy Development Inc.

For the period from October 1, 2015 to the present the amount of compensation earned by Mickey Nicholson from California Energy Development, Inc.

For the period from January 1, 2016 to the present, the premiums paid by California Energy Development Inc. for the Term Elite life insurance policy, Policy No. L9 301 242 originally issued by PRUCO LIFE INSURANCE COMPANY on or about January 23, 2016 ("the Policy").

For the period from October 1, 2015 to the present, the corporate authority of California Energy Development Inc. to purchase the Policy.

For the period from October 1, 2015 to the present, the corporate records of California Energy Development Inc.

The corporate authority to file the civil suit in San Diego Superior Court, Case No. 37-2016-00015524-CU-BT-CTL.

For the period from October 1, 2015 to the present, any consideration received by California Energy Development Inc. for issuance of any equity security interest in California Energy Development Inc.

California Energy apparently has designated Voelker to testify on its behalf. Life Advance did not specifically name Voelker in this Notice and has serious doubts that Voelker has personal knowledge of the areas sought to be discovered. There was no appearance by any representative of

-3-

1   California Energy at the noticed deposition on October 15, 2021, and Life Advance incurred $600.85

2   in court reporter costs (attached) plus $150 for attorneys fees.

3          Life Advance served a Notice of Taking Deposition of Jason Paul Voelker and Request for

4   Production of Documents on Voelker on July 15, 2021.  The deposition was noticed for October 14,

5   2021.  Voelker failed to appear for his deposition on October 14, 2021, and Life Advance incurred

6   $250.00 in court reporter costs (attached) plus $150 for attorneys fees.

7          Now, after failing to appear at two depositions, California Energy seeks to have the re-

8   noticed depositions of California Energy and Voelker taken elsewhere.

9          In the Declaration of Jason Voelker in Support of Motion of Defendant California Energy

10  Developments, Inc., to Set Aside Defaults dated November 6, 2020 (ECF No. 193-2),  Mr. Voelker

11  attaches a copy of the Statement of Information for California Energy filed with the Secretary of

12  State on November 9, 2015, as Exhibit 1 to his declaration.  The principal executive office and the

13  principal business office are listed as being in San Diego, CA.

14         The Statement of Information for California Energy filed on July 19, 2016, lists the principal

15  executive office as being in San Diego, CA.

16         The website of the California Secretary of State, Business Search - Entity Detail, as of

17  October 27, 2021, lists the address for California Energy as being in San Diego, CA.

18         Voelker now claims that the current place of business of California Energy is in San Rafael,

19  CA.  (Voelker declaration at ¶ 2.)

20         In 2014, now retired Magistrate Judge Jan M. Adler of the Southern District of California

21  issued an opinion on the location of depositions for a corporate party.  He stated:

22         Ordinarily, the deposition of a party may be noticed wherever the deposing party
           designates, subject to the Court's power to grant a protective order." Fausto v.
23         Credigy Services Corp., 251 F.R.D. 427, 429 (N.D. Cal. 2008) (citation and internal
           quotations omitted). However, there is a general presumption that the "deposition of
24         a corporation by its agents and officers should ordinarily be taken at its principal
           place of business." Aerocrine AB v. Apieron, Inc., 267 F.R.D. 105, 108 (D. Del.
25         2010) (citing 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure
           § 2112 (2d ed. 1994)). This presumption can be overcome upon consideration of the
26         following factors: (1) the location of counsel for the parties in the forum district; (2)
           the number of corporate representatives a party is seeking to depose; (3) the
27         likelihood of significant discovery disputes arising which would necessitate
           resolution by the forum court; (4) whether the persons sought to be deposed often
28         engage in travel for business purposes; and (5) the equities with regard to the nature

LIFE ADVANCE, LLC'S OPPOSITION TO REQUEST FOR            18v2280-DMS-AHG
PROTECTIVE ORDER

of the claim and the parties' relationship. Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 628-29 (C.D. Cal. 2005) (citing Armsey v. Medshares Mgmt. Servs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998)). Notwithstanding the general rule, "corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum where the action is pending, for the convenience of all parties and in the general interests of judicial economy." Cadent, 232 F.R.D. at 629. Because Imageware does not explain whether it seeks to conduct the depositions in San Diego or Dallas, in examining the Cadent factors, the Court considers both cities as possible locations for the depositions if they were to proceed in the United States. Imageware Sys. v. Fulcrum Biometrics, LLC, 2014 U.S. Dist. LEXIS 193601, *6 (S.D. Cal. 2014).

Life Advance asserts that the last place of business for California Energy was in the Southern District of California and the deposition of California Energy should be taken here. With respect to the factors outlined by Judge Adler, the following are present:

1) Location of counsel.  Counsel for Life Advance and pro per party Mr. Nicholson are located in San Diego in the forum district.  Counsel for California Energy and pro per party Mr. Voelker are in Northern California.

2) Number of corporate representatives.  California Energy has designated one person for its deposition.

3) Likelihood of significant discovery disputes. As the Court acknowledged, there have been plenty of discovery issues in this case.

4) Travel for business purposes. In the Declaration of Jason Voelker in Support of Motion of Defendant California Energy Developments, Inc., to Set Aside Defaults dated November 6, 2020 (ECF No. 193-2),  Mr. Voelker attaches Minutes of Special Meeting of the Shareholders of California Energy Development, a California Corporation, Held on September 29, 2020 at 2:00 p.m., at the Oceanic Conference Room, 141 North Magnolia Avenue, El Cajon, CA 92020 as Exhibit 11 to his declaration.  The minutes reflect that Mr. Voelker was present at the meeting, in the Southern District of California.  Thus, he has already traveled to the Southern District for business purposes.

5) Equities.  California Energy designated Voelker.  As far as Life Advance knows, California Energy is not doing business and Voelker is not an employee of California Energy but an officer.  Voelker would already be present in this District attending his deposition with respect to claims he asserted against Life Advance.  California Energy failed to attend its duly noticed deposition and forced Life Advance to incur unnecessary expenses.

1   The claims at issue involve a life insurance policy that was originally  acquired by a

2   company doing business in the Southern District and was subsequently acquired by a company

3   doing business in the Southern District, and the Policy proceeds are currently held by the clerk in

4   the Southern District.  California Energy, and Voelker, elected to pursue their claims against Life

5   Advance here.[3]  Those are not simply claims to the Policy as part of the interpleader action, but

6   claims seeking affirmative relief against Life Advance.  While the fact that these claims are

7   permissive, standing alone, does not dictate the location of the depositions, it is not unreasonable

8   under all of the circumstances to have the deposition of California Energy conducted here.  San

9   Diego is where California Energy did business and where it chose to have a shareholder meeting last

10  year.

11      Judge Anthony J. Battaglia of the Southern District of California issued an opinion when he

12  was a Magistrate Judge in 2009 regarding the location of a party deposition:

13      [T]he Court must weigh the following factors when determining whether to grant a
        protective order to a defendant seeking to relocate the deposition to a site closer to
14      the defendant's residence: (1) a special showing of hardship on the part of the
        defendant to be deposed; (2) the time and expense required for the plaintiff to travel
15      to the deponent's location to take the deposition; (3) the absence of a U.S. federal
        judge in the defendant's location, making it difficult to rule on objections; (4)
16      whether defendant had initiated other lawsuits in the forum where the deposition is
        presently noticed; and (5) the location of the plaintiff's and defendant's attorneys. See
17      Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994); Haymes v. Columbia
        Pictures Corp., 16 F.R.D. 118, 123 (S.D.N.Y. 1954).  Photothera, Inc. v. Oron, 2009
18      U.S. Dist. LEXIS 135857, *5 (S.D. Cal. 2009).

19      There is no special hardship for Mr. Voelker to attend his deposition in the Southern District.

20  Similar to the reasons set forth above for California Energy, the deposition of Voelker should be

21  taken in the Southern District.

22      Counsel for Life Advance has determined that in person depositions are much more effective

23  _____

24      [3]  "A pleading may state as a crossclaim any claim by one party against a coparty if the
    claim arises out of the transaction or occurrence that is the subject matter of the original action or
25  of a counterclaim or if the claim relates to any property that is the subject matter of the original
    action...." Fed.R.Civ.P. 13(g). "Such cross-claims are permissive rather than mandatory."
26  Peterson v. Watt, 666 F.2d 361, 363 (9th Cir. 1982). In other words, crossclaims are not waived
    if a party fails to assert them and they can be pursued in a separate action. Id.  Once Pruco filed
27  its Second Amended Complaint for Interpleader and named California Energy, Voelker and Life
    Advance as defendants, they became co-parties and the claims brought against Life Advance by
28  both Voelker and Life Advance were permissive and did not need to be filed in this action.

than depositions taken by remote means.  The depositions of Mr. Voelker and California Energy are extremely important.  As an accommodation to the deponents, Life Advance will waive its right to seek sanctions of $1,150.85 for the failure of Mr. Voelker and California Energy to appear for their duly noticed depositions and pay $500.00 to the deponents to defray their expense for in person deposition in the Southern District.

DATED: October 28, 2021                    MILBERG & DE PHILLIPS, P.C.


                                          By:  /s/ Russell M. De Phillips
                                                Russell M. De Phillips
                                                Attorneys for Defendant and Cross-Claimant
                                                Life Advance, LLC

LIFE ADVANCE, LLC'S OPPOSITION TO REQUEST FOR                    18v2280-DMS-AHG
PROTECTIVE ORDER

# INVOICE

1 of 1

# I M A G I N E
R E P O R T I N G

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 53736 | 10/20/2021 | 59426 |

| Job Date | Case No. |
|---|---|
| 10/15/2021 | 18cv2280-DMS-AHG |

| Case Name |
|---|
| Pruco Life Insurance Company v. California Energy Development, Inc., et al. |

| Payment Terms |
|---|
| Due upon receipt |

Russell M. De Phillips, Esq.
Milberg & De Phillips, PC
2163 Newcastle Ave., Suite 200
Cardiff By The Sea, CA 92007

CERTIFICATE OF NON-APPEARANCE:

    Designee of California Energy Development Inc.          600.85

**TOTAL DUE  >>>**     **$600.85**

Location of Job   : Milberg & De Phillips, PC
                2163 Newcastle Ave., Suite 200
                Cardiff By The Sea, CA 92007

INVOICE DUE UPON RECEIPT AND IS NOT CONTINGENT UPON YOUR CLIENT'S PAYMENT.

By accepting receipt of the transcript and/or court reporting/videography/videoconferencing/records and any attorney services identified above, the attorney/law firm/court reporting firm invoiced above accepts liability for its payment and for all collection of legal fees necessitated by default in payment.

Please reference your invoice number(s) for proper remittance.

PAY ONLINE NOW AT: www.ImagineReporting.com

**Tax ID:** 38-3774639

*Please detach bottom portion and return with payment.*

Russell M. De Phillips, Esq.
Milberg & De Phillips, PC
2163 Newcastle Ave., Suite 200
Cardiff By The Sea, CA 92007

| Invoice No. | : 53736 |
|---|---|
| Invoice Date | : 10/20/2021 |
| **Total Due** | : **$600.85** |

Remit To: **Blue Light Inc dba Imagine Court Reporting**
          **1350 Columbia Street, Suite 703**
          **San Diego, CA 92101**

| Job No. | : 59426 |
|---|---|
| BU ID | : 01-SD |
| Case No. | : 18cv2280-DMS-AHG |
| Case Name | : Pruco Life Insurance Company v. California Energy Development, Inc., et al. |

# San Diego Court Reporting Service
P.O. Box 127778
San Diego, CA 92112
(619) 232-1164 Phone   (619) 232-2616 Fax
Tax ID: 33-0124208

October 14, 2021

Roy Carlson
Millberg & DePhillips
2163 Newcastle Avenue
Suite 200
Cardiff, CA 92007

| Invoice Number |
|:---:|
| 4889 |

**Re:** Pruco Life vs. CA Engery Developmnt., et al.
Case No. 18cv2280

| Description of Services | |
|---|---|
| Statement of Counsel | Nonappearance of Jason Voelker |

| | Invoice total: | **$250.00** |
|---|---|---|

We appreciate your business.
Thank you.

# EXHIBIT C

| | |
|---|---|
| **From:** | Mickey Nicholson |
| **To:** | CASDdb_efile Goddard; Ben Gale; Jason Voelker; Russell De Phillips; Roy Carlson, Jr.; Maggie Conant; Worger, Thomas R. |
| **Subject:** | Request to attend deposition during pandemic via zoom. |
| **Date:** | Wednesday, October 27, 2021 11:49:21 PM |

**CAUTION - EXTERNAL:**

Dear Judge Goddard,

I am  is respectfully requesting to attend my deposition via Zoom for health and safety purposes.

As this Court is aware, I serve as a personal caretaker to my mother, who suffers from a number of medical problems including a broken hip, stage 4 COPD and hypercapnia ($CO_2$ retention), and multiple other medical impairments. My mother has an autoimmune disorder and is within the vulnerable section of our community who could be fatally harmed by Covid-19 if I were to bring it home to her.

Throughout a 24-hour period, I assist my mother with eating, bathing and dressing. I cook all the meals and clean the kitchen afterwards. I also do my mother's laundry, change linens, collect and sort mail, and take care of housekeeping duties.

I am solely responsible for caring for my mother and ensuring her day-to-day safety. If I were to expose my mother to Covid, she likely would not survive its affects.

I am therefore requesting that the court allow me to attend my upcoming deposition via Zoom. This will allow me to be close to my mother in the event of an emergency and also prevent me from contracting and bringing home Covid.

**The Law Permits Remote Depositions**

Courts may authorize remote depositions under Federal Rule of Civil Procedure ("FRCP") 30(b)(4) and will consider whether the burden of proposed discovery outweighs the likely benefit under FRCP 26(b)(1).  Courts may also quash a subpoena under FRCP 45(d) where compliance would subject a person to "undue burden."

Further, various states have relaxed their rules regarding depositions to facilitate remote depositions during Covid.  For example, California has adopted Emergency Rule 11 to allow for waiver of the usual requirement that deponents be deposed in the physical presence of the deposition officer.

Courts across the nation are authorizing depositions via remote means. See, e.g., Sinceno v. The Riverside Church in the City of New York, 2020 WL 1302053 (S.D.N.Y. Mar. 18, 2020) (authorizing the taking of all depositions by remote means in light of COVID-19 concerns); Thomas v. Wallace, Rush, Schmidt, Inc., No. 3:16-cv-00572, Dkt. 160 (M.D. La. March 18, 2020), ("[g]iven Plaintiff's economic situation and the coronavirus outbreak . . . [c]onducting Plaintiff's deposition by telephone or videoconference is appropriate"); Velicer v. Falconhead Capital LLC, 2020 WL 1847773 at *2 (W.D. Wash. Apr. 13, 2020) (refusing to extend discovery deadline, encouraging the parties to take depositions remotely).

This Court, too, may authorize my remote deposition under Federal Rule of Civil Procedure 30(b)(4), and consider whether the burden of proposed discovery outweighs the likely benefit under Federal Rule of Procedure 26(b)(1).

Courts liberally permit remote depositions and require the party opposing the remote deposition to make a particularized showing as to why it would be prejudicial. See e.g., Jahr v. IU Intern. Corp., 109 F.R.D. 429, 431 (M.D.N.C. 1986) ("leave to take telephonic depositions should be liberally granted in appropriate cases . . . . Thus, upon giving a legitimate reason for taking a deposition telephonically . . . the burden is on the opposing party to establish why the deposition should not be conducted telephonically.").

Even where a particular court is generally encouraging parties to proceed with depositions, COVID-19 concerns or

the inherent limitations of remote depositions may render particular depositions unduly prejudicial.

Here, I am the sole caretaker for my mother. My mother is on constant oxygen and her co2 levels spike if not properly monitored. I'm not sure if the court is aware of the gravity of the situation, but I have had to fight the hospital several times in the last year to not pull the plug on my mother. Her medical conditions are severe and she needs me by her side at this time.

As this court will recall, I previously needed to reschedule appearances in court locally in San Diego and attached a copy of my mother's admission paperwork and my visitor's pass reflecting her sudden triage. That was not an an anomaly. My mother's condition requires constant vigilance and even now as I write this, I am monitoring my mother on oxygen.

I am therefore asking this court to allow me to continue sheltering in place during this pandemic and not be required to drive to Cardiff to attend a 7 hour deposition where I won't be within reach of my mother.

In many cases, the courts have encouraged the use of remote depositions. For example, in the matter of Jeffrey v. Samsung Electronics, Case No. 15-cv-02087 (N.D.Ca. Apr 1, 2016), the court reasoned that "remote videoconference depositions can be an effective and efficient means of reducing costs." Lopez v. CIT Bank, N.A., No. 15-CV-00759 BLF (HRL), 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015); Guillen v. Bank of Am. Corp., No. 10-CV-05825 EJD (PSG), 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011); Federal Civil Procedure Before Trial (2015), The Rutter Group, 11:1470, 11-170. Likewise, courts have noted that leave to conduct depositions by telephone should be liberally granted and that a desire to save money constitutes good cause to depose out-of-state witnesses through remote means. Guillen, 2011 WL 3939690, at *1; Lopez, 2015 WL 10374104, at *2.  In fact, courts have even held that when the movant desires to conduct depositions remotely, the burden is on the opposing party to demonstrate how they would be unduly prejudiced. Guillen, 2011 WL 3939690, at *1."

Now, as a result of the COVID-19 pandemic, courts have shown an even greater willingness to allow remote depositions and remote court reporters.

Court systems across the country clearly recognize the danger of face-to-face interactions in the midst of a pandemic crisis, and are reacting immediately to allow parties to take depositions remotely. This court, too, recognized that reality when it ordered the parties to attend the previous settlement conference through Zoom even over Life Advance's request to attend in person.

My mother needs me by her side and I do not want to potentially expose her to any hazards as a result of attending a deposition in Cardiff where I will be stuck in a deposition for nearly 7 hours when my mother may need my assistance within minutes.

Accordingly, I ask to attend the deposition via Zoom and I cite the above authorities with the hopes that the opposing side will either stipulate to the Zoom conference or acquiesce because they know it is the right thing to do under the current circumstances.

Alternatively, I ask the court to issue an order allowing me to attend the deposition remotely given the circumstances. Other witnesses - Chris Chanowski, Ben Thomas Hamilton, and Erik Porter - were all allowed to attend via Zoom. They also submitted their documents electronically. Also, Craig Stack and Daniel Miller will be deposed via Zoom.

Why then would it be prejudicial to allow me to avail myself of the same courtesy shown to all the other witnesses?

Thank you for your consideration your honor.


Sincerely,



Mickey Nicholson

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**EXHIBIT D**

| | |
|---|---|
| **From:** | Maggie Conant |
| **To:** | CASDdb_efile Goddard |
| **Cc:** | Russell De Phillips; Roy Carlson, Jr.; Benjamin Gale; Jason Voelker; Mickey Nicholson |
| **Subject:** | Pruco Life Insurance Company v. California Energy Development, Inc. |
| **Date:** | Friday, October 29, 2021 11:41:05 AM |

**CAUTION - EXTERNAL:**

Re: Pruco Life Insurance Company v. California Energy Development
    USDC, Southern District of California, Case No. 18cv2280-DMS-AHG

Honorable Allison H. Goddard:

Per the Court's Order Following Discovery Conference Regarding Motion to Quash Deposition Subpoena [ECF No. 306], the following is the Response of Life Advance, LLC to Mickey Nicholson's Request for Protective Order requiring the deposition of Mickey Nicholson to take place remotely:

**Life Advance, LLC Response**

Mickey Nicholson, a party who has asserted several claims against Life Advance, has requested that his long-awaited deposition be taken via Zoom. Life Advance is very mindful of the health and safety concerns raised by Mr. Nicholson. However, Life Advance opposes the request. Counsel and its staff are fully vaccinated as is the short-hand reporter. Mr. Nicholson has attended recent court hearings in person, he was seen recently outside the courthouse without a mask, and he has purportedly participated in other events in connection with California Energy Development Inc. ("California Energy") in person.

Life Advance postponed the scheduled in person deposition of Mr. Nicholson that was set for October 11, 2021, at 10:00 a.m., at his request because he had an in person court appearance on October 12, 2021. The Court, in its Order Setting Further Show Cause Hearing Against John Walsh and Mickey Nicholson and Calling Leon-Qiyam Pogue as the Court's Own Witness (ECF No. 289), had required a personal appearance by Mr. Nicholson at the hearing on October 12, 2021. The Order references another hearing on August 9, 2021, where Mr. Nicholson was required to appear.

In the Declaration of Jason Voelker in Support of Motion of Defendant California Energy Development, Inc., to Set Aside Defaults dated November 6, 2020 (ECF No. 193-2), Mr. Voelker attached, as Exhibit 11 to his declaration, Minutes of Special Meeting of the Shareholders of California Energy Development, a California Corporation, Held on September 29, 2020 at 2:00 p.m., at the Oceanic Conference Room, 141 North Magnolia Avenue, El Cajon, CA 92020. The minutes reflect that Mr. Nicholson was present at the meeting, at a time prior to vaccinations being publicly available.

Mr. Nicholson is a central party to this litigation. He may or may not produce the documents he has been requested to produce in advance of his deposition. However, there are several documents Mr. Nicholson will be questioned about and a remote deposition makes that much more time consuming and difficult. Moreover, as the Court well knows, discovery and other proceedings in this case has been wrought with disputes and antagonistic, illegal activities. The potential for technology

problems, sound problems and interruptions will only exacerbate those issues.  An uncooperative witness may find it easier to remain obstinate in a virtual deposition since they are not sharing a table or room with counsel. Experienced litigation attorneys read body language and find ways to engage witnesses in ways that are not available in a virtual setting.

Unlike in some of the cases cited by Mr. Nicholson, there are no significant cost savings by requiring that Life Advance take the deposition remotely. Mr. Nicholson's residence is approximately 25 miles from the location of the deposition.

Mr. Nicholson also mentions three non-party witnesses whose depositions were taken remotely. The two depositions taken by Life Advance were done remotely because the deponents were located out of state.  Moreover, they did not produce any documents despite testifying that they may have responsive documents. The third witness, in a deposition taken by California Energy,  resides in the Southern District and the attorneys taking the depositions are located in the Northern District. Completely different circumstances.

Counsel for Life Advance has determined that in person depositions are much more effective than depositions taken by remote means. The deposition of Mr. Nicholson is extremely important and should be taken in person.

Respectfully,

Maggie Conant
Legal Assistant to Russell M. De Phillips, Esq.
Milberg & De Phillips, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff by the Sea, CA 92007
Phone: (760) 943-7103
Facsimile: (760) 943-6750

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please immediately notify the sender by reply email and delete the message and any attachments.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.