UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT INC., *et al.*,<br><br>                                    Defendants. | Case No.:  3:18-cv-02280-DMS-AHG<br><br>**REPORT AND RECOMMENDATION REGARDING EX PARTE MOTION TO ENFORCE SETTLEMENT, DISBURSE FUNDS DEPOSITED IN COURT REGISTRY, VACATE ALL PRETRIAL AND TRIAL DATES, DISMISS ACTION WITH PREJUDICE AND FOR SANCTIONS**<br><br>**[ECF No. 373]** |

Before the Court is the *ex parte* Motion filed by Life Advance, LLC ("Life Advance") on June 30, 2022 seeking (1) to enforce the settlement agreement reached by the remaining parties to the case on April 19, 2022 as a result of their acceptance of the undersigned's Mediator's Proposal; (2) to disburse the funds deposited in the Court's registry consistent with the terms of the Mediator's Proposal; (3) to vacate all pretrial and trial dates; (4) to dismiss the action with prejudice; and (5) to sanction all other remaining interpleader Defendants in this action—California Energy Development, Inc. ("CEDI"), Jason Voelker, and Mickey Nicholson (collectively, the "CEDI parties")—pursuant to the Court's inherent authority, based on their bad-faith settlement conduct.

Having considered the briefing, and for the reasons explained more fully below, the undersigned recommends that the Court **GRANT in part** and **DEFER in part** Life Advance's Motion. In particular, the undersigned recommends that the Court grant all requested relief other than the request for sanctions, because while much of the CEDI parties' conduct in settlement negotiations evidences bad faith, the undersigned recommends that the Court defer ruling on the request for sanctions until after the CEDI parties have been given sufficient opportunity to be heard.

## I.    BACKGROUND

As noted, Life Advance's motion to enforce the settlement agreement is premised on the acceptance of the undersigned's April 12, 2022 Mediator's Proposal by all parties then remaining in the case. This matter was filed nearly four years ago on October 1, 2018, and the procedural and substantive history of the case is extensive. The Court will thus not recite the full case history preceding the issuance of that Mediator's Proposal, but will provide an abbreviated outline of the background events pertinent to the present motion before proceeding to a more detailed description of the events since the Mediator's Proposal was accepted.

### A. Background Procedural History

Plaintiff Pruco Life Insurance Company ("Pruco") initially filed this action for declaratory relief against Defendants CEDI, John J. Walsh, Life Advance, Timothy

Bryson, Mickey Nicholson, and Edward Spooner, trustee of the Living Trust of Edward Spooner. ECF No. 1. On January 11, 2019, Pruco was granted leave to file a First Amended Complaint ("FAC") for declaratory relief against the same Defendants, with the additional named Defendant Jason Voelker substituted in for Doe Defendant 1. ECF No. 21. Pruco filed the action based on a dispute regarding the proceeds of a $1 million life insurance policy on the life of James Roberts, the former CEO of CEDI, and asked the Court to declare the rights of the parties with respect to the owner of the policy and proper beneficiary of the policy proceeds. Roberts was still living at the time the FAC was filed.

After Roberts died on April 30, 2019, Pruco sought and was granted leave to file a Second Amended Complaint ("SAC") for interpleader, requesting that the remaining Defendants CEDI, Bryson, Nicholson, Walsh, Life Advance, and Voelker[1] "be ordered to settle amongst themselves their respective rights and claims to the Policy benefits due and owing as a result of [Roberts's] death" and that, upon Pruco's deposit of the policy proceeds into the Court registry, that Pruco be discharged from any and all liability related to the policy and be dismissed from the case. *See* ECF No. 102. On November 27, 2019, Pruco separately filed a Motion to Deposit Funds and Dismiss Plaintiff (ECF No. 107) seeking similar relief, which the Court granted in part and denied in part on February 5, 2020. ECF No. 119. Specifically, the Court granted Pruco's request to deposit the funds and be dismissed from the case, but denied Pruco's request to be discharged from further liability and to enjoin Defendants from instituting any further proceedings against it related to the policy. *Id.* The Court directed Pruco to deposit the benefit of the policy with the Registry of the Court, which Pruco did on February 24, 2020, sending a check in the amount of $1,013,288.77 to the Clerk of Court. ECF No. 123. Pruco was dismissed from the case without prejudice. ECF No. 119 at 2.

---

[1] Pruco voluntarily dismissed Defendant Edward Spooner on May 31, 2019. ECF No. 73.

Life Advance and John Walsh reached a settlement at the Early Neutral Evaluation Conference before the undersigned on March 5, 2020, eventually leading to the dismissal of Walsh from the case on June 10, 2020. ECF No. 157. Bryson, who never answered any pleading in the case or otherwise participated in the action, died on July 7, 2021. ECF Nos. 355, 363.

Following protracted litigation and a number of previous failed settlement efforts, the undersigned issued a Mediator's Proposal on April 12, 2022 via email to the remaining parties in the case: Life Advance, CEDI, Nicholson, and Voelker. Below is the full text of the email containing the Mediator's Proposal:

CONFIDENTIAL SETTLEMENT COMMUNICATION; INADMISSIBLE FOR ANY PURPOSE

RE: *Pruco v. CEDI et al.*, No. 18cv2280

Dear Counsel, Mr. Nicholson, and Mr. Voelker:

I am making the following Mediator's Proposal to resolve this case.

As a preliminary matter, I note the following:

This Proposal is <u>not</u> my evaluation of the case, and I expect it is a number that neither side will like. It is my best shot at ascertaining "the number" that I believe is the most that one side may be willing to pay, and the least that the other side would be willing to accept. This Proposal reflects our discussions, the information exchanged at our settlement conferences, and the practical realities of continued litigation.

This Proposal is "double blind." What that means is you will each tell me (via email by the deadline set forth below) confidentially Yes or No. If you say Yes, you will know if the other side said Yes, because the case will be settled per the below proposed amount and terms. If you say Yes, you will likewise know if the other side said No, because there will be no settlement. If you say No, you will <u>not</u> be told whether the other party said Yes or No. This approach ensures that everyone is protected from there being a psychological floor or ceiling established in the event the case does not settle.

If any party changes this Proposal, that is the equivalent of a No.

This Proposal is intended to fully and completely resolve and settle <u>all</u> claims that have been asserted, or could have been asserted, in this case.

With the above in mind, the Proposal is as follows:

- The parties will jointly file a Notification of Death Upon the Record and Joint Motion to Dismiss Timothy Bryson pursuant to Rule 25(a)(2), noting Mr. Bryson's death on the record and requesting that he be dismissed from the case because his claim to the policy proceeds, if any, is through CEDI, and because he was in default prior to his death.
- After filing the Notification of Death and Joint Motion to Dismiss Timothy Bryson, the parties will file a joint motion with the Court that requests the following:
  - 70% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to Life Advance, subject to the dismissal of Timothy Bryson;
  - 30% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to California Energy Development, Inc., Mickey Nicholson, and Jason Voelker, subject to dismissal of Timothy Bryson. CEDI, Nicholson, and Voelker will agree in their discretion on the proper allocation of these funds among themselves;
  - Each party shall bear its own attorney fees and costs; and
  - Requesting dismissal of the interpleader action with prejudice.

- The parties shall execute a formal settlement agreement setting agreeing to the matters in the joint motion. Other terms of the formal settlement agreement shall include:
  - The parties shall execute a full release of all claims, known and unknown, against all other parties, including a California Civil Code section 1542 waiver;
  - The parties covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case; and

o The agreement shall attach a formal resolution by CEDI confirming that it has full authorization to enter into the settlement and that the person signing the settlement agreement and joint motion on behalf of CEDI has full authority to do so.

Deadline to respond: Both sides have until 4:00 pm PT on April 19, 2022, to email (to efile_goddard@casd.uscourts.gov) their Yes or No response to this Proposal.

Important Note: Please let me know ASAP if either side feels that I have failed to include one or more material terms, or if they have questions about the Proposal.

Best regards,
Hon. Allison H. Goddard

Life Advance, CEDI, Mr. Voelker, and Mr. Nicholson all expressly stated to the Court via email that they accepted the Mediator's Proposal, and the Court notified the parties of the acceptance on April 19, 2022. The emails reflecting the acceptance of the Mediator's Proposal are attached hereto as **Exhibit A**.

**B. Background of Events Since Acceptance of the Proposal**

After all parties accepted the April 12 Mediator's Proposal, the parties agreed that CEDI's counsel would prepare the filings related to the dismissal of deceased Defendant Timothy Bryson from the case, and that Life Advance's counsel would prepare the joint motion to disburse the interpleaded funds and to dismiss the case, as well as the formal written settlement agreement.

From there, finalization of the settlement stalled due to the conduct of the CEDI parties. Counsel for Life Advance Russell De Phillips first provided a draft of the joint motion to disburse funds to counsel for CEDI Benjamin Gale via email on April 27, 2022, and provided a draft settlement agreement to counsel for CEDI via email on April 28, 2022. Mr. De Phillips also emailed the proposed settlement agreement to all the CEDI parties, with a copy to the Court, on April 29, 2022. *See* **Exhibits B and C** attached hereto.

Thereafter, the Court held several settlement disposition conferences ("SDC"). At the first SDC on May 10, 2022, counsel for CEDI Mr. Gale represented that he had received the agreement but had not yet had an opportunity to discuss it with Mr. Nicholson and Mr. Voelker. Mr. Nicholson and Mr. Voelker also confirmed receipt of the agreement and but stated that they needed to discuss it with Mr. Gale. Mr. Gale further stated that he was in New Orleans and driving to the airport, but that he had several hours before his return flight to California, and he stated to the undersigned's law clerk that he would immediately call Mr. Voelker and Mr. Nicholson following the SDC to go over the settlement agreement with them that day.

In stark contrast to these representations at the first SDC, during the second SDC 15 days later on May 25, 2022, all three men stated that they had only just received the settlement agreement approximately four days prior, and that they had not yet had an opportunity to discuss it amongst themselves. The undersigned then set a third SDC for June 3, 2022, requiring the parties to appear via videoconference and to go through the written agreement with the Court. ECF No. 362. Additionally, the CEDI parties were required to provide a responsive draft of the settlement agreement to counsel for Life Advance by June 1, 2022, "with comments and edits in tracked changes" and were required to copy the Court on the email. *Id.* at 1-2. Although the CEDI parties did provide a responsive draft settlement agreement to counsel for Life Advance on June 1, it was not a redline version as ordered by the Court, nor was the Court copied on the email. Mr. Gale stated that he could not provide a redline version because the proposed agreement was sent in Wordperfect format, but he provided a redline at 1:01 p.m. on June 3, 2022, just before the SDC was scheduled to begin. *See* **Exhibit D** attached hereto.

The CEDI parties raised an issue regarding the scope of the release in the settlement agreement during the June 3 SDC, with Mr. Voelker stating that CEDI wished to bring additional claims against Pruco and attorney Ben Thomas-Hamilton, who signed a previous settlement agreement on behalf of CEDI in connection with an earlier action concerning the same policy. Therefore, Mr. Voelker stated that the CEDI parties would not include

Pruco in the release, nor would they agree to a release encompassing all claims that were brought or could have been brought in this action. Neither Mr. Voelker, Mr. Gale, nor Mr. Nicholson ever raised that issue during either of the first SDCs, despite having had a copy of the draft settlement agreement from Mr. De Phillips since April 29, 2022, and despite having expressly agreed to the terms of the Mediator's Proposal, including that the parties would request "dismissal of the interpleader action with prejudice," on April 19, 2022.

Settlement discussions continued notwithstanding the scope-of-release dispute. The undersigned issued a second Mediator's Proposal on June 6, 2022, which consisted of a complete proposed draft settlement agreement based on the parties' discussions of Life Advance's draft agreement during the June 3 conference. The parties were given until 4:00 p.m. on June 13, 2022 to respond to the proposal, but none of the CEDI parties timely responded. Ultimately, the second proposal was not accepted. *See* **Exhibit E** attached hereto.

On June 14, 2022, the presiding District Judge in this case, Chief Judge Dana M. Sabraw, issued an Order to Show Cause why the case should not be dismissed because the docket reflected that the case had settled. ECF No. 365. The Court directed the parties to respond to the Order to Show Cause at the Final Pretrial Conference scheduled for June 17, 2022. *Id.*

At the June 17 hearing, all parties agreed on the record before Chief Judge Sabraw that they had reached a binding settlement agreement, but that they disagreed regarding the scope of the release to be included in the written agreement. *See* June 17, 2022 H'rg Tr., ECF No. 369, at 8:21-9:11 (Mr. Gale stating that "California Energy's position is that we have a settlement agreement, a settlement agreement that is not all that difficult to enforce[,]" and requesting that the Court construe the meaning of certain "collateral terms" in the Mediator's Proposal); 11:5-11 (Mr. Gale stating that the parties have a written settlement agreement comprising the emails, including the April 12 Mediator's Proposal); 11:15-17 (Mr. De Phillips stating Life Advance's position that "there is a settlement and that it is binding and it is enforceable, and it is embodied in Judge Goddard's Mediator's

3:18-cv-02280-DMS-AHG

Proposal"); 12:8-10 (Mr. Voelker stating that "we do in fact have a binding settlement agreement, but there is a dispute as to the language involving the parties and claims"); 12:17-18 (Mr. Nicholson stating his agreement with Mr. Gale and Mr. Voelker that the parties "have an agreement"); 13:10-19 (Mr. Gale, Mr. Nicholson, and Mr. Voelker all confirming Chief Judge Sabraw's statement that "the only remaining issue" is "the scope of the releases."); 15:11-20 (Chief Judge Sabraw noting for the record, after confirming with the parties, that "there is complete agreement by all parties as to the substance of the interpled funds and how they will be disbursed between Plaintiffs, Defendants, Counterclaimants, Third-Party Plaintiffs and the like. The sole issue, then, would be the scope of the release and the language specifically relating to the provision that Judge Goddard set out [in the April 12 Mediator's Proposal] that the release includes all claims . . . 'that have been asserted or could have been asserted in this case'"). Mr. Gale, Mr. Voelker, and Mr. De Phillips all agreed on the record that the sole remaining issue was the scope of the release and, more specifically, how to construe the portion of the Mediator's Proposal referring to the undersigned's intention for the proposal "to fully and completely resolve and settle all claims that have been asserted, or could have been asserted, in this case." H'rg Tr. 15:11-16:11.

Following the hearing, Chief Judge Sabraw ordered the parties to meet and confer in good faith by June 27, 2022, with counsel for Pruco included, and to notify the Court by June 27 whether they had been able to execute a written settlement agreement. ECF No. 368. If there was no written settlement agreement in place by that date, the Court stated that it would issue a follow-up order setting out the remaining trial-related deadlines for motions in limine and other matters. *Id.* at 2.

To assist the parties in their meet-and-confer efforts, the undersigned set a meet-and-confer session on the Court's official Zoom conference account on June 24, 2022, and required Mr. De Phillips, Mr. Gale, Mr. Voelker, Mr. Nicholson, and counsel for Pruco to attend. ECF No. 370. Although Judge Goddard did not preside over the conference due to being out of district, her law clerk attended to take notes and help steer the discussion. Mr.

Voelker initially failed to appear for the conference but eventually joined more than 90 minutes into the session, after Judge Goddard's clerk emailed him to remind him of his Court-ordered obligation to attend.

Relevant to the CEDI parties' later conduct, when asked during the meet-and-confer session on June 24 which portion of the Mediator's Proposal constituted the binding, enforceable settlement agreement in CEDI's view, the CEDI parties confirmed their stance that every bulleted portion of the Mediator's Proposal was binding, i.e., the portion immediately following "With the above in mind, the Proposal is as follows:" and immediately preceding "Deadline to respond. . . ." Therefore, consistent with their position at the June 17 conference before Chief Judge Sabraw, the parties explained that the key disagreement animating the scope-of-release dispute was whether Judge Goddard's statement in the "preamble" portion of the Mediator's Proposal referring to the intention for the proposal "to fully and completely resolve and settle all claims that have been asserted, or could have been asserted, in this case" was a binding term of the agreement. If not, because Pruco was no longer a party to the case at the time of the proposal, the CEDI parties argued they were not obligated to release their claims against Pruco pursuant to the bullet-point provisions stating that "*[t]he parties* shall execute a full release of all claims, known and unknown, against *all other parties*" and that "*the parties* covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case" (emphasis added). On the other hand, if that portion of the preamble was a binding part of the agreement, Pruco should be included in the release because CEDI's claims against Pruco "could have been asserted[] in this case."

After more than three hours, the parties left the June 24 meet-and-confer session with an agreement on the scope-of-release dispute. Namely, Life Advance agreed to expressly carve out Pruco and Mr. Hamilton from the release, in exchange for CEDI's agreement to indemnify Life Advance against any future claims brought by Pruco or Mr. Hamilton, and an agreement to collateralize the indemnification clause with a set-aside security amount from the settlement funds of $50,000. Counsel for Life Advance provided

an updated draft of the settlement agreement containing these newly agreed-upon terms to the CEDI parties later that evening on June 24, 2022.

As already discussed, the CEDI parties had repeatedly represented that the scope of the release was the sole outstanding dispute to be resolved before the settlement agreement could be executed. Yet despite putting that dispute to rest at the June 24 conference, the CEDI parties continued to try to make late-game changes to the agreement. The following day, counsel for CEDI raised another new issue for the first time. Specifically, Mr. Gale emailed counsel for Life Advance on the afternoon of Saturday, June 25, 2022, stating that there was "one small issue that will not affect the substance of the agreement but will require us to keep this case open even after the proceeds are distributed." Mr. Gale explained that there was case law indicating that "Rule 13 of the FRCP says we have to bring our counterclaim [against Pruco] in this action[,]" and that he had made "some small changes to the settlement agreement" to address the issue. *See* **Exhibit F** attached hereto.

Although the proposed change to keep the case open directly conflicted with one of the bullet-point terms of the April 12, 2022 Mediator's Proposal that all parties agreed was binding, i.e., that they would "request[] dismissal of the interpleader action with prejudice[,]" Mr. De Phillips continued to engage in good faith to accommodate the request, representing to Mr. Gale that Life Advance did not oppose the request. *See id.* However, Mr. Gale failed to include any changes related to that issue in the redline he provided to the other parties (with a copy to the Court) on the morning of June 27. Indeed, the redline he proposed included the following provision:

> After the Settlement Proceeds are received by the respective Parties, the Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to dismiss the Interpleader Action with prejudice as to all parties and all claims, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement.

*See* **Exhibit G** attached hereto, at 28.

Mr. De Phillips noted the absence of any such term in response to Mr. Gale's new redline, stating:

3:18-cv-02280-DMS-AHG

Saturday, you mentioned a counterclaim against Pruco in this action.  I interpreted that to mean you wanted the settling parties' crossclaims and third party claim dismissed with prejudice but try to keep the action pending to bring a claim against Pruco.  You made no change in that regard so please confirm that is no longer an issue to address in this settlement agreement.

*See* **Exhibit H** attached hereto, at 2-3. Mr. Gale then clarified that "CEDI cannot agree to dismiss the underlying interpleader case because it is likely that any claim we might bring against Pruco would have to be brought as a counterclaim under that case number." *Id.* at 2. Yet he did not provide a new redline to reflect this change.

Then, at 1:59 p.m. on June 27, Mr. Voelker raised another new issue for the first time, erroneously insisting that the settling parties "had all agreed" that Life Advance would assign its claims to the CEDI parties. **Exhibit I**. While the CEDI parties had agreed to indemnify Life Advance against any claims brought by Pruco or Ben-Thomas Hamilton against any of the Life Advance released parties, which would give rise to subrogation rights of the indemnitors, the parties had never discussed (let alone agreed to) the assignment of all of Life Advance's claims to the CEDI parties.

Nonetheless, Mr. De Phillips continued to seek a resolution that would address Mr. Voelker's concerns that the CEDI parties might not be permitted to defend against any subsequent suit on Life Advance's behalf without an outright assignment of claims. Specifically, Mr. De Phillips first responded by explaining that the settlement agreement, as drafted, already contained language to capture the subrogation rights of the CEDI parties "with respect to any claims which arise or inure to the benefit of any of the Life Advance Released Parties as the result of any claim or action by Pruco, Ben-Thomas Hamilton, or any other third party, giving rise to an indemnity obligation hereunder." *See* **Exhibit J** attached hereto, at 2. When Mr. Voelker continued to insist on an assignment of claims, Mr. De Phillips proposed adding language to the indemnification clause expressly stating that "Life Advance will execute an assignment of such subrogation rights at the time and to the extent they exist." *Id.* at 7, 10. Mr. Voelker never responded to that suggested compromise, nor did any other CEDI party respond to Mr. De Phillips's revised draft

3:18-cv-02280-DMS-AHG

agreement circulated via docusign at approximately 4:41 p.m. *Id.* at 12-13.

Instead, the CEDI parties continued to raise issues well into the evening of June 27, the day of the Court's deadline to execute a written settlement agreement or else proceed to trial. At 6:51 p.m. the same day, Mr. Gale raised a new issue regarding the language of the indemnity provision, asking that it contain the statement that "Life Advance has disclosed to CEDI all writings evidencing communications between Pruco and Life Advance or its agents that could reasonably support a cause of action against Life Advance," and further asking that the agreement include a clause allowing the immediate release of the $50,000 security if CEDI drops all of its claims with prejudice before filing suit. *See* **Exhibit K** attached hereto. Then, at 11:40 p.m. on June 27, Mr. Voelker resurrected the issue regarding whether the case would be dismissed with prejudice, stating:

> I am prepared to sign the agreement; however, I note that the agreement states that the entire case and all parties will be dismissed with prejudice.
>
> This is actually incorrect.
>
> While Life Advance, Nicholson, and I will be dismissed from the case with prejudice my understanding from our negotiations is that CEDI will remain in the case in the event the upcoming suit against Pruco is brought in the same court[.]
>
> *Please make that slight modification and I will promptly sign.*

*See* **Exhibit L** attached hereto (emphasis added). Mr. De Phillips continued to engage in good faith with the CEDI parties' evolving requests, sending a new redline on June 28, 2022 at 3:26 p.m. that (1) added language to clarify that Life Advance will execute an assignment of the subrogation claims, despite his position that such language is not necessary because subrogation rights of indemnitors are statutory in California; (2) changed the language to reflect that the parties would only be filing a joint motion to dismiss the claims of the parties against each other, rather than to dismiss the entire action, and added CEDI's intent to file a motion for leave to file a counterclaim against Pruco; (3) clarified the language related to the release of the $50,000 security if the CEDI parties do

not pursue their claims against Pruco; and (4) added to the representations and warranties by all parties that they have produced all documents responsive to document requests except for documents withheld pursuant to objections to the requests. *See* **Exhibit M** attached hereto.

Despite his previous representation, neither Mr. Voelker nor any other CEDI party "promptly sign[ed]" the new draft agreement, even though it contained the requested modification to keep the case open to allow CEDI to bring a counterclaim against Pruco in this case. Indeed, to date, no party has signed any of the numerous drafts of the settlement agreement circulated by Mr. De Phillips, prompting Life Advance to file the instant motion on June 30, 2022.

## II.    DISCUSSION

### A. **Motion to Enforce Settlement Agreement, Disburse Funds, and Dismiss Action with Prejudice**

As an initial matter, the CEDI parties have failed to file an opposition to Life Advance's motion to enforce the settlement agreement by the deadline of July 6, 2022 set forth in this Court's briefing schedule. *See* ECF No. 376. Civil Local Rule 7.1 provides "[i]f an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). Since the CEDI parties have failed to oppose the motion to enforce the settlement agreement, on this ground alone, the Court could grant the motion. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"); *Heston v. GB Capital Holdings, LLC*, No. 16cv912-WQH-RBB, 2016 WL 4468254, at *2 n.1 (S.D. Cal. Aug. 23, 2016) (noting that a "court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond"). However, the undersigned will proceed to the merits of the

motion to provide the Court with a full understanding of the rationale underlying the recommendation herein.

### i. <u>Jurisdiction</u>

Although there must be an independent basis for federal jurisdiction to address a dispute arising under a settlement agreement after a case has been dismissed, the Court has jurisdiction to enforce the settlement agreement embodied by the April 12, 2022 Mediator's Proposal, because the case remains pending before this Court. *Colbert v. Leininger*, No. 2:13-CV-0382-KJM-KJNP, 2017 WL 4534417, at *1 (E.D. Cal. Oct. 11, 2017), *report and recommendation adopted*, 2018 WL 1413137 (E.D. Cal. Mar. 21, 2018) (noting that "courts [] have the authority to enforce a settlement agreement while the litigation is still pending") (citing *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) and *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016)). *See also Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) ("courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it"); *York Int'l Corp. v. RVD Heating & Air Conditioning*, No. CV F 08-0480 LJO DLB, 2009 WL 33423, at *1 (E.D. Cal. Jan. 5, 2009) ("If a dismissal is not final, a district court has continuing jurisdiction to enforce, modify or vacate the settlement agreement. Where an action is still pending, . . . a party may seek to enforce a settlement agreement.") (internal citations omitted).

### ii. <u>Choice of Law</u>

A district court's power "to enforce summarily an agreement to settle a case pending before it" is a federal equitable power. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "However, the district court may enforce only *complete* settlement agreements. Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id.* (internal citations omitted) (emphasis in original).

Regardless of whether the underlying claim is state or federal, "the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th

Cir. 2004) (quoting *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992)). *See also York Int'l Corp.*, 2009 WL 33423, at \*2 (explaining that "disputes concerning a settlement agreement are governed by applicable state contract law"). Thus, although the power to enforce the settlement agreement is a federal equitable power that is constrained by the threshold requirement that the agreement be complete, the Court must look to California law to aid in making that initial determination, as well as to construe and enforce the agreement from there if it is determined to be enforceable.

### iii.   <u>Whether the Agreement is Complete</u>

Here, the parties are in full agreement that they have a binding, enforceable settlement agreement embodied by at least the following portion of the April 12, 2022 Mediator's Proposal:

- The parties will jointly file a Notification of Death Upon the Record and Joint Motion to Dismiss Timothy Bryson pursuant to Rule 25(a)(2), noting Mr. Bryson's death on the record and requesting that he be dismissed from the case because his claim to the policy proceeds, if any, is through CEDI, and because he was in default prior to his death.
- After filing the Notification of Death and Joint Motion to Dismiss Timothy Bryson, the parties will file a joint motion with the Court that requests the following:
  - 70% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to Life Advance, subject to the dismissal of Timothy Bryson;
  - 30% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to California Energy Development, Inc., Mickey Nicholson, and Jason Voelker, subject to dismissal of Timothy Bryson. CEDI, Nicholson, and Voelker will agree in their discretion on the proper allocation of these funds among themselves;
  - Each party shall bear its own attorney fees and costs; and
  - Requesting dismissal of the interpleader action with prejudice.

3:18-cv-02280-DMS-AHG

- The parties shall execute a formal settlement agreement setting agreeing [sic] to the matters in the joint motion. Other terms of the formal settlement agreement shall include:
  - The parties shall execute a full release of all claims, known and unknown, against all other parties, including a California Civil Code section 1542 waiver;
  - The parties covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case; and
  - The agreement shall attach a formal resolution by CEDI confirming that it has full authorization to enter into the settlement and that the person signing the settlement agreement and joint motion on behalf of CEDI has full authority to do so.

**Exhibit A** at 2-3.

The threshold question before the Court is whether the parties' agreement to the above terms constitutes a complete—and thus an enforceable—contract.

The essential elements of an enforceable contract under California law are (1) parties capable of contracting, (2) the consent of those parties, (3) a lawful object, and (4) adequate consideration. Cal. Civ. Code § 1550. The consent of the parties to a contract must be free, mutual, and communicated by each to the other. Cal. Civ. Code § 1565. Consent is not mutual unless the parties all agree "upon the same thing in the same sense." Cal. Civ. Code § 1580. "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe. Accordingly, the primary focus in determining the existence of mutual consent is upon the acts of the parties involved." *Monster Energy Co. v. Schechter*, 444 P.3d 97, 102 (Cal. 2019) (internal quotations and citations omitted).

Notably, the Mediator's Proposal anticipates that the parties will execute a formal settlement agreement in the future. Under California law, a mere "agreement to agree" is not enforceable as a contract. *In re Ankeny*, 184 B.R. 64, 71 (B.A.P. 9th Cir. 1995) (citing *Store Properties v. Neal*, 164 P.2d 38, 40 (Cal. Ct. App. 1945)). *See also Harris v. Rudin,*

*Richman & Appel*, 87 Cal. Rptr. 2d 822, 828 (Cal. Ct. App. 1999). ("[W]here the writing shows it was not intended to be binding until a formal written contract is executed, there is no contract."). On the other hand, "[w]here the writing at issue shows no more than an intent to further reduce the informal writing to a more formal one[,] the failure to follow it with a more formal writing does not negate the existence of the prior contract." *Id.* (internal quotations and citation omitted). The parties' expectations regarding whether they intended their agreement to be binding "may be inferred from the conduct of the parties and the surrounding circumstances. In looking at the instrument as a whole, if the parties agreed to the essential terms in writing, there is an enforceable contract between them even if they may have contemplated that a more formal agreement would be signed later." *In re Ankeny*, 184 B.R. at 71 (internal quotations and citations omitted).

Here, the undersigned recommends the Court find, based on the conduct of the parties and the surrounding circumstances, that the parties' agreement to the Mediator's Proposal was more than a mere "agreement to agree," and that the above terms of the April 12, 2022 Mediator's Proposal constitute a binding, enforceable contract.

All parties stated in writing that they agreed to the above terms. Even after the undersigned's June 6, 2022 Mediator's Proposal of a complete formal written settlement agreement was rejected, the CEDI parties all confirmed via email that they believed the parties had a binding, enforceable contract on the basis of their acceptance of the April 12, 2022 Mediator's Proposal. *See* **Exhibit N** attached hereto. All parties further confirmed on the record during the June 17 hearing that they believe there is a binding, enforceable contract as a result of their acceptance of the April 12 Mediator's Proposal, despite their disagreement regarding the enforceability of the "preamble" terms and the scope of the releases to be included in the formal writing. Thus, based on the parties' outward manifestations of consent, the undersigned concludes that all parties agreed "upon the same thing in the same sense" with respect to the above terms of the Mediator's Proposal, even if they disagreed about whether the preamble portion of the email was itself part of the agreement. Cal. Civ. Code § 1580.

The undersigned further finds that there is at least ambiguity regarding whether the "preamble" portion of the Mediator's Proposal, which included the statement that the proposal was "intended to fully and completely resolve and settle <u>all</u> claims that have been asserted, or could have been asserted, in this case[,]" was itself part of the settlement agreement reached by the parties. For that reason, the Court finds there was no meeting of the minds with respect to whether the preamble constituted a material term of the agreement.

However, there was no ambiguity regarding the scope of the release as set forth in the substantive portion of the Mediator's Proposal. Among the bullet-point items, the proposal provided that "[t]he parties shall execute a full release of all claims, known and unknown, against all other parties, including a California Civil Code section 1542 waiver" and that "[t]he parties covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case[.]" Pruco was not a party to the case, and it is not a party to the settlement agreement. Therefore, there is no enforceable agreement among the parties to release Pruco (or any other person or entity other than the settling parties).

In sum, all parties agreed on the record during the June 17 hearing that they have a binding settlement agreement on all substantive, material terms. Therefore, it is of no import whether the parties had a meeting of the minds with respect to whether the preamble portion of the Mediator's Proposal was part of the agreement. The question before the Court is whether there was a meeting of the minds on all material terms. The undersigned finds that there was. The parties' outward manifestations of acceptance of the written April 12, 2022 Mediator's Proposal, as well as their oral representations made on the record during the June 17 hearing that they all agreed there was a binding, enforceable settlement agreement with respect to all substantive terms, compel the conclusion that the parties have assented to all bulleted terms of the April 12, 2022 Mediator's Proposal. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002) (finding a settlement agreement was enforceable without a need for an evidentiary hearing on whether an agreement existed

because "the parties dispelled any such questions in open court") (citing *Vari–O–Matic Machine Corp. v. N.Y. Sewing Machine Attachment Corp.*, 629 F. Supp. 257, 259 (S.D.N.Y. 1986) ("[I]n this case since both parties made representations to the court that agreement had been reached, there can be no factual dispute that a settlement had been consummated, and the court is empowered summarily to require the parties to comply with their representations without holding a hearing.")). As to the scope of release among the settling parties, the language of the proposal is clear and unambiguous. The proposal requires a general release of all claims, known and unknown. That plenary release covers all claims that were brought or could have been brought in this case against any other settling parties, and indeed any claim at all.

Accordingly, the undersigned finds that there is a complete settlement agreement that the Court has the equitable power to enforce.

### iv.   <u>Enforcement of the Settlement Agreement</u>

California law provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Cal. Civ. Proc. Code § 664.6(a).

Additionally, "[t]he statutory procedure for enforcing settlement agreements under section 664.6 is not exclusive. Thus, even when the summary procedures of section 664.6 are not available, a party can still seek to enforce a settlement agreement by, among other things, prosecuting an action for breach of contract." *Harris*, 87 Cal. Rptr. 2d at 827–28 (citations omitted).

Here, Life Advance seeks to enforce the settlement agreement based on principles of state contract law rather than section § 664.6(a). ECF No. 373-1 at 14-15.

The Court's enforcement power includes authority to compel specific performance, authority to award damages for failure to comply with the settlement agreement, or authority to award unliquidated damages, as appropriate. *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).

The Ninth Circuit "is firmly committed to the rule that the law favors and encourages compromise settlements. There is an overriding public interest in settling and quieting litigation. It is well recognized that settlement agreements are judicially favored as a matter of sound public policy. Settlement agreements conserve judicial time and limit expensive litigation." *Camacho v. City of San Luis*, 359 F. App'x 794, 796 (9th Cir. 2009) (quoting *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (internal citations and quotation marks omitted)).

Based on these principles, the undersigned recommends that the Court grant Life Advance's request to compel the CEDI parties' specific performance of the contract and order CEDI, Mr. Voelker, and Mr. Nicholson to comply with the settlement agreement embodied by the bulleted portions of the April 12, 2022 Mediator's Proposal. Namely, the Court should (1) order the disbursement of 70% of the interpleaded funds from the Court's registry to Life Advance; (2) order the disbursement of 30% of the interpleaded funds to California Energy Development, Inc., Mickey Nicholson, and Jason Voelker, and ordering the CEDI parties to decide amongst themselves how to properly allocate the funds amongst themselves and to file a Notice on the docket within 3 days of the date of the Court's Order stating their preferred allocation to allow the disbursement to proceed; and (3) dismiss the case with prejudice, with each party to bear its own attorney fees and costs.

Notably, these terms do not include any reference to release of non-parties, and they do include dismissal of the action with prejudice, despite the parties' later agreement to keep the case open to preserve CEDI's ability to bring compulsory counterclaims against Pruco in this action.

To explain further, first, because the Mediator's Proposal provided only that the parties would execute a mutual general release as to "all other parties," the Court should not require the parties to expand the scope of the release to anyone but the other parties to the case at the time the Mediator's Proposal was accepted, i.e., Life Advance, CEDI, Mr. Nicholson, Mr. Voelker, and any of their agents, representatives, affiliates, shareholders, officers, partners, members, directors, successors, assigns, etc. In other words, the parties'

later agreements during ongoing settlement negotiations to specially carve out Pruco and Mr. Hamilton in exchange for an indemnification clause are not binding terms, because they were not embodied in the initial Mediator's Proposal that constitutes the settlement agreement the Court has authority to enforce. But nor was there a binding agreement by the settling parties to release Pruco or any other person or entity who was not a party to the case at the time the Mediator's Proposal was accepted. However, as counsel for CEDI has acknowledged, once the case is dismissed with prejudice, there are likely no viable claims that could be brought against Pruco (or anyone else) concerning the insurance policy at issue in this interpleader action.

Second, unlike the question regarding whether all parties manifested an intent to adopt the "preamble" portion of the Mediator's Proposal as part of their agreement, there is no ambiguity as to whether the CEDI parties agreed to dismiss this action with prejudice. They did. The term providing that the parties would dismiss the interpleader action with prejudice was clearly set forth in the bullet points making up the "proposal" portion of the email, which the CEDI parties have always agreed was binding. It was not until after that June 24 meet-and-confer session that CEDI's counsel first brought up their request not to dismiss this action with prejudice, after apparently having discovered through additional research that the claims the CEDI parties still want to bring against Pruco might be compulsory counterclaims in this action. However, if the Court enforces the settlement agreement embodied by the April 12, 2022 Mediator's Proposal, it should order dismissal of the action with prejudice, as clearly agreed upon by all parties. "The objective intent as evidenced by the words of the instrument, not the parties' subjective intent, governs our interpretation." *Harris*, 87 Cal. Rptr. 2d at 828.

Therefore, the undersigned recommends that the Court **GRANT** Life Advance's request to enforce the settlement agreement, **GRANT** the request to disburse the funds deposited in the Court's registry in accordance with that agreement, and **GRANT** the request to dismiss this action with prejudice.

\\

3:18-cv-02280-DMS-AHG

### B. Motion for Sanctions

The undersigned agrees that the CEDI parties' conduct throughout settlement negotiations suggests they are engaging in the negotiations in bad faith.

To date, the parties have still not signed any written agreement. Nor have the CEDI parties even filed a response to Life Advance's motion to enforce the agreement. The undersigned finds that the CEDI parties' conduct of repeatedly requesting new changes to the written agreement for months after accepting the Mediator's Proposal and weeks after appearing to have reached resolution on all outstanding disputes at the June 24 conference, as well as their repeated defiance of Court orders related to settlement negotiations, as outlined in great detail in Section I.B. above, provides ample evidence that they are not engaging in the settlement negotiations in good faith.

In addition to the bad-faith settlement negotiation conduct described in Section I.B, Mr. Voelker made misrepresentations to the Court regarding the status of settlement. When the parties were given notice that this Report and Recommendation would be issued imminently on Friday, July 8, 2022, Mr. Voelker sent an email to the Court at 4:07 p.m. that day stating, "I have signed the agreement. My understanding was I am the last and final person to sign, which means we have a binding agreement." *See* **Exhibit O** attached hereto, at 3. However, Mr. De Phillips informed the Court at 4:25 p.m. that the parties had still not executed the final agreement, and that the version of the agreement signed by Mr. Voelker was a previous version circulated on June 20, 2022 that had gone through several revisions since that date, and which Life Advance would not agree to sign. *Id.* at 2. Although the Court recognizes that Mr. Voelker is a *pro se* party, when considered along with the pattern of his previous settlement conduct, Mr. Voelker's eleventh-hour misrepresentation to the Court that the parties "have a binding agreement" could reasonably be viewed as a bad-faith attempt to delay the issuance of the Report and Recommendation on Life Advance's motion to enforce the settlement agreement, or perhaps as an attempt to force through a version of the agreement that he favored.

However, it would be improper to issue sanctions against the CEDI parties without

first giving them adequate notice and an opportunity to be heard. The undersigned thus recommends that the Court **DEFER** ruling on the request for sanctions until after the Court allows a full hearing on the issue. The undersigned further recommends that the Court refer the issue of sanctions to the undersigned for a Show Cause hearing, to take place after the funds have been disbursed and the case dismissed.

## III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Court issue an Order **GRANTING in part** and **DEFERRING in part** Life Advance's Motion to Enforce Settlement, Disburse Funds Deposited in Court Registry, Dismiss Action with Prejudice, and for Sanctions (ECF No. 373). In particular, the undersigned recommends that the Court issue an Order:

(1) approving and adopting this Report and Recommendation;

(2) **GRANTING** Life Advance, LLC's Motion to Enforce the Settlement Agreement;

(3) **GRANTING** Life Advance's Motion to Disburse Funds Deposited in the Court Registry;

(4) **DIRECTING** the Clerk of Court to disburse 70% of the interpleaded funds to Life Advance, LLC;

(5) **ORDERING** California Energy Development, Inc., Mickey Nicholson, and Jason Voelker to **jointly** file a Notice on the docket within 3 days of the date of the Court's order stating their preferred allocation of the funds amongst themselves, and **DIRECTING** the Clerk of Court to disburse the remaining 30% of the interpleaded funds to those three parties in accordance with the allocation specified in their Joint Notice;

(6) **DISMISSING** this action with prejudice; and

(7) **DEFERRING** ruling on Life Advance's Motion for Sanctions based on the bad-faith settlement conduct of the CEDI parties throughout settlement negotiations following acceptance of the Mediator's Proposal, and referring the issue to the

undersigned for a Show Cause Hearing to take place after the funds have been disbursed and the case dismissed.

The Court submits this Report and Recommendation to United States District Judge Dana M. Sabraw under 28 U.S.C. § 636(b)(1). Any party to this action may file written objections with the Court and serve a copy on all parties no later than **July 18, 2022**.[2]  The document should be captioned "Objections to Report and Recommendation."

**IT IS SO ORDERED.**

Dated: July 11, 2022

Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] Although § 636(b)(1) provides for a 14-day objections period, "[t]he court may require a response within a shorter period if exigencies of the calendar require." *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978). The trial in this matter is scheduled to commence on July 25, 2022. Accordingly, exigencies of the calendar require resolution of this motion to enforce settlement agreement prior to trial.

# EXHIBIT A

| From: | CASDdb_efile Goddard |
|---|---|
| To: | Benjamin Gale; Jason Voelker (jason.voelker@ymail.com); Mickey Nicholson; Russell De Phillips; Roy Carlson, Jr. |
| Cc: | CASDdb_efile Goddard |
| Subject: | Mediator"s Proposal in Case No. 3:18-cv-2280-DMS-AHG, Life Insurance Company v. California Energy Development, Inc. et al (CONFIDENTIAL SETTLEMENT COMMUNICATION; INADMISSIBLE FOR ANY PURPOSE) |
| Date: | Tuesday, April 12, 2022 4:45:15 PM |
| Attachments: | image001.png |

CONFIDENTIAL SETTLEMENT COMMUNICATION; INADMISSIBLE FOR ANY PURPOSE

RE: *Pruco v. CEDI et al.*, No. 18cv2280

Dear Counsel, Mr. Nicholson, and Mr. Voelker:

I am making the following Mediator's Proposal to resolve this case.

As a preliminary matter, I note the following:

This Proposal is <u>not</u> my evaluation of the case, and I expect it is a number that neither side will like. It is my best shot at ascertaining "the number" that I believe is the most that one side may be willing to pay, and the least that the other side would be willing to accept. This Proposal reflects our discussions, the information exchanged at our settlement conferences, and the practical realities of continued litigation.

This Proposal is "double blind." What that means is you will each tell me (via email by the deadline set forth below) confidentially Yes or No. If you say Yes, you will know if the other side said Yes, because the case will be settled per the below proposed amount and terms. If you say Yes, you will likewise know if the other side said No, because there will be no settlement. If you say No, you will <u>not</u> be told whether the other party said Yes or No. This approach ensures that everyone is protected from there being a psychological floor or ceiling established in the event the case does not settle.

If any party changes this Proposal, that is the equivalent of a No.

This Proposal is intended to fully and completely resolve and settle <u>all</u> claims that have been asserted, or could have been asserted, in this case.

With the above in mind, the Proposal is as follows:

- The parties will jointly file a Notification of Death Upon the Record and Joint Motion to Dismiss Timothy Bryson pursuant to Rule 25(a)(2), noting Mr. Bryson's death on the record and requesting that he be dismissed from the case because his claim to the policy proceeds, if any, is through CEDI, and because he was in default prior to his death.

- After filing the Notification of Death and Joint Motion to Dismiss Timothy Bryson, the parties will file a joint motion with the Court that requests the following:
  - 70% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to Life Advance, subject to the dismissal of Timothy Bryson;
  - 30% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to California Energy Development, Inc., Mickey Nicholson, and Jason Voelker, subject to dismissal of Timothy Bryson. CEDI, Nicholson, and Voelker will agree in their discretion on the proper allocation of these funds among themselves;
  - Each party shall bear its own attorney fees and costs; and
  - Requesting dismissal of the interpleader action with prejudice.

- The parties shall execute a formal settlement agreement setting agreeing to the matters in the joint motion. Other terms of the formal settlement agreement shall include:
  - The parties shall execute a full release of all claims, known and unknown, against all other parties, including a California Civil Code section 1542 waiver;
  - The parties covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case; and
  - The agreement shall attach a formal resolution by CEDI confirming that it has full authorization to enter into the settlement and that the person signing the settlement agreement and joint motion on behalf of CEDI has full authority to do so.

Deadline to respond: Both sides have until 4:00 pm PT on April 19, 2022, to email (to efile_goddard@casd.uscourts.gov) their Yes or No response to this Proposal.

Important Note: Please let me know ASAP if either side feels that I have failed to include one or more material terms, or if they have questions about the Proposal.

Best regards,
Hon. Allison H. Goddard



**Allison H. Goddard (she/her/hers)**
**Magistrate Judge**
**Southern District of California**
**(619) 557-6162**

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | CASDb_efile Goddard |
| **Cc:** | Roy Carlson, Jr. |
| **Subject:** | Pruco Life Insurance Company v. California Energy Development Inc., et al, Case No. 3:18-cv-2280 DMS-AHG |
| **Date:** | Wednesday, April 13, 2022 6:48:00 PM |

**CAUTION - EXTERNAL:**

Magistrate Judge Goddard:  Life Advance says Yes, and accepts your mediator's proposal to settle this case.  Thank you.

Russell M. De Phillips

MILBERG & DE PHILLIPS, P.C.

2163 Newcastle Avenue, Suite 200

Cardiff By The Sea, CA 92007

Tel. 760-943-7103

Fax 760-943-6750

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| **From:** | Jason Voelker |
|---|---|
| **To:** | CASDb_efile Goddard |
| **Cc:** | Benjamin Gale; Mickey Nicholson |
| **Subject:** | Mediator's Proposal in PRUCO v. CEDI, et al. |
| **Date:** | Tuesday, April 19, 2022 8:53:00 AM |

**CAUTION - EXTERNAL:**

Dear Judge Goddard,

I, Jason Voelker, as secretary and acting president of California Energy Development, Inc., accept all the terms of settlement set forth by Judge Magistrate Goddard in her email of  4/12/2022.

Regards,

Jason Voelker and Secretary and Acting President of California Energy Development Inc.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Jason Voelker |
| **To:** | CASDdb_efile Goddard; CASDdb_efile Goddard |
| **Cc:** | Benjamin Gale; Mickey Nicholson |
| **Subject:** | Re: Mediator's Proposal in PRUCO v. CEDI, et al. |
| **Date:** | Tuesday, April 19, 2022 3:24:37 PM |

**CAUTION - EXTERNAL:**

Kathleen,

Sorry for the delay, but I've been out and about and am just now seeing your email.

I'll pass the message along to Mr. Nicholson.

To clarify, I intended my acceptance of the mediator's proposal to be both for myself as an individual and on behalf of CEDI as its secretary and interim president.

However, for clarity, I hereby accept the mediator's proposal in both my individual and official capacities.

Thank you,

Jason

On Tuesday, April 19, 2022, 10:43:50 AM PDT, CASDdb_efile Goddard <efile_goddard@casd.uscourts.gov> wrote:

Good morning Mr. Voelker,

Thanks so much for your response. Judge Goddard intends to send an email to everyone with an update later this afternoon after we have received responses from all parties. To that end, I'd like to clarify that we do still need responses from Mr. Nicholson and from you as individuals, just to be sure all the i's are dotted and t's are crossed.

Thank you again,

Kathleen

**Kathleen Mayer**

Law Clerk to the Hon. Allison H. Goddard

United States District Court

Southern District of California

Chambers: (619) 557-6162

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Tuesday, April 19, 2022 8:53 AM
**To:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Cc:** Benjamin Gale <bengalelaw@gmail.com>; Mickey Nicholson <mickeynicholson@gmail.com>
**Subject:** Mediator's Proposal in PRUCO v. CEDI, et al.

**CAUTION - EXTERNAL:**

Dear Judge Goddard,

I, Jason Voelker, as secretary and acting president of California Energy Development, Inc., accept all the terms of settlement set forth by Judge Magistrate Goddard in her email of 4/12/2022.

Regards,

Jason Voelker and Secretary and Acting President of California Energy Development Inc.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| From: | Mickey Nicholson |
|-------|------------------|
| To: | CASDdb_efile Goddard |
| Cc: | Jason Voelker; Benjamin Gale |
| Subject: | Re: Mediator's Proposal in PRUCO v. CEDI, et al. |
| Date: | Tuesday, April 19, 2022 3:46:46 PM |

**CAUTION - EXTERNAL:**

I, Mickey Nicholson, agree with all the settlement terms of
Mediator's Proposal in Case No. 3:18-cv-2280-DMS-AHG by Judge Magistrate Goddard in
her email of 4/12/2022, with the understanding that the provision that "Each party shall bear
its own attorney fees and costs" includes attorney fees incurred by Life Advance in the
proceedings concerning John Walsh.

Thank you,

Mickey Nicholson


On Tue, Apr 19, 2022, 10:43 AM CASDdb_efile Goddard
<efile_Goddard@casd.uscourts.gov> wrote:

> Good morning Mr. Voelker,
>
>
> Thanks so much for your response. Judge Goddard intends to send an email to everyone
> with an update later this afternoon after we have received responses from all parties. To that
> end, I'd like to clarify that we do still need responses from Mr. Nicholson and from you as
> individuals, just to be sure all the i's are dotted and t's are crossed.
>
>
> Thank you again,
>
> Kathleen
>
>
> **Kathleen Mayer**
>
> Law Clerk to the Hon. Allison H. Goddard
>
> United States District Court
>
> Southern District of California
>
> Chambers: (619) 557-6162

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Tuesday, April 19, 2022 8:53 AM
**To:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Cc:** Benjamin Gale <bengalelaw@gmail.com>; Mickey Nicholson
<mickeynicholson@gmail.com>
**Subject:** Mediator's Proposal in PRUCO v. CEDI, et al.

**CAUTION - EXTERNAL:**

Dear Judge Goddard,

I, Jason Voelker, as secretary and acting president of California Energy Development, Inc.,
accept all the terms of settlement set forth by Judge Magistrate Goddard in her email of
4/12/2022.

Regards,

Jason Voelker and Secretary and Acting President of California Energy Development Inc.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution
when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution
when opening attachments or clicking on links.

# EXHIBIT B

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | CASDdb_efile Goddard |
| **Cc:** | Benjamin Gale; Mickey Nicholson; Jason Voelker; Roy Carlson, Jr. |
| **Subject:** | FW: Pruco Life Insurance Company v. California Energy Development inc., et al, Case No. 18cv2280-DMS-AHG |
| **Date:** | Friday, April 29, 2022 11:17:13 AM |
| **Attachments:** | Joint mtn to disburse funds.wpd |

**CAUTION - EXTERNAL:**

Judge Goddard – Here is my 4/27/22 email to Mr. Gale with the draft joint motion to disburse funds. Thank you.

Russell M. De Phillips

MILBERG & DE PHILLIPS, P.C.

2163 Newcastle Avenue, Suite 200

Cardiff By The Sea, CA 92007

Tel. 760-943-7103

Fax 760-943-6750

---

**From:** Russell De Phillips
**Sent:** Wednesday, April 27, 2022 1:52 PM
**To:** 'Benjamin Gale' <bengalelaw@gmail.com>
**Cc:** Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** Pruco Life Insurance Company v. California Energy Development inc., et al, Case No. 18cv2280-DMS-AHG

Ben – Attached is the joint motion to disburse funds.  I'll send you the settlement agreement tomorrow.  How are you doing of the notification of death and joint motion to dismiss Bryson? Thanks.

     Russ

Russell M. De Phillips

MILBERG & DE PHILLIPS, P.C.

2163 Newcastle Avenue, Suite 200

Cardiff By The Sea, CA 92007

Tel. 760-943-7103

Fax 760-943-6750

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1  Russell M. De Phillips; (CSB #95034)
   Roy L. Carlson, Jr.; (CSB #123553)
2  MILBERG & DE PHILLIPS, P.C.
   2163 Newcastle Avenue, Suite 200
3  Cardiff by the Sea, CA 92007-1824
   Telephone:   (760) 943-7103
4  Facsimile:   (760) 943-6750

5  Attorneys for Defendant, Cross-Claimant, Third-Party Plaintiff and Cross-Defendant,
   Life Advance, LLC
6
   Law Offices of Benjamin W. Gale (CSB #107985)
7  810 E Street
   San Rafael CA 94901
8  Telephone:  (415) 492-9800
   bengalelaw@gmail.com
9
   Attorneys for Cross-Claimant and Cross-Defendant
10 California Energy Development Inc.

11                    **UNITED STATES DISTRICT COURT**
12
                   **SOUTHERN DISTRICT OF CALIFORNIA**
13

14 PRUCO LIFE INSURANCE COMPANY, an )   Case No. 18cv2280-DMS-AHG
   Arizona Corporation,                              )
15                                                          )   JOINT MOTION TO DISBURSE
                          Plaintiff,              )   FUNDS DEPOSITED IN COURT
16                                                          )   REGISTRY
   v.                                                    )
17                                                          )   Date:
   CALIFORNIA ENERGY DEVELOPMENT, )   Time:
18 INC., a dissolved California Corporation, )   Dept: 13A
   TIMOTHY   BRYSON,   an   individual, )
19 MICKEY  NICHOLSON,   an   individual, )   Honorable Dana M. Sabraw, Chief Judge
   JOHN J. WALSH, an individual, EDWARD )   United States District Judge
20 SPOONER, trustee of the LIVING TRUST )
   OF EDWARD SPOONER, LIFE ADVANCE, )
21 LLC,  a  Nevada  corporation,  JASON )
   VOELKER, an individual; AND DOES 2-10, )
22                                                          )
                          Defendant.          )
23 _____ )
                                                           )
24 AND RELATED ACTIONS.              )
   _____ )

25
26        TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

27        Life Advance, LLC ("Life Advance") and California Energy Development Inc.

28 ("CEDI"), by and through their respective counsel of record , Mickey Nicholson

-1-

("Nicholson"), pro se, and Jason Voelker ("Voelker"), pro se (collectively, "Parties), jointly request the Court to enter an order directing the Clerk to disburse funds that were deposited into the registry of the Court.[1]  This Joint Motion is based on the following facts:

1.      On or about February 3, 2016, Pruco issued a Term Elite life insurance policy, Policy No. L9 301 242, to CEDI (the "Policy"). The Policy provided a $1,000,000 death benefit and insured the life of James Roberts ("Roberts"), who was identified as CEDI's Chief Executive Officer.

2.      On October 1, 2018, Pruco filed its Complaint for Declaratory Relief against CEDI, Timothy Bryson, Nicholson, John J. Walsh ("Walsh"),   Edward Spooner, trustee of the Living Trust of Edward Spooner ("Spooner"), Life Advance and Does 1-10.  (Document 1.)  The Complaint sought a declaration identifying the proper owner of the Policy and resolving any outstanding disputes among the Defendants concerning ownership of the Policy and a declaration identifying the Policy's proper beneficiary, among other relief.

3.      On January 11, 2019, the Court filed its Order Granting Plaintiff Leave to Amend Complaint to Substitute Doe Defendant (Document 17) substituting Doe Defendant 1 with Voelker.

4.      On or about April 30, 2019, Roberts died.

5.      On May 31, 2019, Pruco filed a Notice of Voluntary Dismissal of its claims against Spooner.

6.      On May 31, 2019, Pruco received a completed claim form from Life Advance requesting the Policy's benefits.

7.      On September 3, 2019, Pruco filed its Second Amended Complaint for

---

[1]  On February 5, 2020, the Court signed its Order Granting in Part and Denying in Part Pruco Life Insurance Company's Motion for Leave to Deposit Interpleader Funds and Dismiss Plaintiff directing Pruco Life Insurance Company ("Pruco") to deposit the benefit of Policy No. L9 301 242 of approximately $1,001,086.53 with the Registry of Court.  (Document 119.)  On February 24, 2020, Pruco sent Prudential Insurance Company of America's Check No. 1150085149 in the amount of $1,013,288.77 to the Clerk via Federal Express.  (Document 123.)

Interpleader.  (Document 102.)  Pruco prayed that Defendants CEDI, Bryson, Nicholson, Walsh, Voelker and Life Advance "be ordered to settle amongst themselves their respective rights and claims to the Policy benefits due and owing as a result of Robert's death."

8.     Life Advance and Walsh entered into a settlement in this action on March 5, 2020, at the Early Neutral Evaluation Conference before the Honorable Allison H. Goddard, which was followed up by a written settlement agreement eventually signed by Walsh on May 18, 2020.  An Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant was filed on June 10, 2020.  (Document 157.)   On March 25, 2021, the Court filed its Order Granting Life Advance's Motion to Alter or Amend Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant.  (Document 237.)

9.     In or about _____, 2021, Bryson died.

10.    On _____, 2022, the Parties filed a  Notification of Death and Joint Motion to Dismiss Timothy Bryson.  (Document ___.)

11.    The remaining parties to this action are CEDI, Nicholson, Voelker and Life Advance.  All of the Parties to this action have reached agreement on a comprehensive and global settlement to resolve this lawsuit in its entirety, the terms of which are as follows:

The parties will jointly file a Notification of Death Upon the Record and Joint Motion to Dismiss Timothy Bryson pursuant to Rule 25(a)(2), noting Mr. Bryson's death on the record and requesting that he be dismissed from the case because his claim to the policy proceeds, if any, is through CEDI, and because he was in default prior to his death.

After filing the Notification of Death and Joint Motion to Dismiss Timothy Bryson, the parties will file a joint motion with the Court that requests the following:

70% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to Life Advance, subject to the dismissal of Timothy Bryson;

30% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to California Energy Development, Inc., Mickey Nicholson, and Jason Voelker,  subject to dismissal of Timothy Bryson. CEDI, Nicholson, and Voelker will agree in their discretion on the proper allocation of these funds

1      among themselves;

2      Each party shall bear its own attorney fees and costs; and

3      Requesting dismissal of the interpleader action with prejudice.

4   The parties shall execute a formal settlement agreement setting [sic] agreeing to the matters in the joint motion. Other terms of the formal
5   settlement agreement shall include:

6      The parties shall execute a full release of all claims, known and unknown, against all other parties, including a California Civil Code
7      section 1542 waiver;

8      The parties covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case;
9      and

10      The agreement shall attach a formal resolution by CEDI confirming that it has full authorization to enter into the settlement and that the
11      person signing the settlement agreement and joint motion on behalf of CEDI has full authority to do so.

12

13   The Parties jointly request that the Clerk be authorized and directed to draw two

14 checks on the funds on deposit in the registry of the Court consisting of the principal

15 amount of $1,013,288.77, plus all interest accrued since being deposited with the Court.

16 One check should be made payable to Milberg & De Phillips, P.C., representing 70% of

17 the proceeds on deposit.  The check should be mailed to Milberg & De Phillips, P.C.,

18 Attention: Russell M. De Phillips, to the following address: 2163 Newcastle Avenue,

19 Suite 200, Cardiff by the Sea, CA 92007.  The second check should be made payable to

20 Law Offices of Benjamin W. Gale, representing 30% of the proceeds on deposit, to be

21 divided between CEDI, Nicholson and Voelker.  The check should be mailed to Law

22 Offices of Benjamin W. Gale, Attention Benjamin W. Gale, to the following address: 810

23 E Street, San Rafael, CA 94901.

24   The sums will be deposited into the trust accounts of Milberg & De Phillips, P.C.,

25 and the Law Offices of Benjamin W. Gale, respectively, and disbursed thereafter pursuant

26 to the terms of the written settlement agreement executed in this matter.

27   Within five days of issuance of the checks, Life Advance will prepare and submit a

28 second joint motion seeking a dismissal with prejudice of this action in its entirety,

1    including any and all crossclaims, counterclaims and third-party complaints.

2         WHEREFORE, the Parties respectfully request that the Court enter an order,

3    granting the Motion, directing the Clerk to issues checks drawn on the Court registry and

4    made payable as mentioned above, directing the Clerk to transmit such checks and

5    granting such other and further relief as the Court deems just and proper.

6                                             Respectfully submitted,

7

8    DATED: May __, 2022              MILBERG & DE PHILLIPS, P.C.

9

10                                    By:  /s/
                                           Russell M. De Phillips
11                                         Attorneys for Life Advance, LLC

12
     DATED: May __, 2022              LAW OFFICES OF BENJAMIN GALE
13

14                                    By:  /s/
                                           Benjamin Gale
15                                         Attorneys for California Energy
                                           Development Inc.
16
     DATED: May __, 2022                   /s/
17                                         Mickey Nicholson, Pro Se

18
     DATED: May __, 2022                   /s/
19                                         Jason Voelker, Pro Se

20

21

22

23

24

25

26

27

28

# EXHIBIT C

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | CASDdb_efile Goddard; Mickey Nicholson; Jason Voelker; Gale Benjamin; Roy Carlson, Jr. |
| **Subject:** | Fwd: Settlement docs |
| **Date:** | Friday, April 29, 2022 8:21:14 AM |
| **Attachments:** | 102 Pruco Second Amended Complaint 9.3.19.pdf |
| | 68. Clerk entry of Default - Bryson 5.22.19.pdf |
| | 119 Order Pruco Mtn to Deposit Proceeds 2.5.20.pdf |
| | Stlmnt Agmnt Draft 4.27.22.wpd |

---

**CAUTION - EXTERNAL:**

Judge Goddard - Sorry I forgot to copy you with my email yesterday.  We will notify you If the parties do not reach agreement on the required settlement documents by the close of business Monday.  Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

Begin forwarded message:

> **From:** Russell De Phillips <rdephillips@surflaw.net>
> **Date:** April 28, 2022 at 6:24:00 PM PDT
> **To:** Benjamin Gale <bengalelaw@gmail.com>
> **Cc:** "Roy Carlson, Jr." <rcarlson@surflaw.net>
> **Subject: RE: Settlement docs**


Ben – We'll take a look and get back to you tomorrow but Pruco has been dismissed so they would have to file a motion to intervene, which I'm sure they won't do.  Life Advance will dismiss its claims against Bryson without prejudice and I believe the remaining parties can file the joint motion to dismiss Bryson because we are the only remaining non-defaulted parties to the action except for Bryson, who has not appeared.  Life Advance defaulted Bryson but Pruco did not.  Attached is the settlement agreement without spousal consent form, which I will provide tomorrow.  Thanks

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement And Mutual Release ("Agreement") is entered into as of May ___, 2022, by and between Life Advance, LLC (Life Advance"), California Energy Development Inc. ("California Energy"), David Michael Nicholson, also known as Mickey Nicholson ("Nicholson") and Jason Paul Voelker ("Voelker") (collectively the "Parties"), according to the terms set forth herein and with reference to the following recitals of fact. Any of the Parties may be referred to as a "Party." The Parties wish to enter into this Agreement to fully and finally resolve the matters as described herein. The Parties are satisfied that the recitals of fact contained herein are true and accurate and the settlement and releases described herein are fair and equitable. The Parties agree as follows:

## RECITALS OF FACT

A.     On or about February 3, 2016, Pruco Life Insurance Company ("Pruco") issued a Term Elite life insurance policy, Policy No. L9 301 242, to California Energy (the "Policy"). The Policy provided a $1,000,000 death benefit (the "Policy Benefit") and insured the life of James Roberts ("Roberts"), who was identified as California Energy's Chief Executive Officer. When the Policy was issued, California Energy was listed as the Policy's owner and sole designated beneficiary.

B.     On or about July 12, 2016, Roberts submitted a request to Pruco to change the ownership of the Policy from California Energy to himself personally. Roberts also requested that Pruco change the primary beneficiary from California Energy to Roberts'

Page 1 of 25

wife, and children.  Pruco informed Roberts that additional information was needed to

process the changes and eventually on August 2, 2016, Roberts sent to Pruco a Request to

Change Beneficiary/Ownership on Life Insurance Policies in response to Pruco's

instructions, signed in his capacity as CEO/President of California Energy.

C.      On or about August 3, 2016, Pruco processed Roberts' request for the

change of ownership and beneficiaries.

D.      On August 11, 2016, Roberts filed a Domestic Stock Corporation Short

Form Certificate of Dissolution of California Energy with the California Secretary of

State in which Roberts represented that California Energy had been dissolved.

E.      Thereafter, Pruco received several requests from individuals contesting the

change of ownership.

F.      On November 21, 2017, Pruco filed a Complaint for Declaratory Relief

against California Energy, Roberts, Timothy Bryson ("Bryson"), Eric Porter ("Porter"),

Robin Simon ("Simon") and Does 1-10, in Pruco Life Insurance Company v. California

Energy Development Inc., e t al, United States District Court, Southern District of

California Case No. 17cv2362-L-WVG (the "First Action"), regarding the Policy, seeking

a declaration identifying the Policy's proper owner, fully and finally resolving any

outstanding disputes concerning ownership of the Policy and a declaration identifying the

Policy's proper beneficiary.

G.      On May 17, 2018, Pruco, California Energy, Roberts, Bryson, Porter and

Simon filed in the First Action a Joint Motion for Order Effecting Settlement and

Dismissal.  (Document 11.)

H.      On May 18, 2018, the Honorable M. James Lorenz issued in the First

Action his Order Granting Joint Motion for Order Effecting Settlement and Dismissal

("Order"). (Document 12.)  The Order provides that  Roberts shall maintain control and

ownership of the Policy and that defendants California Energy, Bryson, Porter and Simon

"have no respective rights to control or ownership of the Policy."  The Order is final,

binding and enforceable; and it is not subject to attack in any way by any person or entity.

I.      On May 23, 2018, Roberts sent to Pruco a copy of the Order Granting Joint

Motion for Order Effecting Settlement and Dismissal entered in the First Action.

J.      On July 5, 2018, Pruco, at the request of Roberts, completed a change of

ownership and beneficiary for  Edward Spooner, trustee of the Living Trust of Edward

Spooner ("Spooner") giving all rights of ownership and control under the Policy to

Spooner and recognizing Spooner as the beneficiary of the Policy.

K.      On July 19, 2018, Pruco, at the request of Spooner, completed a change of

ownership and beneficiary for Life Advance giving all rights of ownership and control

under the Policy to Life Advance and recognizing Life Advance as the beneficiary of the

Policy.

L.      On October 1, 2018, Pruco filed in this action its Complaint for Declaratory

Relief against California Energy, Bryson, Nicholson, John J. Walsh ("Walsh"), Spooner,

Life Advance and Does 1-10 (Document 1) in Pruco Life Insurance Company v.

California Energy Development Inc., e t al, United States District Court, Southern District

of California Case No. 18cv2280-DMS-AHG (the "Interpleader Action").  The Complaint sought a declaration identifying the proper owner of the Policy and resolving any outstanding disputes among the Defendants concerning ownership of the Policy and a declaration identifying the Policy's proper beneficiary, among other relief.

M.      On January 11, 2019, the Court filed its Order Granting Plaintiff Leave to Amend Complaint to Substitute Doe Defendant (Document 17) substituting Doe Defendant 1 with Voelker in the Interpleader Action.

N.      On or about April 30, 2019, Roberts died.

O.      On May 31, 2019, Pruco filed a Notice of Voluntary Dismissal of its claims against Spooner in the Interpleader Action.

P.      On May 31, 2019, Pruco received a completed claim form from Life Advance requesting payment of the Policy Benefit.

Q.      On September 3, 2019, Pruco filed its Second Amended Complaint for Interpleader in the Interpleader Action.  (Document 102.)  Pruco prayed that Defendants California Energy, Bryson, Nicholson, Walsh, Voelker and Life Advance "be ordered to settle amongst themselves their respective rights and claims to the Policy benefits due and owing as a result of Robert's death."

R.      On February 5, 2020, the Honorable Dana M. Sabraw signed his Order Granting in Part and Denying in Part Pruco Life Insurance Company's Motion for Leave to Deposit Interpleader Funds and Dismiss Plaintiff, which directed Pruco to deposit the benefit of Policy No. L9 301 242 of approximately $1,001,086.53 with the Registry of

Court.  (Document 119.)  On February 24, 2020, Pruco sent Prudential Insurance

Company of America's Check No. 1150085149 in the amount of $1,013,288.77 to the

Clerk via Federal Express.  (Document 123.)

      S.      Life Advance and Walsh entered into a settlement in this action on March 5,

2020, at the Early Neutral Evaluation Conference before the Honorable Allison H.

Goddard in the Interpleader Action, which was followed up by a written settlement

agreement eventually signed by Walsh on May 18, 2020.  An Order Granting Joint

Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant was filed

on June 10, 2020.  (Document 157.)   On March 25, 2021, the Court filed its Order

Granting Life Advance's Motion to Alter or Amend Order Granting Joint Motion for

Order Dismissing John J. Walsh as Defendant and Cross-Defendant in the Interpleader

Action.  (Document 237.)

      T.      On or about July 7, 2021, Bryson died.

      U.      The remaining parties to the Interpleader Action whose defaults have not

been entered as to the Pruco claims are Bryson, California Energy, Nicholson, Voelker

and Life Advance.   The claims remaining to be litigated are Pruco's Interpleader Action;

Nicholson and Voelker's Joint Second Amended Cross-complaint (the

"Nicholson/Voelker Claims") (Document 209); California Energy's Crossclaim for

Declaratory Relief, Slander of Title, Interference with Contractual Advantage, Negligent

Interference with Prospective Economic Advantage, Conversion, Constructive Trust and

Third Party Tort of Another (the "California Energy Claims") (Document 240); and Life

Advance's Crossclaim for Declaratory Relief and Interference with Contract and Third-Party Complaint for  Declaratory Relief and Interference with Contract (the "Life Advance Claims") (Document 15).

V.      A dispute exists, as outlined in the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims, as to the payment of the Policy Benefit that was deposited by Pruco into the registry of the Court in the Interpleader Action (the "Dispute").

W.      On April 12, 2022, Judge Goddard issued her Mediator's Proposal ("Proposal") to settle the remaining claims based on the Parties' discussions, the information exchanged at settlement conferences and the practical realities of continued litigation.  Judge Goddard referred to California Energy as CEDI in the Proposal.  The Proposal was as follows:

> The parties will jointly file a Notification of Death Upon the Record and Joint Motion to Dismiss Timothy Bryson pursuant to Rule 25(a)(2), noting Mr. Bryson's death on the record and requesting that he be dismissed from the case because his claim to the policy proceeds, if any, is through CEDI, and because he was in default prior to his death.

> After filing the Notification of Death and Joint Motion to Dismiss Timothy Bryson, the parties will file a joint motion with the Court that requests the following:

>> 70% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to Life Advance, subject to the dismissal of Timothy Bryson;

>> 30% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to California Energy Development, Inc., Mickey Nicholson, and Jason Voelker,  subject to dismissal of Timothy Bryson. CEDI, Nicholson, and Voelker will

agree in their discretion on the proper allocation of these funds among themselves;

Each party shall bear its own attorney fees and costs; and

Requesting dismissal of the interpleader action with prejudice.

The parties shall execute a formal settlement agreement setting [sic] agreeing to the matters in the joint motion. Other terms of the formal settlement agreement shall include:

The parties shall execute a full release of all claims, known and unknown, against all other parties, including a California Civil Code section 1542 waiver;

The parties covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case; and

The agreement shall attach a formal resolution by CEDI confirming that it has full authorization to enter into the settlement and that the person signing the settlement agreement and joint motion on behalf of CEDI has full authority to do so.

X.       The Parties were given until 4:00 pm PT on April 19, 2022, to email Judge Goddard their yes or no response to the Proposal.

Y.       On April 19, 2022, the Parties were notified by Judge Goddard that the Proposal was accepted by all Parties.

Z.       Nicholson, Voelker, California Energy and Life Advance have reached a compromised agreement intended to forever resolve the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and any other claims or disputes involving the Policy Benefit, and to avoid the expense and inconvenience of further litigation between the Parties now and in the future.

Now, without admitting fault or liability, in consideration of the agreements, promises, and warranties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby settle and resolve the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and any other claims or disputes involving the Parties related to the Policy, the Policy Benefit, the Interpleader Action and the Dispute as follows:

**AGREEMENT**

1. **Recitals.**     The Parties specifically agree to the above recitals, which form a material part of this Agreement.  The above recitals are incorporated herein by this reference.

2. **Release of Claims.**  In return for the consideration as provided herein, the value of which is acknowledged, the Parties promise, agree and generally release as follows:

    a. **Release by California Energy, Nicholson and Voelker.**  Except for the obligations of Life Advance created by this Agreement, and to become effective upon receipt of the Settlement Proceeds and the complete and timely performance by Life Advance of all of its obligations described in this Agreement, California Energy, Nicholson and Voelker do hereby for themselves, their predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, creditors, officers, directors, shareholders, managers, members, parents, subsidiaries and

affiliates hereby release and forever discharge Life Advance, Life Capital Group, Inc., Mills, Potoczak & Company, Life Credit Company, LLC, Remar Investments, LP, Rangetree Strategies, LLC, Daniel J. Miller, Craig T. Stack, Brendan Francis, Pruco Life Insurance Company, Prudential Insurance Company of America, Edward Spooner, Edward Spooner as Trustee of the Living Trust of Edward Spooner dated 3/1/18, James David Roberts, Serena Collyer, Maria Castillo de Roberts, Angel Roberts, their predecessors, successors, assigns, spouses, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates (collectively "Life Advance Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Action, claims for malicious prosecution, abuse of process, and all other claims against any of the Life Advance Released Parties.

      b.    **Release by Life Advance**.  Except for the obligations of California Energy, Nicholson and Voelker created by this Agreement, and to become effective upon the receipt of the Settlement Proceeds and the complete and timely performance by California Energy, Nicholson and Voelker of all of their obligations described in this Agreement,

Life Advance does hereby for itself, its predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates release and forever discharge California Energy, Nicholson and Voelker, their predecessors, successors, assigns, spouses, heirs, executors, attorneys, employees, agents, contractor, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates (collectively "California Energy Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Action, claims for malicious prosecution, abuse of process, and all other claims against any of the California Energy Released Parties.

The Parties acknowledge and agree that the release and discharge set forth above is a general release.  The Parties knowingly waive, and assume the risk of, any and all claims of any nature whatsoever, which exist as of this date, or which may exist in the future, but which they do not know or suspect to exist, including, without limitation, claims which, if known, would have materially affected their decision to enter into this Agreement.  The Parties hereby confirm that they understand that facts may turn out to be

other than or different from those now known or believed to be true; the Parties

knowingly assume that risk and acknowledge and agree that this Agreement shall remain

in effect and shall not be subject to termination or revocation by reason of any such

different facts.

3.       **Waiver of Benefits of § 1542 of California Civil Code**.  The undersigned

Parties do hereby acknowledge that they, and each of them, are familiar with and do

hereby waive any and all rights based upon the provisions of § 1542 of the <u>Civil Code</u> of

the State of California, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR
> HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Initials      By:_____                    _____
                    Life Advance, LLC                      David Michael Nicholson

              By:_____                    _____
                    California Energy Development Inc.      Jason Paul Voelker

4.       **Parties Intent**.  The intent of this settlement is to resolve all claims, known

or unknown, pertaining to the Parties' claims made in Nicholson/Voelker Claims,

California Energy's Claims, Life Advance's Claims, or related to the Dispute, or that

could have been alleged against the other Parties, and all claims, known or unknown, for

which the Parties have made or could have made against the other Parties or related to the

Dispute.

5.      **No Admissions.**  The Parties acknowledge that the payment of the Settlement Proceeds described below is not to be construed as an admission of liability, but is a compromise of disputed claims, and may not be used in any court of law or administrative proceeding or for any evidentiary purpose to establish past, present or future liability upon any party to this Agreement, including their identified and unidentified spouses, heirs, devisees, legatees, executors, administrators, principals, officers, directors, managers, members, shareholders, agents and servants, employees, attorneys, partners, insurers, predecessors, successors and assigns, and parents and subsidiary corporations, and affiliates persons and entities.

6.      **Good Faith Settlement.**  The Parties agree, after consulting with counsel of their own choice, and represent that the settlement memorialized in this Agreement is in good faith and to the satisfaction of the Parties.

7.      **Indemnity by Released Parties.**  The Parties agree to indemnify and defend the other Parties and to hold the other Parties harmless from any and all losses, claims, demands, actions, damages, remedies, interest, penalties, expenses, debts, liabilities, causes of action, and controversies of every kind or character, including, without limitation, all court costs, legal expenses, and attorneys' fees, arising out of or relating to any and all claims, liabilities, losses, fines, penalties, liens, demands, obligations, actions, proceedings, or causes of action of every kind, known or unknown, to the extent arising, in whole or in part, out of any: (I) breach or misrepresentation of any recital, representation, warranty, agreement, promise or commitment made by a party

being released under this Agreement; and (ii) claim(s) or cause(s) of action which are or may be asserted by any person or entity claiming by, through, or under a party being released herein, including, without limitation, claims made by subrogees, bond holders, lienholders, creditors, members, shareholders, and holders of warrants, options, subscription rights and all other equity security interests.

Under no circumstances shall this paragraph apply to any attorney of a released party.

8.    **Indemnity by California Energy, Nicholson and Voelker to Life Advance**. California Energy, Nicholson, Voelker, and each of them, shall indemnify, defend and hold harmless the Life Advance Released Parties from and against all liability, claims, damages, costs, and fees of attorneys related in any way to any tax owed or assessed against any person or entity who receives any portion of the Settlement Payment described below, any claim released pursuant to this Agreement, any breach of this Agreement by any of them, and any claim by Janson & Associates Global Consulting, Janson & Associates Global Consulting, LLC, U.S. Energy Concepts, Inc., U.S. Energy Concepts, LLC, Texas Energy Concepts, Inc, Centrair Energy, Inc., California Energy Development A, Inc.,  California Energy Development Company, Inc., California Energy Development Company, California Energy Development, California Energy Developments Solutions, LLC, California Energy Development Trust, California State Solar, Cal State Solar, California Energy Solar,  California Energy Consultants, LLC, Raul Rodriguez, any other person or entity who claims to be a shareholder, stakeholder,

equity holder, bond holder or creditor of California Energy, or any of them, which claim is related in any way to the Dispute, the Policy, the Policy Benefit, the Interpleader Action, this Agreement or any obligation under this Agreement.

9.    **Consideration.**  As consideration for the foregoing release, representations, warranties and indemnity obligations by the Parties and the other promises and representations set forth above and below, payment of the Policy Benefit shall be made as follows:

(a)    Life Advance shall receive seventy percent (70%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action, subject to dismissal of Timothy Bryson.

(b)    California Energy, Nicholson and Voelker collectively shall receive thirty percent (30%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action, subject to dismissal of Timothy Bryson. California Energy, Nicholson and Voelker will agree in their discretion on the proper allocation of these funds among themselves.

The payments described hereinabove are referred to in this Agreement as the "Settlement Proceeds." The Parties shall file a joint motion in the Interpleader Action for the disbursement of seventy percent (70%) of the Policy Benefit plus accrued interest to the attorney-client trust account of Milberg & De Phillips, P.C., for receipt of the Settlement Proceeds on behalf of Life Advance; and thirty percent (30%) of the Policy Benefit plus accrued interest to the attorney-client trust account of the Law Offices of Benjamin W.

Gale, for receipt of the Settlement Proceeds on behalf of Nicholson, Voelker and California Energy.

10      **Dismissal of Interpleader Action.**  Within five days of receipt of the Settlement Proceeds, the Parties shall file a Joint Motion to Dismiss the Interpleader Action, duly executed on their behalf, dismissing any and all claims existing within the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims and the Interpleader Action with Prejudice.  The Parties hereby acknowledge and confirm that they have authorized their attorneys to file such a dismissal.

11.      **Costs, Attorney's Fees and Litigation Expenses.**  The Parties hereto shall be solely responsible for payment of their own costs, attorney's fees and other litigation expenses in connection with the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims and the Interpleader Action, and the negotiation, documentation and implementation of this Agreement, including, without limitation, the dismissal of the Lawsuit, and all other matters arising from or related to the disbursement of proceeds in the Interpleader Action, the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims except as otherwise set forth below.  This includes, but is not limited to, Life Advance's attorney fees that are currently subject to fee-shifting sanctions against Nicholson and Walsh.

However, in the event that any action, suit, or other proceeding is hereafter instituted, arising out of a breach of this Agreement, involving claims within the scope of the releases contained in this Agreement, or pertaining to a declaration of rights under this

Agreement, the prevailing Party shall recover all of such Party's reasonable attorney's fees and costs incurred in each and every such action, suit, or other proceedings, including any and all appeals, writs, or petitions therefrom.

12.   **Successors and Assigns**.     This Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable only by the Parties and their respective successors, heirs, executors, administrators and assigns.  No other person or entity shall have any rights under this Agreement or be entitled to bring any action to enforce any of its provisions.  The rights of any assignee of Nicholson, Voelker, California Energy or Life Advance shall be subject to all terms of this Agreement and any defense or claim in recoupment arising under or in connection with the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and/or this Agreement.

13.   **Survival**.  This Agreement, and all representations, warranties, covenants and agreements contained within it, shall survive the execution and delivery of this Agreement and the conclusion of the Dispute and Interpleader Action.

14.   **Enforcement**.  The United States District Court for the Southern District of California shall have exclusive jurisdiction, and shall be the sole venue, for any action or proceeding to enforce or interpret this Agreement.

The Parties shall execute and file a Consent to Jurisdiction by a United States Magistrate Judge consenting to the jurisdiction of a United States Magistrate Judge to decide all disputes arising from or related to this Agreement.

15. **Amendments.**  This Agreement shall not be amended or modified except by a writing executed by all Parties.

16. **Entire Agreement and Severability**.  This Agreement constitutes the entire agreement with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written discussions, if any.  If any clause or provision of this Agreement is subsequently determined by any Court or tribunal to be invalid or unenforceable under any present or future law, the remainder of this Agreement shall not be affected thereby.  It is the intention of the Parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof a provision as similar to such provision as is possible to be legal, valid and enforceable.  The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital.

17. **Ambiguity or Uncertainty**.  This Agreement has been prepared equally by all Parties.  No ambiguity or uncertainty in any language in this Agreement shall be construed for or against any Party.

18. **Governing Law**.    This Agreement shall be governed and construed in accordance with the laws of the State of California.

19. **Additional Documents**.  The Parties agree to cooperate fully and to execute and deliver any and all supplementary documents and to take any and all additional actions which may be necessary or appropriate to give effect to the terms and intent of this Agreement and to effectuate disbursement of the Policy Benefit as contemplated herein.

20.     **Counterpart Execution**.  This Agreement may be signed in multiple counterparts, including with facsimile signatures, or electronic signatures binding under California law, and each counterpart when taken with the other executed counterparts, shall constitute a binding agreement.

21.     **Warranty of Capacity to Execute**.  The Parties, and each of them, represent and warrant that except as otherwise described herein, no other person or entity has or has had any interest in the claims, demands, obligations, or claims referred to in this Agreement; that they have the sole right and exclusive authority to execute this Agreement and to render performance in accordance with its terms; and that they have not encumbered, hypothecated, sold, assigned, transferred, conveyed or otherwise disposed of any of their interests in the assets or rights transferred herein, or in any of the claims, demands, obligations, or causes of action, referred to in this Agreement, or any interest or right related thereto.

22.     **Covenant Not to Sue or Prosecute**.  Except for the enforcement of the obligations created by this Agreement, and except as otherwise provided herein, the Parties agree never to sue, prosecute or file with any court any claim against or regarding each other which relates in any way to any claims released pursuant to this Agreement.

23.      **Covenant Not to Interfere**.  The Parties agree never to interfere with other Parties in receipt of the Settlement Proceeds.

24.     **Confidentiality and Non-disparagement.**  The Parties understand and agree that the terms of this Agreement shall be kept confidential. Neither party hereto will

reveal, or cause to be revealed, any of these terms to any third party other than their attorneys, insurers, accountants, tax professionals, regulators and governmental agencies, or as may be required by law. If any Party is served with or accepts service of a subpoena or notice to provide testimony or documents related to this Agreement, such Party shall promptly provide all other Parties with a true and correct copy of the subpoena or notice to provide the opportunity to quash or limit the testimony or documents requested.   The Parties agree that they will not in any way publicize or cause to be publicized in any news or communications media, including but not limited to, websites, newspapers, magazines, journals, radio or television, the terms or conditions of this settlement. Upon inquiry by third parties about the status of the Dispute or Interpleader Action, the Parties may indicate only that the Dispute / Interpleader Action has been resolved and that all claims in the Dispute / Interpleader Action have been dismissed with prejudice.

The Parties further agrees that they will not discuss or make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of each other, including any of their affiliated companies or their respective employees and agents. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, made to any person or entity.

This provision of confidentiality and non-disparagement does not seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

The Parties understand and agree that this Section is a material provision of this Agreement, that the non-breaching party would be irreparably harmed by violation of these provisions, and that any breach of this Section shall be a material breach of this Agreement.  If this covenant of confidentiality or non-disparagement Section is breached, all parties and attorneys agree that actionable harm will occur to the non-breaching party.

25.   **No Tax Representations**.  The Parties understand and acknowledge that the other does not warrant or represent any tax consequences of this Agreement and each Party hereto agrees that they are relying on their own legal or tax advisors and not on the other with respect to any tax aspects of this Agreement.  Any tax or costs, attorneys' fees, penalties or interest incurred or assessed to a Party shall be their sole responsibility.  The Parties further acknowledge that they have not been provided any tax advice from their respective attorneys nor are they relying on their legal counsel for any tax advice.

26.   **Headings**.  The titles and headings of any provision herein exist for convenience only and in no way shall restrict or modify this Agreement.

27.   **Representations and Warranties by Nicholson and Voelker**.  Nicholson and Voelker each represents and warrants the following to Life Advance: each is legally competent, has the mental capacity to understand, and he does understand, the nature and effect of the transactions described in this Agreement; each has the power and authority to enter into this Agreement and to render performance in accordance with its terms; each has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; each is the only

individual entitled to assert the claims he released herein and that each has not assigned such claims to any other person or entity; each understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; each has had the opportunity to consult with an independent lawyer of his own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; he is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by their execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which he is a party, or the consummation of the transactions contemplated hereby or thereby; each has provided to Life Advance the written consent to this Agreement  on the form attached hereto as Exhibit A, signed by their respective spouse or domestic partner, if applicable; and the settlement described in this Agreement is fair and equitable.

28.     **Representations and Warranties by California Energy**.  California Energy represents and warrants the following to Life Advance: the person who executes this Agreement on behalf of California Energy has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind California Energy and its shareholders, owners,

equity holders, bond holders, officers, directors and stakeholders to this Agreement and to render performance in accordance with its terms; California Energy has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; California Energy is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; California Energy understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; California Energy has had the opportunity to consult with an independent lawyer of its own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; California Energy is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; California Energy has provided to Life Advance a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its directors and by all of its shareholders; and the settlement described in this Agreement is fair and equitable.

29.   **Representations and Warranties by Life Advance**.  Life Advance represents and warrants the following to California Energy, Nicholson and Voelker:  the person who executes this Agreement on behalf of Life Advance has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind Life Advance and its members, managers, owners, equity holders, bond holders, officers, directors and stakeholders to this Agreement and to render performance in accordance with its terms; Life Advance has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; Life Advance is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; Life Advance understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; Life Advance has had the opportunity to consult with an independent lawyer of its own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; Life Advance is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the

consummation of the transactions contemplated hereby or thereby; Life Advancce has provided to California Energy a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its managers; and the settlement described in this Agreement is fair and equitable.

30.     **Time of the Essence**.  All Parties agree that time is of the essence in the performance of each of the obligations described in this Agreement.

31.     **Joint Obligations of the Parties**.   The Parties shall execute and cause to be filed with the Court in the Interpleader Action a notification of death of Bryson, a joint motion to dismiss Bryson as a party to the Interpleader Action with respect to all claims and a joint motion to cause the Settlement Proceeds to be disbursed.  After the Settlement Proceeds are received by the respective Parties, the Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to dismiss the Interpleader Action with prejudice as to all parties and all claims, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement.  Counsel for California Energy shall prepare the notification of death of bryson and joint motion to dismiss Bryson.  Counsel for Life Advance shall prepare the joint motion to disburse the Settlement Proceeds and the joint motion to dismiss the Interpleader Action.  The Parties shall cooperate in all reasonable ways to achieve the purposes of this Agreement.

**READ THE FOREGOING DOCUMENT CAREFULLY BEFORE SIGNING.**

Date:_____          _____
                                    David Michael Nicholson aka Mickey Nicholson


Date:_____          _____
                                    Jason Paul Voelker


                                    California Energy Development Inc.

Date:_____    By: _____
                                    _____, Authorized Agent


Life Advance, LLC


Date:_____    By: _____
                                    Craig Stack, Manager



APPROVED AS TO FORM AND CONTENT.  THIS IS NOT AN UNDERTAKING OR
GUARANTY OF PERFORMANCE BY THE ATTORNEY FOR ANY PARTY.

                              Milberg & De Phillips, P.C.

Date:_____    By:_____
                                    Russell M. De Phillips
                                    Attorneys for Life Advance, LLC


                              Law Offices of Benjamin W. Gale

Date:_____    By:_____
                                    Benjamin W. Gale
                                    Attorney for California Energy Development Inc.

# EXHIBIT D

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | Benjamin Gale |
| **Cc:** | Maggie Conant; Jason Voelker; Kathleen Mayer; Mickey Nicholson; Roy Carlson, Jr.; CASDdb_efile Goddard |
| **Subject:** | RE: Pruco Life Insurance Company v. California Energy Development, Inc. |
| **Date:** | Friday, June 3, 2022 1:22:35 PM |

## CAUTION - EXTERNAL:

Kathleen – Mr. Gale's excuse for not providing a redline is ridiculous.  Documents created in Word Perfect are easily convertible to Word.  We received no communication whatsoever from any party regarding the software used to create the original version of the settlement agreement provided to all on 4/28/22.  At the first disposition conference on May 10, Messrs. Nicholson and Voelker stated that they had discussed the settlement agreement and they would have very few changes.  When Mr. Gale finally got on the call, he said he hadn't been able to discuss the agreement with Messrs. Nicholson and Voelker.  At the last disposition conference on May 25, Messrs. Gale, Nicholson & Voelker said they just received the settlement agreement four days to a week prior to May 25.  We received their revised settlement agreement in Word on June 1.  We provided our suggested version in clean and redline yesterday, June 2.  Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

---

**From:** Benjamin Gale <bengalelaw@gmail.com>
**Sent:** Friday, June 3, 2022 1:01 PM
**To:** Russell De Phillips <rdephillips@surflaw.net>
**Cc:** Maggie Conant <rmdscty@surflaw.net>; Jason Voelker <jason.voelker@ymail.com>; Kathleen Mayer <Kathleen_Mayer@casd.uscourts.gov>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; efile_goddard@casd.uscourts.gov
**Subject:** Re: Pruco Life Insurance Company v. California Energy Development, Inc.

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

All,

Because the proposed agreement was sent to me in Wordperfect format,  I could not give you a red-lined version.  I see that Life Advance has just now converted its version to Word (the clean Word doc) to allow me to accomplish this, and I have shown  CEDI's proposed changes to the same in a redlined revision of the clean Word doc, attached.  The attached represents proposed changes for discussion and reflect my understanding of CEDI's wishes but has not been reviewed in final form by Mr. Voelker or Mir. Nicholson.

We have no objection waiving all claims against non-parties affiliated with Life Advance so long they agree to waive any claims they may have.  Even though Judge Goddard's Mediator's Proposal required only the release of parties, we have no objection to the release of all the persons and entities Mr. De Phillips identified by name, whether they are parties or not, except Pruco.  CEDI did not agree to release Pruco, as Pruco is not a party to this litigation or this settlment.

Finally, nothing in the Proposal requires us to admit any facts.  The purpose of this settlment is to divide up the policy proceeds, not to establish anyone's understanding of the facts for the purpose of other litigation. Factual recitations serve little if any purpose in settling this litigation, given that we intend to release all claims against Life Advance and its affiliates, including unknown claims.  Our stating that we agree with you about some or all of the facts of this case accomplishes nothing for the benefit of Life Advance in this case.   That having been said, I understand that Mr. Nicholson, Mr. Voelker and CEDI are willing to include the facts shown in the attached.

Best regards,

Ben Gale.


Law Offices of Benjamin W. Gale

810 E Street

San Rafael CA 94901

Tel:  415-492-9800, Fax: 415-795-4636

CONFIDENTIALITY NOTICE: This transmission is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any disclosure, distribution or copying of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the information from your computer and email files.

 Virus-free. www.avast.com

On Thu, Jun 2, 2022 at 3:54 PM Russell De Phillips <rdephillips@surflaw.net> wrote:

> Messrs. Gale, Nicholson and  Voelker:  Attached in Word is the settlement agreement, revised to incorporate some of your requested edits.  Also attached is a redline version of the settlement agreement which compares my attached version to the revised version you provided yesterday. Your email yesterday did not include a redline version as specified by Judge Goddard nor did you copy Kathleen with your revised agreement.  My client is firm about the release language for a number of reasons.  This settlement was accepted by my client to put an end to any and all issues related in any way to the Pruco policy.  John Walsh continues to refuse to dismiss his state

complaint against Life Advance, Craig Stack and others.  Life Advance and Craig Stack have been sued several times by various people regarding this policy.  California Energy and Messrs. Nicholson and Voelker have made numerous statements in this case about Life Advance LLC, Life Credit Company LLC, Remar Investments LP, Rangetree Strategies LLC, Life Capital Group, Daniel Miller, Craig Stack and Brendan Francis, alleging various tortious conduct, conspiracy, alter ego, aiding and abetting, and being actively and collectively involved in wrongful attempts to acquire life insurance policies throughout the continental United States of America.  If California Energy, Mr. Nicholson or Mr. Voelker were to allege claims against any of the persons or entitles contained in the release which you propose be deleted, claims could be filed against any of the Life Advance Released Parties by those targeted defendants and the litigation over these issues would continue against my clients, just as it continues in Walsh's state complaint.  If a claim were filed against Edward Spooner, any of his heirs, or any of the heirs of James Roberts, they could sue my clients for indemnity, contribution and other claims.  This settlement must end all litigation against all of the Life Advance Released Parties.  I will follow this with an email which contains a highlighted sampling of some of the allegations I've described which are contained in the complaints filed by California Energy, and Messrs. Nicholson and Voelker.  That will not include the various statements made in declarations and other papers filed with this court and other courts regarding the policy and the Life Advance released Parties.  Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement And Mutual Release ("Agreement") is entered into as of June ___, 2022, by and between Life Advance, LLC (Life Advance"), California Energy Development Inc. ("California Energy"), David Michael Nicholson, also known as Mickey Nicholson ("Nicholson") and Jason Paul Voelker ("Voelker") (collectively the "Parties"), according to the terms set forth herein and with reference to the following recitals of fact. Any of the Parties may be referred to as a "Party." The Parties wish to enter into this Agreement to fully and finally resolve the matters as described herein. The Parties are satisfied that the recitals of fact contained herein are true and accurate and the settlement and releases described herein are fair and equitable. The Parties agree as follows:

**RECITALS OF FACT**

A.    On or about February 3, 2016, Pruco Life Insurance Company ("Pruco") issued a Term Elite life insurance policy, Policy No. L9 301 242, to California Energy (the "Policy"). The Policy provided a $1,000,000 death benefit (the "Policy Benefit") and insured the life of James Roberts ("Roberts"), who was identified as California Energy's Chief Executive Officer. When the Policy was issued, California Energy was listed as the Policy's owner and sole designated beneficiary.

B.    On or about July 12, 2016, Roberts submitted a request to Pruco to change the ownership of the Policy from California Energy to himself personally. Roberts also requested that Pruco change the primary beneficiary from California Energy to Roberts' wife, and children. Pruco informed Roberts that additional information was needed to

~~process the changes and eventually on August 2, 2016, Roberts sent to Pruco a Request~~

~~to Change Beneficiary/Ownership on Life Insurance Policies in response to Pruco's~~

~~instructions, signed in his capacity as CEO/President of California Energy.~~

~~C.     On or about August 3, 2016, Pruco processed Roberts' request for the~~

~~change of ownership and beneficiaries.~~

~~D.~~ On November 21, 2017, Pruco filed a Complaint for Declaratory Relief

against California Energy ("CEDI") , Roberts, Timothy Bryson ("Bryson"), Eric Porter

("Porter"),

Robin Simon ("Simon") and Does 1-10, in <u>Pruco Life Insurance Company</u>

<u>v. California</u>

<u>Energy Development Inc., e t al</u>, United States District Court, Southern

District of California Case No. 17cv2362-L-WVG (the "First Action"), regarding

<u>Roberts' requested transfer of</u> the Policy, <u>and immediately submitted for court approval a</u>

<u>settlement agreement, purportedly signed by the parties to the First Action, that would</u>

<u>give Roberts the right to control or ownership of the Policy. The settlement agreement</u>

<u>was not unenforceable against CEDI, because CEDI's purported signatory, Hamilton &</u>

<u>Associates, was not an officer or employee of CEDI.  In fact the person who signed for</u>

<u>Hamilton & Associates, Ben-Thomas Hamilton, was Roberts' personal injury attorney,</u>

<u>and in no way represented CEDI's interests.  Roberts signed the agreement "in pro se",</u>

<u>not as an officer or agent of CEDI.  Roberts induced his individual co-defendants, who</u>

<u>were former officers of CEDI, likewise to sign the settlement agreement "in pro se" for</u>

<u>whatever make-weight value their participation might have, in exchange for a promised</u>

Page 2 of 27

pay-off of thousands of dollars, which Roberts never paid.   ~~seeking a declaration identifying the Policy's proper owner, fully and finally resolving any outstanding disputes concerning ownership of the Policy and a declaration identifying the Policy's proper beneficiary.~~

~~E.~~    On May 18, 2018, the Honorable M. James Lorenz, whom none of the parties had apprised of these facts, issued in the First

A.    Action his Order Granting Joint Motion for Order Effecting Settlement and Dismissal ("Order"). (Document 12.)   The Order provides that Roberts shall maintain control and ownership of the Policy and that defendants California Energy, Bryson, Porter and Simon "have no respective rights to control or ownership of the Policy."

~~F.~~    On July 5, 2018, Pruco, at the request of Roberts, completed a change of ownership and beneficiary for  Edward Spooner ("Spooner"), as trustee of the so called Living Trust of Edward

Spooner (the "~~Spooner~~Trust") purportedly giving all rights of ownership and control under the Policy to

B.    Spooner and recognizing Spooner as the beneficiary of the Policy, but in actuality giving Roberts full control over and rights to the Trust assets~~.~~

~~G.~~C.    On July 19, 2018, Pruco, at the request of Spooner, completed a change of ownership and beneficiary for Life Advance giving all rights of ownership and control under the Policy to Life Advance and recognizing Life Advance as the beneficiary of the

Policy.– Craig Stack stated in deposition testimony that Life Advance actually bought the policy from Roberts through this crooked path.

H.D.   On October 1, 2018, Pruco filed in this action its Complaint for Declaratory Relief against California Energy, Bryson, Nicholson, John J. Walsh ("Walsh"), Spooner, Life Advance and Does 1-10 (Document 1) in Pruco Life Insurance Company v. California Energy Development Inc., e t al, United States District Court, Southern District of California Case No. 18cv2280-DMS-AHG (the "Interpleader Action").  The Complaint sought a declaration identifying the proper owner of the Policy and resolving any outstanding disputes among the Defendants concerning ownership of the Policy and a declaration identifying the Policy's proper beneficiary, among other relief.

I.E.   On January 11, 2019, the Court filed its Order Granting Plaintiff Leave to Amend Complaint to Substitute Doe Defendant (Document 17) substituting Doe Defendant 1 with Voelker in the Interpleader Action.

J.F.   On or about April 30, 2019, Roberts died.

K.G.   On May 31, 2019, Pruco filed a Notice of Voluntary Dismissal of its claims against Spooner in the Interpleader Action.

L.H.   On September 3, 2019, Pruco filed its Second Amended Complaint for Interpleader in the Interpleader Action.  (Document 102.)  Pruco prayed that Defendants California Energy, Bryson, Nicholson, Walsh, Voelker and Life Advance "be ordered to settle amongst themselves their respective rights and claims to the Policy benefits due and owing as a result of Robert's death."

M.I.   On February 5, 2020, the Honorable Dana M. Sabraw signed his Order Granting in Part and Denying in Part Pruco Life Insurance Company's Motion for Leave to Deposit Interpleader Funds and Dismiss Plaintiff, which dismissed Pruco and directed Pruco to deposit the benefit of Policy No. L9 301 242 of approximately $1,001,086.53 with the Registry of Court.  (Document 119.)   On February 24, 2020, Pruco sent Prudential Insurance Company of America's Check No. 1150085149 in the amount of $1,013,288.77 to the Clerk via Federal Express.  (Document 123.)

N.J.   Life Advance and Walsh entered into a settlement in this action on March 5, 2020, at the Early Neutral Evaluation Conference before the Honorable Allison H. Goddard in the Interpleader Action, which was followed up by a written settlement agreement eventually signed by Walsh on May 18, 2020.  An Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant was filed on June 10, 2020.  (Document 157.)   On March 25, 2021, the Court filed its Order Granting Life Advance's Motion to Alter or Amend Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant in the Interpleader Action.  (Document 237.)

O.K.   On or about July 7, 2021, Bryson died.

P.L.   The remaining parties to the Interpleader Action whose defaults have not been entered as to the Pruco claims are Bryson, California Energy, Nicholson, Voelker and Life Advance.   The claims remaining to be litigated are Pruco's Interpleader Action; Nicholson and Voelker's Joint Second Amended Cross-complaint (the

Page 5 of 27

"Nicholson/Voelker Claims") (Document 209); California Energy's Crossclaim for Declaratory Relief, Slander of Title, Interference with Contractual Advantage, Negligent Interference with Prospective Economic Advantage, Conversion, Constructive Trust and Third Party Tort of Another (the "California Energy Claims") (Document 240); and Life Advance's Crossclaim for Declaratory Relief and Interference with Contract and Third Party Complaint for  Declaratory Relief and Interference with Contract (the "Life Advance Claims") (Document 15).

~~Q.~~M.   A dispute exists, as outlined in the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims, as to the payment of the Policy Benefit that was deposited by Pruco into the registry of the Court in the Interpleader Action (the "Dispute").

~~R.~~N.   On April 12, 2022, Judge Goddard issued her Mediator's Proposal ("Proposal") to settle the remaining claims based on the Parties' discussions, the information exchanged at settlement conferences and the practical realities of continued litigation.  Judge Goddard referred to California Energy as CEDI in the Proposal.  The Proposal was as follows:

> The parties will jointly file a Notification of Death Upon the Record and Joint Motion to Dismiss Timothy Bryson pursuant to Rule 25(a)(2), noting Mr. Bryson's death on the record and requesting that he be dismissed from the case because his claim to the policy proceeds, if any, is through CEDI, and because he was in default prior to his death.

> After filing the Notification of Death and Joint Motion to Dismiss Timothy Bryson, the parties will file a joint motion with the Court that requests the following:

70% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to Life Advance, subject to the dismissal of Timothy Bryson;

30% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to California Energy Development, Inc., Mickey Nicholson, and Jason Voelker, subject to dismissal of Timothy Bryson. CEDI, Nicholson, and Voelker will agree in their discretion on the proper allocation of these funds among themselves;

Each party shall bear its own attorney fees and costs; and

Requesting dismissal of the interpleader action with prejudice.

The parties shall execute a formal settlement agreement setting [sic] agreeing to the matters in the joint motion. Other terms of the formal settlement agreement shall include:

The parties shall execute a full release of all claims, known and unknown, against all other parties, including a California Civil Code section 1542 waiver;

The parties covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case; and

The agreement shall attach a formal resolution by CEDI confirming that it has full authorization to enter into the settlement and that the person signing the settlement agreement and joint motion on behalf of CEDI has full authority to do so.

S.O.   The Parties were given until 4:00 pm PT on April 19, 2022, to email Judge Goddard their yes or no response to the Proposal.

T.P.   On April 19, 2022, the Parties were notified by Judge Goddard that the Proposal was accepted by all Parties.

U.Q.   Nicholson, Voelker, California Energy and Life Advance have reached a compromise agreement intended to forever resolve the Dispute, the Nicholson/Voelker

Page 7 of 27

Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and any other claims or disputes involving the Policy Benefit, and to avoid the expense and inconvenience of further litigation between the Parties now and in the future.

Now, without admitting fault or liability, in consideration of the agreements, promises, and warranties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby settle and resolve the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and any other claims or disputes involving the Parties related to the Policy, the Policy Benefit, the Interpleader Action and the Dispute as follows:

## AGREEMENT

1.     **Recitals.** The Parties specifically agree to the above recitals, which form a material part of this Agreement.   The above recitals are incorporated herein by this reference.

2.     **Release of Claims.**  In return for the consideration as provided herein, the value of which is acknowledged, the Parties promise, agree and generally release as follows:

a.     **Release by California Energy, Nicholson and Voelker**.  Except for the obligations of Life Advance created by this Agreement, and to become effective upon receipt of the Settlement Proceeds and the complete and timely performance by Life Advance of all of its obligations described in this Agreement, California Energy, Nicholson and Voelker do hereby for themselves, their predecessors, successors, assigns,

heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, creditors, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates hereby release and forever discharge Life Advance, Life Capital Group, Inc., Mills, Potoczak & Company, Life Credit Company, LLC, Remar Investments, LP, Rangetree Strategies, LLC, Daniel J. Miller, Craig T. Stack, Brendan Francis, ~~Pruco Life Insurance Company, Prudential Insurance Company of America,~~ Edward Spooner, Edward Spooner as Trustee of the Living Trust of Edward Spooner dated 3/1/18, ~~James David Roberts, Serena Collyer, Maria Castillo de Roberts, Angel Roberts,~~ their predecessors, successors, assigns, spouses, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates (collectively "Life Advance Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Action, claims for malicious prosecution, abuse of process, and all other claims against any of the Life Advance Released Parties.

b.   **Release by Life Advance**.  Except for the obligations of California Energy, Nicholson and Voelker created by this Agreement, and to become effective upon the receipt of the Settlement Proceeds and the complete and timely performance by

California Energy, Nicholson and Voelker of all of their obligations described in this Agreement, Life Advance does hereby for itself, its predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates release and forever discharge California Energy, Nicholson and Voelker, their predecessors, successors, assigns, spouses, heirs, executors, attorneys, employees, agents, contractor, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates (collectively "California Energy Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Action, claims for malicious prosecution, abuse of process, and all other claims against any of the California Energy Released Parties.  This release shall not apply to any claims any of the Life Advance Released Parties may have against Walsh.

The Parties acknowledge and agree that the releases and discharges set forth above are general releases.  The Parties knowingly waive, and assume the risk of, any and all claims of any nature whatsoever, which exist as of this date, or which may exist in the future, but which they do not know or suspect to exist, including, without limitation,

claims which, if known, would have materially affected their decision to enter into this Agreement.  The Parties hereby confirm that they understand that facts may turn out to be other than or different from those now known or believed to be true; the Parties knowingly assume that risk and acknowledge and agree that this Agreement shall remain in effect and shall not be subject to termination or revocation by reason of any such different facts.

3. **Waiver of Benefits of § 1542 of California Civil Code**.  The undersigned Parties do hereby acknowledge that they, and each of them, are familiar with and do hereby waive any and all rights based upon the provisions of § 1542 of the <u>Civil Code</u> of the State of California, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Life Advance, LLC

Initials   By:_____           _____
       Its Authorized Agent                David Michael Nicholson

California Energy Development Inc.
By:_____           _____
       Its Authorized Agent                Jason Paul Voelker

4. **Parties Intent.**  The intent of this settlement is to resolve all claims, known or unknown, pertaining to the Parties' claims made in Nicholson/Voelker Claims, California Energy's Claims, Life Advance's Claims, or related to the Dispute, or that could have been alleged against the other Parties, and all claims, known or unknown, for

which the Parties have made or could have made against the other Parties or related to the Dispute.

5.     **No Admissions.**     The Parties acknowledge that the payment of the Settlement Proceeds described below is not to be construed as an admission of liability, but is a compromise of disputed claims, and may not be used in any court of law or administrative proceeding or for any evidentiary purpose to establish past, present or future liability upon any party to this Agreement, including their identified and unidentified spouses, heirs, devisees, legatees, executors, administrators, principals, officers, directors, managers, members, shareholders, agents and servants, employees, attorneys, partners, insurers, predecessors, successors and assigns, and parents and subsidiary corporations, and affiliates persons and entities.

6.     **Good Faith Settlement.**     The Parties agree, after consulting with counsel of their own choice, and represent that the settlement memorialized in this Agreement is in good faith and to the satisfaction of the Parties.

7.     **Indemnity by Released Parties.**     The Parties agree to indemnify and defend the other Parties and to hold the other Parties harmless from any and all losses, claims, demands, actions, damages, remedies, interest, penalties, expenses, debts, liabilities, causes of action, and controversies of every kind or character, including, without limitation, all court costs, legal expenses, and attorneys' fees, arising out of or relating to any and all claims, liabilities, losses, fines, penalties, liens, demands, obligations, actions, proceedings, or causes of action of every kind, known or unknown, to the extent arising, in whole or in part, out of any: (1i) breach or misrepresentation of

any recital, representation, warranty, agreement, promise or commitment made by a party being released under this Agreement; and (ii) claim(s) or cause(s) of action which are or may be asserted by any person or entity claiming by, through, or under a party being released herein, including, without limitation, claims made by subrogees, bond holders, lienholders, creditors, members, shareholders, and holders of warrants, options, subscription rights and all other equity security interests.

Under no circumstances shall this paragraph apply to any attorney of a released party.

8.     **Indemnity by California Energy, Nicholson and Voelker to Life Advance**.  California Energy, Nicholson, Voelker, and each of them, shall indemnify, defend and hold harmless the Life Advance Released Parties from and against all liability, claims, damages, costs, and fees of attorneys related in any way to any tax owed or assessed against any person or entity who receives any part of any portionthe "thirty percent (30%)" share of the Settlement Payment described below, any claim released pursuant to this Agreement, any breach of this Agreement by any of them, and any claim by Janson & Associates Global Consulting, Janson & Associates Global Consulting, LLC, U.S. Energy Concepts, Inc., U.S. Energy Concepts, LLC, Texas Energy Concepts, Inc, Centrair Energy, Inc., California Energy Development A, Inc.,  California Energy Development Company, Inc., California Energy Development Company, California Energy Development, California Energy Developments Solutions, LLC, California Energy Development Trust, California State Solar, Cal State Solar, California Energy Solar,  California Energy Consultants, LLC, Raul Rodriguez, any other person or entity

who claims to be a shareholder, stakeholder, equity holder, bond holder or creditor of California Energy, or any of them, which claim is related in any way to the Dispute, the Policy, the Policy Benefit, the Interpleader Action, this Agreement or any obligation under this Agreement.

9.   **Consideration.**   As consideration for the foregoing release, representations, warranties and indemnity obligations by the Parties and the other promises and representations set forth above and below, payment of the Policy Benefit shall be made as follows:

(a)   Life Advance shall receive seventy percent (70%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action, subject to dismissal of Timothy Bryson.

(b)   California Energy, Nicholson and Voelker collectively shall receive thirty percent (30%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action, subject to dismissal of Timothy Bryson. California Energy, Nicholson and Voelker will agree in their discretion on the proper allocation of these funds among themselves.

The payments described hereinabove are referred to in this Agreement as the "Settlement Proceeds."   The Parties shall file a joint motion in the Interpleader Action for the disbursement of seventy percent (70%) of the Policy Benefit plus accrued interest to the attorney-client trust account of Milberg & De Phillips, P.C., for receipt of the Settlement

Page 14 of 27

Proceeds on behalf of Life Advance; and thirty percent (30%) of the Policy Benefit plus accrued interest to the attorney-client trust account of the Law Offices of Benjamin W. Gale, for receipt of the Settlement Proceeds on behalf of Nicholson, Voelker and California Energy.

10     **Dismissal of Interpleader Action.**   Within five days of receipt of the Settlement Proceeds, the Parties shall file a Joint Motion to Dismiss the Interpleader Action, duly executed on their behalf, dismissing any and all claims existing within the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims and the Interpleader Action with Prejudice.   The Parties hereby acknowledge and confirm that they have authorized their attorneys to file such a dismissal.

11.     **Costs, Attorney's Fees and Litigation Expenses.**   The Parties hereto shall be solely responsible for payment of their own costs, attorney's fees and other litigation expenses in connection with the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims and the Interpleader Action, and the negotiation, documentation and implementation of this Agreement, including, without limitation, the dismissal of the Lawsuit, and all other matters arising from or related to the disbursement of proceeds in the Interpleader Action, the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims except as otherwise set forth below.   This includes, but is not limited to, Life Advance's attorney fees that are currently subject to fee-shifting sanctions against Nicholson and Walsh.

However, in the event that any action, suit, or other proceeding is hereafter instituted, arising out of a breach of this Agreement, involving claims within the scope of the releases contained in this Agreement, or pertaining to a declaration of rights under this Agreement, the prevailing Party shall recover all of such Party's reasonable attorney's fees and costs incurred in each and every such action, suit, or other proceedings, including any and all appeals, writs, or petitions therefrom.

12.    **Successors and Assigns**.    This Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable only by the Parties and their respective successors, heirs, executors, administrators and assigns.    No other person or entity shall have any rights under this Agreement or be entitled to bring any action to enforce any of its provisions.    The rights of any assignee of Nicholson, Voelker, California Energy or Life Advance shall be subject to all terms of this Agreement and any defense or claim in recoupment arising under or in connection with the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and/or this Agreement.

13.    **Survival**.    This Agreement, and all representations, warranties, covenants and agreements contained within it, shall survive the execution and delivery of this Agreement and the conclusion of the Dispute and Interpleader Action.

14.    **Enforcement**.    The United States District Court for the Southern District of California shall have exclusive jurisdiction, and shall be the sole venue, for any action or proceeding to enforce or interpret this Agreement.

The Parties shall execute and file a Consent to Jurisdiction by a United States Magistrate Judge consenting to the jurisdiction of a United States Magistrate Judge to decide all disputes arising from or related to this Agreement.

15.     **Amendments.**  This Agreement shall not be amended or modified except by a writing executed by all Parties.

16.     **Entire Agreement and Severability**.  This Agreement constitutes the entire agreement with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written discussions, if any.  If any clause or provision of this Agreement is subsequently determined by any Court or tribunal to be invalid or unenforceable under any present or future law, the remainder of this Agreement shall not be affected thereby.  It is the intention of the Parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof a provision as similar to such provision as is possible to be legal, valid and enforceable.  The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital.

17.     **Ambiguity or Uncertainy**.  This Agreement has been prepared equally by all Parties.  No ambiguity or uncertainty in any language in this Agreement shall be construed for or against any Party.

18.     **Governing Law**.   This Agreement shall be governed and construed in accordance with the laws of the State of California.

19.     **Additional Documents**.   The Parties agree to cooperate fully and to execute and deliver any and all supplementary documents and to take any and all

additional actions which may be necessary or appropriate to give effect to the terms and intent of this Agreement and to effectuate disbursement of the Policy Benefit as contemplated herein.

20.   **Counterpart Execution**.   This Agreement may be signed in multiple counterparts, including with facsimile signatures, or electronic signatures binding under California law, and each counterpart when taken with the other executed counterparts, shall constitute a binding agreement.

21.   **Warranty of Capacity to Execute**.   The Parties, and each of them, represent and warrant that except as otherwise described herein, no other person or entity has or has had any interest in the claims, demands, obligations, or claims referred to in this Agreement; that they have the sole right and exclusive authority to execute this Agreement and to render performance in accordance with its terms; and that they have not encumbered, hypothecated, sold, assigned, transferred, conveyed or otherwise disposed of any of their interests in the assets or rights transferred herein, or in any of the claims, demands, obligations, or causes of action, referred to in this Agreement, or any interest or right related thereto.

22.   **Covenant Not to Sue or Prosecute**.   Except for the enforcement of the obligations created by this Agreement, and except as otherwise provided herein, the Parties agree never to sue, prosecute or file with any court any claim against or regarding each other which relates in any way to any claims released pursuant to this Agreement.

23.   **Covenant Not to Interfere**.   The Parties agree never to interfere with other Parties in receipt of the Settlement Proceeds.

24. **Confidentiality and Non-disparagement.** The Parties understand and agree that the terms of this Agreement shall be kept confidential. Neither party hereto will reveal, or cause to be revealed, any of these terms to any third party other than their attorneys, insurers, accountants, tax professionals, regulators and governmental agencies, or as may be required by law. If any Party is served with or accepts service of a subpoena or notice to provide testimony or documents related to this Agreement, such Party shall promptly provide all other Parties with a true and correct copy of the subpoena or notice to provide the opportunity to quash or limit the testimony or documents requested. The Parties agree that they will not in any way publicize or cause to be publicized in any news or communications media, including but not limited to, websites, newspapers, magazines, journals, radio or television, the terms or conditions of this settlement. Upon inquiry by third parties about the status of the Dispute or Interpleader Action, the Parties may indicate only that the Dispute / Interpleader Action has been resolved and that all claims in the Dispute / Interpleader Action have been dismissed with prejudice.

The Parties further agrees that they will not discuss or make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of each other, including any of their affiliated companies or their respective employees and agents. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, made to any person or entity.

This provision of confidentiality and non-disparagement does not seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the

Page 19 of 27

general public health or safety, or the administration of public office, or the operation of government.

The Parties understand and agree that this Section is a material provision of this Agreement, that the non-breaching party would be irreparably harmed by violation of these provisions, and that any breach of this Section shall be a material breach of this Agreement.  If this covenant of confidentiality or non-disparagement Section is breached, all parties and attorneys agree that actionable harm will occur to the non-breaching party.

25.   **No Tax Representations**.   The Parties understand and acknowledge that the other does not warrant or represent any tax consequences of this Agreement and each Party hereto agrees that they are relying on their own legal or tax advisors and not on the other with respect to any tax aspects of this Agreement.  Any tax or costs, attorneys' fees, penalties or interest incurred or assessed to a Party shall be their sole responsibility.  The Parties further acknowledge that they have not been provided any tax advice from their respective attorneys nor are they relying on their legal counsel for any tax advice.

26.   **Headings**.   The titles and headings of any provision herein exist for convenience only and in no way shall restrict or modify this Agreement.

27.   **Representations and Warranties by Nicholson and Voelker**.   Nicholson and Voelker each represents and warrants the following to Life Advance: each is legally competent, has the mental capacity to understand, and he does understand, the nature and effect of the transactions described in this Agreement; each has the power and authority to enter into this Agreement and to render performance in accordance with its terms; each has investigated the facts and evidence regarding the subject matter of this Agreement;

the recitals of fact contained in this Agreement are true and correct; each is the only individual entitled to assert the claims he released herein and that each has not assigned such claims to any other person or entity; each understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; each has had the opportunity to consult with an independent lawyer of his own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; he is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by their execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which he is a party, or the consummation of the transactions contemplated hereby or thereby; each has provided to Life Advance the written consent to this Agreement  on the form attached hereto as Exhibit A, signed by their respective spouse or domestic partner, if applicable; and the settlement described in this Agreement is fair and equitable.

28.     **Representations and Warranties by California Energy**.   California Energy represents and warrants the following to Life Advance: the person who executes this Agreement on behalf of California Energy has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind California Energy and its shareholders, owners,

Page 21 of 27

equity holders, bond holders, officers, directors and stakeholders to this Agreement and to render performance in accordance with its terms; California Energy has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; California Energy is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; California Energy understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; California Energy has had the opportunity to consult with an independent lawyer of its own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; California Energy is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; California Energy has provided to Life Advance a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its directors and by all of its shareholders; and the settlement described in this Agreement is fair and equitable.

29.    **Representations and Warranties by Life Advance**.    Life Advance represents and warrants the following to California Energy, Nicholson and Voelker:  the

person who executes this Agreement on behalf of Life Advance has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind Life Advance and its members, managers, owners, equity holders, bond holders, officers, directors and stakeholders to this Agreement and to render performance in accordance with its terms; Life Advance has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; Life Advance is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; Life Advance understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; Life Advance has had the opportunity to consult with an independent lawyer of its own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; Life Advance is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; Life Advance has provided to California Energy a duly executed resolution or unanimous written consent

Page 23 of 27

approving this Agreement, signed by all of its managers; and the settlement described in this Agreement is fair and equitable.

30.  **Time of the Essence**.  All Parties agree that time is of the essence in the performance of each of the obligations described in this Agreement.

31.  **Joint Obligations of the Parties**.  The Parties shall execute and cause to be filed with the Court in the Interpleader Action a notification of death of Bryson, a joint motion to dismiss Bryson as a party to the Interpleader Action with respect to all claims and a joint motion to cause the Settlement Proceeds to be disbursed.  After the Settlement Proceeds are received by the respective Parties, the Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to dismiss the Interpleader Action with prejudice as to all parties and all claims, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement.  Counsel for California Energy shall prepare the notification of death of Bryson and joint motion to dismiss Bryson.  Counsel for Life Advance shall prepare the joint motion to disburse the Settlement Proceeds and the joint motion to dismiss the Interpleader Action.  The Parties shall cooperate in all reasonable ways to achieve the purposes of this Agreement.

31. _____

**READ THE FOREGOING DOCUMENT CAREFULLY BEFORE SIGNING.**

Date:                _____
                     David Michael Nicholson aka Mickey Nicholson

Date: _____
                    Jason Paul Voelker


                    California Energy Development Inc.

Date: _____     By: _____
                    _____, Authorized Agent



                    Life Advance, LLC

Date: _____     By:_____
                    Craig Stack, Manager


                    _____ Life Capital Group, Inc.,

Date: _____     By: _____
                    _____, Authorized Agent



                    _____ Mills, Potoczak & Company



Date: _____     By: _____
                    _____, Authorized Agent



                    _____ Life Credit Company, LLC,

Date: _____     _____ By: _____
                    _____, Authorized Agent


Page 25 of 27

Formatted: Indent: Left: 0", Hanging: 0.01"

Formatted Table

Formatted: Indent: Left: 0", First line: 0"

Formatted Table

Formatted: Indent: Left: 0", First line: 0"

Formatted Table

       Remar Investments, LP

Date:        By: _____
              _____, Authorized Agent

       Rangetree Strategies, LLC

Date:        By: _____
              _____, Authorized Agent

       Remar Investments, LP

Date:        By: _____
              _____, Authorized Agent

Date:        _____
        Daniel J. Miller

Date:        _____
        Craig T. Stack

Date:        _____
        Brendan Francis

Date:        _____
        Edward Spooner

       Living Trust of Edward Spooner dated 3/1/18

Date:        __ By: _____, Trustee

**Formatted:** Indent: Left:  0", First line:  0", Right:  0", Space After:  43.55 pt, Line spacing:  Multiple 1.08 li

APPROVED AS TO FORM AND CONTENT.  THIS IS NOT AN UNDERTAKING OR GUARANTY OF PERFORMANCE BY THE ATTORNEY FOR ANY PARTY.

Milberg & De Phillips, P.C.

Date:_____     By:_____
                               Russell M. De Phillips
                               Attorneys for Life Advance, LLC


Law Offices of Benjamin W. Gale

Date:_____     By:_____
                               Benjamin W. Gale
                               Attorney for California Energy Development Inc.

# EXHIBIT E

| From: | CASDdb _efile Goddard |
|---|---|
| To: | Russell De Phillips; Benjamin Gale; Mickey Nicholson; Jason Voelker (jason.voelker@ymail.com) |
| Cc: | CASDdb _efile Goddard |
| Subject: | Re: Mediator"s Proposal re Pruco v. CEDI et al, Case No. 3:18-cv-2280-DMS-AHG (CONFIDENTIAL SETTLEMENT COMMUNICATION; INADMISSIBLE FOR ANY PURPOSE) |
| Date: | Tuesday, June 14, 2022 6:44:46 PM |
| Attachments: | image001.png |
|  | image.png |

Dear Mr. De Phillips, Mr. Gale, Mr. Nicholson, and Mr. Voelker:

The second Mediator's Proposal of June 6, 2022 was not accepted. Per Judge Sabraw's order issued today, because your settlement agreement and joint motion to dismiss have not yet been finalized, you should be prepared to attend the pretrial conference before Judge Sabraw on Friday and explain your impasse on the terms of the settlement agreement to him at that time.

Best regards,
Hon. Allison H. Goddard



Allison H. Goddard (she/her/hers)
Magistrate Judge
Southern District of California
(619) 557-6162

---

**From:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Sent:** Monday, June 6, 2022 11:52 AM
**To:** Russell De Phillips <rdephillips@surflaw.net>; Benjamin Gale <bengalelaw@gmail.com>; Mickey Nicholson <mickeynicholson@gmail.com>; Jason Voelker (jason.voelker@ymail.com) <jason.voelker@ymail.com>
**Cc:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Subject:** Mediator's Proposal re Pruco v. CEDI et al, Case No. 3:18-cv-2280-DMS-AHG (CONFIDENTIAL SETTLEMENT COMMUNICATION; INADMISSIBLE FOR ANY PURPOSE)

**CONFIDENTIAL SETTLEMENT COMMUNICATION; INADMISSIBLE FOR ANY PURPOSE**

Re: *Pruco Life Insurance Co. v. California Energy Development Inc., et al.*, Case No. 18cv2280

Dear Mr. De Phillips, Mr. Gale, Mr. Nicholson, and Mr. Voelker:

Following up on our settlement conference on June 3, 2022, I am making the following second Mediator's Proposal to resolve this case.

This Proposal is "double blind." What that means is you will each tell me (via email by the deadline set forth below) confidentially Yes or No. If you say Yes, you will know if the other side said Yes, because the case will be settled per the below proposed amount and terms. If you say Yes, you will likewise know if the other side said No, because there will be no settlement. If you say No, you will <u>not</u> be told whether the other party said Yes or No. This approach ensures that everyone is protected from there being a psychological floor or ceiling established in the event the case does not settle.

If any party changes this Proposal, that is the equivalent of a No.

This Proposal is intended to fully and completely resolve and settle <u>all</u> claims that have been asserted, or could have been asserted, in this case or in any way related to the insurance policy at issue in this case.

With the above in mind, the Proposal is as follows:

- The Parties will execute the attached settlement agreement (document titled "AHG Mediators Proposal 2 Agreement (clean)"), which contains all of the terms of this Proposal. I have attached a redline showing changes made during our discussion on June 3 merely for your convenience.

- The Parties will execute the attached settlement agreement within three business days after the Proposal is accepted by all Parties.

- The Parties will file a Joint Motion to dismiss this action per the terms of the settlement agreement within three business days after the settlement agreement is executed by all Parties.

<u>Deadline to respond</u>: Both sides have until 4:00 pm PT on June 13, 2022, to email (to efile_goddard@casd.uscourts.gov) their Yes or No response to this Proposal.

Best regards,
Hon. Allison H. Goddard



**Allison H. Goddard (she/her/hers)**
**Magistrate Judge**
**Southern District of California**
**(619) 557-6162**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement And Mutual Release ("Agreement") is entered into as of June ___, 2022, by and between Life Advance, LLC ("Life Advance"), California Energy Development Inc. ("California Energy"), David Michael Nicholson, also known as Mickey Nicholson ("Nicholson") and Jason Paul Voelker ("Voelker") (collectively the "Parties"), according to the terms set forth herein and with reference to the following recitals of fact. Any of the Parties may be referred to as a "Party." The Parties wish to enter into this Agreement to fully and finally resolve the matters as described herein. The Parties are satisfied that the recitals of fact contained herein are true and accurate and the settlement and releases described herein are fair and equitable. The Parties agree as follows:

## RECITALS OF FACT

~~B.~~ A. On or about February 3, 2016, Pruco Life Insurance Company ("Pruco") issued a Term Elite life insurance policy, Policy No. L9 301 242, to California Energy (the "Policy"). The Policy provided a $1,000,000 death benefit (the "Policy Benefit") and insured the life of James Roberts ("Roberts"), who was identified as California Energy's Chief Executive Officer. When the Policy was issued, California Energy was listed as the Policy's owner and sole designated beneficiary.

~~C. On or about July 12, 2016, Roberts submitted a request to Pruco to change the ownership of the Policy from California Energy to himself personally. Roberts also requested that Pruco change the primary beneficiary from California Energy to Roberts' wife, and children. Pruco informed Roberts that additional information was needed to~~

process the changes and eventually on August 2, 2016, Roberts sent to Pruco a Request to Change Beneficiary/Ownership on Life Insurance Policies in response to Pruco's instructions, signed in his capacity as CEO/President of California Energy.

D.    On or about August 3, 2016, Pruco processed Roberts' request for the change of ownership and beneficiaries.

E.     On November 21, 2017, Pruco filed a Complaint for Declaratory Relief against California Energy ("CEDI") , Roberts, Timothy Bryson ("Bryson"), Eric Porter ("Porter"),

Robin Simon ("Simon") and Does 1-10, in Pruco Life Insurance Company v. California

Energy Development Inc., e t al, United States District Court, Southern District of California Case No. 17cv2362-L-WVG (the "First Action"), regarding Roberts' requested transfer of the Policy, and immediately submitted for court approval a settlement agreement, purportedly signed by the parties to the First Action, that would give Roberts the right to control or ownership of the Policy. The settlement agreement was not unenforceable against CEDI, because CEDI's purported signatory, Hamilton & Associates, was not an officer or employee of CEDI.  In fact the person who signed for Hamilton & Associates, Ben Thomas Hamilton, was Roberts' personal injury attorney, and in no way represented CEDI's interests.  Roberts signed the agreement "in pro se", not as an officer or agent of CEDI.  Roberts induced his individual co-defendants, who were former officers of CEDI, likewise to sign the settlement agreement "in pro se" for whatever make-weight value their participation might have, in exchange for a promised pay-off of thousands of

Page 2 of 26

dollars, which Roberts never paid.    seeking a declaration identifying the Policy's proper owner, fully and finally resolving any outstanding disputes concerning ownership of the Policy and a declaration identifying the Policy's proper beneficiary.

F.      On May 18, 2018, the Honorable M. James Lorenz, whom none of the parties had apprised of these facts, issued in the First

Action his Order Granting Joint Motion for Order Effecting Settlement and Dismissal ("Order"). (Document 12.)  The Order provides that Roberts shall maintain control and ownership of the Policy and that defendants California Energy, Bryson, Porter and Simon "have no respective rights to control or ownership of the Policy."

G.      On July 5, 2018, Pruco, at the request of Roberts, completed a change of ownership and beneficiary for  Edward Spooner ("Spooner"), as trustee of the so-called Living Trust of Edward

Spooner (the ""SpoonerTrust") purportedly  giving all rights of ownership and control under the Policy to

Spooner and recognizing Spooner as the beneficiary of the Policy, but in actuality giving Roberts full control over and rights to the Trust assets.

H.      On July 19, 2018, Pruco, at the request of Spooner, completed a change of ownership and beneficiary for Life Advance giving all rights of ownership and control under the Policy to Life Advance and recognizing Life Advance as the beneficiary of the Policy.    Craig Stack stated in deposition testimony that Life Advance actually bought the policy from Roberts through this crooked path.

I.      On October 1, 2018, Pruco filed in this action its Complaint for Declaratory

Relief against California Energy, Timothy Bryson ("Bryson"), Nicholson, John J. Walsh

("Walsh"), ~~Spooner~~ Edward Spooner ("Spooner"), as trustee of the Living Trust of Edward

Spooner (the "Spooner Trust"), Life Advance, and Does 1-10 (Document 1) in <u>Pruco Life

Insurance Company v.</u>

B.      <u>California Energy Development Inc., et al.,</u> United States District Court,

Southern District of California Case No. 18cv2280-DMS-AHG (the "Interpleader

Action").  The Complaint sought a declaration identifying the proper owner of the Policy

and resolving any outstanding disputes among the Defendants concerning ownership of the

Policy and a declaration identifying the Policy's proper beneficiary, among other relief.

~~J.      On January 11, 2019, the Court filed its Order Granting Plaintiff Leave to~~

~~Amend Complaint to Substitute Doe Defendant (Document 17) substituting Doe~~

~~Defendant 1 with Voelker in the Interpleader Action.~~

~~K.~~C.   On or about April 30, 2019, Roberts died.

~~L.~~D.   On May 31, 2019, Pruco filed a Notice of Voluntary Dismissal of its claims

against Spooner in the Interpleader Action. (Document 73.)

~~M.~~E.   On September 3, 2019, Pruco filed its Second Amended Complaint for

Interpleader in the Interpleader Action.  (Document 102.)  Pruco prayed that Defendants

California Energy, Bryson, Nicholson, Walsh, Voelker and Life Advance "be ordered to

settle amongst themselves their respective rights and claims to the Policy benefits due and

owing as a result of Robert's death."

~~N.~~F.    On February 5, 2020, the Honorable Dana M. Sabraw signed his Order Granting in Part and Denying in Part Pruco Life Insurance Company's Motion for Leave to Deposit Interpleader Funds and Dismiss Plaintiff, which dismissed Pruco and directed Pruco to deposit the benefit of Policy No. L9 301 242 of approximately $1,001,086.53 with the Registry of Court.  (Document 119.)  On February 24, 2020, Pruco sent Prudential Insurance Company of America's Check No. 1150085149 in the amount of $1,013,288.77 to the Clerk of Court via Federal Express.  (Document 123.)

~~O.~~G.    Life Advance and Walsh entered into a settlement ~~in this action~~ on March 5, 2020, at the Early Neutral Evaluation Conference before the Honorable Allison H. Goddard in the Interpleader Action, which was followed up by a written settlement agreement eventually signed by Walsh on May 18, 2020 wherein, among other things, Walsh assigned his claims under the Policy to Life Advance for consideration provided by Life Advance.  An Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant was filed on June 10, 2020.  (Document 157.)  -On March 25, 2021, the Court filed its Order Granting Life Advance's Motion to Alter or Amend Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant in the Interpleader Action.  (Document 237.)

~~P.~~H.    On or about July 7, 2021, Bryson died.  On June 3, 2022, the Court issued an Order dismissing Bryson from the Interpleader Action and noting his death on the record. (Document 363.)

~~Q.~~I.   The remaining parties to the Interpleader Action whose defaults have not been entered as to the Pruco claims are ~~Bryson,~~ California Energy, Nicholson, Voelker and Life Advance.   The claims remaining to be litigated are Pruco's Interpleader Action; Nicholson   and   Voelker's   Joint   Second   Amended   Cross-complaint   (the "Nicholson/Voelker Claims") (Document 209); California Energy's Crossclaim for Declaratory Relief, Slander of Title, Interference with Contractual Advantage, Negligent Interference with Prospective Economic Advantage, Conversion, Constructive Trust and Third Party Tort of Another (the "California Energy Claims") (Document 240); and Life Advance's Crossclaim for Declaratory Relief and Interference with Contract and Third Party Complaint for  Declaratory Relief and Interference with Contract (the "Life Advance Claims") (Document 15).

~~R.~~J.   A dispute exists, as outlined in the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims, as to the payment of the Policy Benefit that was deposited by Pruco into the registry of the Court in the Interpleader Action (the "Dispute").

~~S.~~   On ~~April 12~~June 6, 2022, Judge Goddard issued a second ~~her~~Mediator's Proposal ("Proposal") to settle all claims related to the Policy and ~~the~~ any remaining claims in the Interpleader Action. The Parties accepted the Proposal and enter into this Agreement based thereon. ~~based on the Parties' discussions, the information exchanged at settlement conferences and the practical realities of continued litigation.   Judge Goddard referred to California Energy as CEDI in the Proposal.   The~~

Page 6 of 26

Proposal was as follows:

The parties will jointly file a Notification of Death Upon the Record and Joint Motion to Dismiss Timothy Bryson pursuant to Rule 25(a)(2), noting Mr. Bryson's death on the record and requesting that he be dismissed from the case because his claim to the policy proceeds, if any, is through CEDI, and because he was in default prior to his death.

After filing the Notification of Death and Joint Motion to Dismiss Timothy Bryson, the parties will file a joint motion with the Court that requests the following:

70% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to Life Advance, subject to the dismissal of Timothy Bryson;

30% of the funds interpleaded with the Court from the Pruco insurance policy shall be distributed to California Energy Development, Inc., Mickey Nicholson, and Jason Voelker, subject to dismissal of Timothy Bryson. CEDI, Nicholson, and Voelker will agree in their discretion on the proper allocation of these funds among themselves;

Each party shall bear its own attorney fees and costs; and

Requesting dismissal of the interpleader action with prejudice.

The parties shall execute a formal settlement agreement setting [sic] agreeing to the matters in the joint motion. Other terms of the formal settlement agreement shall include:

The parties shall execute a full release of all claims, known and unknown, against all other parties, including a California Civil Code section 1542 waiver;

Page 7 of 26

The parties covenant not to sue each other in the future regarding any claims related to the Pruco life insurance policy at issue in this case; and

The agreement shall attach a formal resolution by CEDI confirming that it has full authorization to enter into the settlement and that the person signing the settlement agreement and joint motion on behalf of CEDI has full authority to do so.

T.    The Parties were given until 4:00 pm PT on April 19, 2022, to email Judge Goddard their yes or no response to the Proposal.

U.    On April 19, 2022, the Parties were notified by Judge Goddard that the

K.    Proposal was accepted by all Parties.

V.L.    The Parties intend this Agreement Nicholson, Voelker, California Energy and Life Advance have reached a compromise agreement intended to forever resolve the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and any other claims or disputes involving the Policy Benefit, and to avoid the expense and inconvenience of further litigation between the Parties now and in the future.

Now, without admitting fault or liability, in consideration of the agreements, promises, and warranties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby settle and resolve the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and any other claims or disputes involving the Parties related to the Policy, the Policy Benefit, the Interpleader Action and the Dispute as follows:

## AGREEMENT

1.  **Recitals.** The Parties specifically agree to the above recitals, which form a material part of this Agreement.   The above recitals are incorporated herein by this reference.

2.  **Release of Claims.**   In return for the consideration as provided herein, the value of which is acknowledged, the Parties promise, agree and generally release as follows:

a.  **Release by California Energy, Nicholson and Voelker**.   Except for the obligations of Life Advance created by this Agreement, and to become effective upon receipt of the Settlement Proceeds and the complete and timely performance by Life Advance of all of its obligations described in this Agreement, California Energy, Nicholson and Voelker do hereby for themselves, their predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, creditors, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates hereby release and forever discharge Life Advance, ~~Life Capital Group, Inc., Mills, Potoczak & Company, Life Credit Company, LLC, Remar Investments, LP, Rangetree Strategies, LLC, Daniel J. Miller, Craig T. Stack, Brendan Francis, Pruco Life Insurance Company, Prudential Insurance Company of America, Edward Spooner, Edward Spooner as Trustee of the Living Trust of Edward Spooner dated 3/1/18, James David Roberts, Serena Collyer, Maria Castillo de Roberts, Angel Roberts,~~ <u>and its</u> ~~their~~ predecessors, successors, assigns, spouses, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents,

Page 9 of 26

subsidiaries and affiliates (collectively "Life Advance Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Action, claims for malicious prosecution, abuse of process, and all other claims against any of the Life Advance Released Parties. This release shall not apply to any claims any Parties may have against Walsh.

b. **Release by Life Advance**. Except for the obligations of California Energy, Nicholson and Voelker created by this Agreement, and to become effective upon the receipt of the Settlement Proceeds and the complete and timely performance by California Energy, Nicholson and Voelker of all of their obligations described in this Agreement, Life Advance does hereby for itself, its predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates release and forever discharge California Energy, Nicholson and Voelker, their predecessors, successors, assigns, spouses, heirs, executors, attorneys, employees, agents, contractor, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates (collectively "California Energy Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of

every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Action, claims for malicious prosecution, abuse of process, and all other claims against any of the California Energy Released Parties.  This release shall not apply to any claims any ~~of the Life Advance Released~~ Parties may have against Walsh.

The Parties acknowledge and agree that the releases and discharges set forth above are general releases.  The Parties knowingly waive, and assume the risk of, any and all claims of any nature whatsoever, which exist as of this date, or which may exist in the future, but which they do not know or suspect to exist, including, without limitation, claims which, if known, would have materially affected their decision to enter into this Agreement.  The Parties hereby confirm that they understand that facts may turn out to be other than or different from those now known or believed to be true; the Parties knowingly assume that risk and acknowledge and agree that this Agreement shall remain in effect and shall not be subject to termination or revocation by reason of any such different facts.

3. __Waiver of Benefits of § 1542 of California Civil Code.__  The undersigned Parties do hereby acknowledge that they, and each of them, are familiar with and do hereby waive any and all rights based upon the provisions of § 1542 of the <u>Civil Code</u> of the State of California, which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Initials

Life Advance, LLC
By:_____
    Its Authorized Agent

_____
David Michael Nicholson

California Energy Development Inc.
By:_____
    Its Authorized Agent

_____
Jason Paul Voelker

4.    **Parties Intent.**  The intent of this settlement is to resolve all claims, known or unknown, pertaining to the Parties' claims made in Nicholson/Voelker Claims, California Energy's Claims, Life Advance's Claims, or related to the Dispute, or that could have been alleged against the other Parties, and all claims, known or unknown, for which the Parties have made or could have made against the other Parties or related to the Dispute.

> **Commented [AG1]:** Deleted because it is redundant to Recital L.

5.4.    **No Admissions.**    The Parties acknowledge that the payment of the Settlement Proceeds described below is not to be construed as an admission of liability, but is a compromise of disputed claims, and may not be used in any court of law or administrative proceeding or for any evidentiary purpose to establish past, present or future liability upon any party to this Agreement, including their identified and unidentified spouses, heirs, devisees, legatees, executors, administrators, principals, officers, directors, managers, members, shareholders, agents and servants, employees, attorneys, partners, insurers, predecessors, successors and assigns, and parents and subsidiary corporations, and affiliates persons and entities.

6.5.    **Good Faith Settlement.**  The Parties agree, after consulting with counsel of their own choice, and represent that the settlement memorialized in this Agreement is in good faith and to the satisfaction of the Parties.

7.6.    **Indemnity by Released Parties.**  The Parties agree to indemnify and defend the other Parties and to hold the other Parties harmless from any and all losses, claims, demands, actions, damages, remedies, interest, penalties, expenses, debts, liabilities, causes of action, and controversies of every kind or character, including, without limitation, all court costs, legal expenses, and attorneys' fees, arising out of or relating to any and all claims, liabilities, losses, fines, penalties, liens, demands, obligations, actions, proceedings, or causes of action of every kind, known or unknown, to the extent arising, in whole or in part, out of any: (1i) breach or misrepresentation of any recital, representation, warranty, agreement, promise or commitment made by a party being released under this Agreement; and (ii) claim(s) or cause(s) of action which are or may be asserted by any person or entity claiming by, through, or under a party being released herein, including, without limitation, claims made by subrogees, bond holders, lienholders, creditors, members, shareholders, and holders of warrants, options, subscription rights and all other equity security interests.

Under no circumstances shall this paragraph apply to any attorney of a released party.

8.7.    **Indemnity by California Energy, Nicholson and Voelker to Life Advance**.  California Energy, Nicholson, Voelker, and each of them, shall indemnify, defend and hold harmless the Life Advance Released Parties from and against all liability,

claims, damages, costs, and fees of attorneys related in any way to any tax owed or assessed against any person or entity who receives any part of any portionthe "thirty percent (30%)" share of the Settlement Payment described below, any claim released pursuant to this Agreement, any breach of this Agreement by any of them, and any claim by Janson & Associates Global Consulting, Janson & Associates Global Consulting, LLC, U.S. Energy Concepts, Inc., U.S. Energy Concepts, LLC, Texas Energy Concepts, Inc, Centrair Energy, Inc., California Energy Development A, Inc.,  California Energy Development Company, Inc., California Energy Development Company, California Energy Development, California Energy Developments Solutions, LLC, California Energy Development Trust, California State Solar, Cal State Solar, California Energy Solar,  California Energy Consultants, LLC, Raul Rodriguez, any other person or entity who claims to be a shareholder, stakeholder, equity holder, bond holder or creditor of California Energy, or any of them, which claim is related in any way to the Dispute, the Policy, the Policy Benefit, the Interpleader Action, this Agreement or any obligation under this Agreement.

      9.    **Consideration.**  As consideration for the foregoing release, representations, warranties and indemnity obligations by the Parties and the other promises and representations set forth above and below, payment of the Policy Benefit shall be made as follows:

      (a)    Life Advance shall receive seventy percent (70%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action, subject to dismissal of Timothy Bryson.

Page 14 of 26

(b)     California Energy, Nicholson and Voelker collectively shall receive thirty percent (30%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action~~, subject to dismissal of Timothy Bryson~~. California Energy, Nicholson and Voelker will agree in their discretion on the proper allocation of these funds among themselves.

The payments described hereinabove are referred to in this Agreement as the "Settlement Proceeds." The Parties shall file a joint motion in the Interpleader Action for the disbursement of seventy percent (70%) of the Policy Benefit plus accrued interest to the attorney-client trust account of Milberg & De Phillips, P.C., for receipt of the Settlement Proceeds on behalf of Life Advance; and thirty percent (30%) of the Policy Benefit plus accrued interest to the attorney-client trust account of the Law Offices of Benjamin W. Gale, for receipt of the Settlement Proceeds on behalf of Nicholson, Voelker and California Energy.

     10    **Dismissal of Interpleader Action.** Within five days of receipt of the Settlement Proceeds, the Parties shall file a Joint Motion to Dismiss the Interpleader Action, duly executed on their behalf, dismissing any and all claims existing within the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims and the Interpleader Action with Prejudice. The Parties hereby acknowledge and confirm that they have authorized their attorneys to file such a dismissal.

     11.    **Costs, Attorney's Fees and Litigation Expenses.** The Parties hereto shall be solely responsible for payment of their own costs, attorney's fees and other litigation expenses in connection with the Dispute, the Nicholson/Voelker Claims, the California

Energy Claims, the Life Advance Claims and the Interpleader Action, and the negotiation, documentation and implementation of this Agreement, including, without limitation, the dismissal of the Lawsuit, and all other matters arising from or related to the disbursement of proceeds in the Interpleader Action, the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims except as otherwise set forth below. This includes, but is not limited to, Life Advance's attorney fees that are currently subject to fee-shifting sanctions against Nicholson and Walsh.

However, in the event that any action, suit, or other proceeding is hereafter instituted, arising out of a breach of this Agreement, involving claims within the scope of the releases contained in this Agreement, or pertaining to a declaration of rights under this Agreement, the prevailing Party shall recover all of such Party's reasonable attorney's fees and costs incurred in each and every such action, suit, or other proceedings, including any and all appeals, writs, or petitions therefrom.

12.   **Successors and Assigns**.   This Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable only by the Parties and their respective successors, heirs, executors, administrators and assigns.   No other person or entity shall have any rights under this Agreement or be entitled to bring any action to enforce any of its provisions.  The rights of any assignee of Nicholson, Voelker, California Energy or Life Advance shall be subject to all terms of this Agreement and any defense or claim in recoupment arising under or in connection with the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and/or this Agreement.

13.    **Survival**.  This Agreement, and all representations, warranties, covenants and agreements contained within it, shall survive the execution and delivery of this Agreement and the conclusion of the Dispute and Interpleader Action.

14.    **Enforcement**.  The United States District Court for the Southern District of California shall have exclusive jurisdiction, and shall be the sole venue, for any action or proceeding to enforce or interpret this Agreement.

The Parties shall execute and file a Consent to Jurisdiction by a United States Magistrate Judge consenting to the jurisdiction of a United States Magistrate Judge Allison H. Goddard to decide all disputes arising from or related to this Agreement. The parties' Joint Motion to Dismiss the Interpleader Action must expressly include a term providing for the continuing jurisdiction of United States Magistrate Judge Allison H. Goddard to decide all disputes arising from or related to this Agreement.

15.    **Amendments.**  This Agreement shall not be amended or modified except by a writing executed by all Parties.

16.    **Entire Agreement and Severability**.  This Agreement constitutes the entire agreement with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written discussions, if any.  If any clause or provision of this Agreement is subsequently determined by any Court or tribunal to be invalid or unenforceable under any present or future law, the remainder of this Agreement shall not be affected thereby.  It is the intention of the Parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof a provision as similar

to such provision as is possible to be legal, valid and enforceable.  The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital.

17.    **Ambiguity or Uncertainty**.  This Agreement has been prepared equally by all Parties.  No ambiguity or uncertainty in any language in this Agreement shall be construed for or against any Party.

18.    **Governing Law**.   This Agreement shall be governed and construed in accordance with the laws of the State of California.

19.    **Additional Documents**.  The Parties agree to cooperate fully and to execute and deliver any and all supplementary documents and to take any and all additional actions which may be necessary or appropriate to give effect to the terms and intent of this Agreement and to effectuate disbursement of the Policy Benefit as contemplated herein.

20.    **Counterpart Execution**.   This Agreement may be signed in multiple counterparts, including with facsimile signatures, or electronic signatures binding under California law, and each counterpart when taken with the other executed counterparts, shall constitute a binding agreement.

21.    **Warranty of Capacity to Execute**.  The Parties, and each of them, represent and warrant that except as otherwise described herein, no other person or entity has or has had any interest in the claims, demands, obligations, or claims referred to in this Agreement; that they have the sole right and exclusive authority to execute this Agreement and to render performance in accordance with its terms; and that they have not encumbered, hypothecated, sold, assigned, transferred, conveyed or otherwise disposed of any of their

interests in the assets or rights transferred herein, or in any of the claims, demands, obligations, or causes of action, referred to in this Agreement, or any interest or right related thereto.

22.   **Covenant Not to Sue or Prosecute**.   Except for the enforcement of the obligations created by this Agreement, and except as otherwise provided herein, the Parties agree never to sue, prosecute or file with any court any claim against each other that relates in any way to the Policy or any claims released pursuant to this Agreement. The Parties further agree never to sue, prosecute or file with any court any claim against any person (except for Walsh) or regarding the Policy each other which relates in any way to any claims released pursuant to this Agreement.

23.   **Covenant Not to Interfere**.   The Parties agree never to interfere with other Parties in receipt of the Settlement Proceeds.

24.   **Confidentiality and Non-disparagement.**   The Parties understand and agree that the terms of this Agreement shall be kept confidential. Neither party hereto will reveal, or cause to be revealed, any of these terms to any third party other than their attorneys, insurers, accountants, tax professionals, regulators and governmental agencies, or as may be required by law. If any Party is served with or accepts service of a subpoena or notice to provide testimony or documents related to this Agreement, such Party shall promptly provide all other Parties with a true and correct copy of the subpoena or notice to provide the opportunity to quash or limit the testimony or documents requested.   The Parties agree that they will not in any way publicize or cause to be publicized in any news or communications media, including but not limited to, websites, newspapers, magazines,

Page 19 of 26

journals, radio or television, the terms or conditions of this settlement. Upon inquiry by third parties about the status of the Dispute or Interpleader Action, the Parties may indicate only that the Dispute / Interpleader Action has been resolved and that all claims in the Dispute / Interpleader Action have been dismissed with prejudice.

The Parties further agrees that they will not discuss or make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of each other, including any of their affiliated companies or their respective employees and agents. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, made to any person or entity.

This provision of confidentiality and non-disparagement does not seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

The Parties understand and agree that this Section is a material provision of this Agreement, that the non-breaching party would be irreparably harmed by violation of these provisions, and that any breach of this Section shall be a material breach of this Agreement. If this covenant of confidentiality or non-disparagement Section is breached, all parties and attorneys agree that actionable harm will occur to the non-breaching party.

25.    **No Tax Representations**.  The Parties understand and acknowledge that the other does not warrant or represent any tax consequences of this Agreement and each Party hereto agrees that they are relying on their own legal or tax advisors and not on the other with respect to any tax aspects of this Agreement.  Any tax or costs, attorneys' fees,

penalties or interest incurred or assessed to a Party shall be their sole responsibility.  The Parties further acknowledge that they have not been provided any tax advice from their respective attorneys nor are they relying on their legal counsel for any tax advice.

26.   **Headings**.   The titles and headings of any provision herein exist for convenience only and in no way shall restrict or modify this Agreement.

27.   **Representations and Warranties by Nicholson and Voelker**.   Nicholson and Voelker each represents and warrants the following to Life Advance: each is legally competent, has the mental capacity to understand, and he does understand, the nature and effect of the transactions described in this Agreement; each has the power and authority to enter into this Agreement and to render performance in accordance with its terms; each has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; each is the only individual entitled to assert the claims he released herein and that each has not assigned such claims to any other person or entity; each understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; each has had the opportunity to consult with an independent lawyer of his own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; he is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by their execution, delivery or performance of this

Agreement or of any other documents required pursuant to this Agreement to which he is

a party, or the consummation of the transactions contemplated hereby or thereby; each has

provided to Life Advance the written consent to this Agreement- on the form attached

hereto as Exhibit A, signed by their respective spouse or domestic partner, if applicable;

and the settlement described in this Agreement is fair and equitable.

28.   **Representations and Warranties by California Energy**.   California

Energy represents and warrants the following to Life Advance: the person who executes

this Agreement on behalf of California Energy has the mental capacity to understand, and

does understand, the nature and effect of the transactions described in this Agreement and

has the full power and authority to bind California Energy and its shareholders, owners,

equity holders, bond holders, officers, directors and stakeholders to this Agreement and to

render performance in accordance with its terms; California Energy has investigated the

facts and evidence regarding the subject matter of this Agreement; the recitals of fact

contained in this Agreement are true and correct; California Energy is the only entity

entitled to assert the claims it released herein and that it has not assigned such claims to

any other person or entity; California Energy understands that this Agreement contains a

general release of all claims against the released parties, including but not limited to claims

arising from, by reason of, or in connection with the Policy, the Policy Benefit, the

Interpleader Action and the Dispute; California Energy has had the opportunity to consult

with an independent lawyer of its own choice before executing this Agreement; the

information and documents to be provided pursuant to this Agreement are true and correct;

California Energy is not subject to nor obligated under any applicable law, or any

agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; California Energy has provided to Life Advance a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its directors and by all of its shareholders; and the settlement described in this Agreement is fair and equitable.

29. **Representations and Warranties by Life Advance**.   Life Advance represents and warrants the following to California Energy, Nicholson and Voelker:  the person who executes this Agreement on behalf of Life Advance has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind Life Advance and its members, managers, owners, equity holders, bond holders, officers, directors and stakeholders to this Agreement and to render performance in accordance with its terms; Life Advance has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; Life Advance is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; Life Advance understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; Life Advance has had the opportunity to consult with

an independent lawyer of its own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; Life Advance is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; Life Advance has provided to California Energy a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its managers; and the settlement described in this Agreement is fair and equitable.

30. **Time of the Essence**.  All Parties agree that time is of the essence in the performance of each of the obligations described in this Agreement.

31. **Joint Obligations of the Parties**.  The Parties shall execute and cause to be filed with the Court in the Interpleader Action a ~~notification of death of Bryson, a joint motion to dismiss Bryson as a party to the Interpleader Action with respect to all claims and a~~ joint motion to cause the Settlement Proceeds to be disbursed.  After the Settlement Proceeds are received by the respective Parties, the Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to dismiss the Interpleader Action with prejudice as to all parties and all claims, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement.  ~~Counsel for California Energy shall prepare the notification of death of Bryson and joint motion to~~

Page 24 of 26

~~dismiss Bryson.~~ Counsel for Life Advance shall prepare the joint motion to disburse the

Settlement Proceeds and the joint motion to dismiss the Interpleader Action.  The Parties

shall cooperate in all reasonable ways to achieve the purposes of this Agreement.

**READ THE FOREGOING DOCUMENT CAREFULLY BEFORE SIGNING.**

Date: _____        _____
                                                        David Michael Nicholson aka Mickey
                                                        Nicholson


Date: _____        _____
                                                        Jason Paul Voelker


                                                        California Energy Development Inc.

Date: _____        By: _____
                                                        _____, Authorized Agent




                                                        Life Advance, LLC

Date: _____        By:_____
                                                        Craig Stack, Manager




APPROVED AS TO FORM AND CONTENT.  THIS IS NOT AN UNDERTAKING
OR GUARANTY OF PERFORMANCE BY THE ATTORNEY FOR ANY PARTY.

                                                        Milberg & De Phillips, P.C.

Date:_____        By:_____
                                                        Russell M. De Phillips

                                                        Page 25 of 26

Attorneys for Life Advance, LLC

Law Offices of Benjamin W. Gale

Date:_____          By:_____
                                        Benjamin W. Gale
                                        Attorney for California Energy Development Inc.

# EXHIBIT F

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | CASDb_efile Goddard; Benjamin Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr.; jason.voelker@ymail.com |
| **Subject:** | RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 9:48:42 AM |

**CAUTION - EXTERNAL:**

Thanks for the follow-up Kathleen.  I'm waiting for minor edits from Mr. Gale regarding a counterclaim against Pruco, as he explained in his below email I received Saturday afternoon.  I suspect the change will address dismissing the settling parties' cross-claims and third party claim with the court to retain jurisdiction to address any counterclaim against Pruco.  My client doesn't oppose that.  I will let you know when I receive something.  Thank you.


Thanks for thinking through the details, Russ.  This looks fine to me, except for one small issue that will not affect the substance of the agreement but will require us to keep this case open even after the proceeds are distributed.  That is the issue of where to bring a related claim against a plaintiff like Pruco, which, not surprisingly, comes up a lot in these insurance interpleader cases.

Rule 13 of the FRCP says we have to bring our counterclaim in this action.  There are a couple of cases construing the rule, which I will cite for you if you are interested.


I have proposed some small changes to the settlement agreement to address this issue, which I will send you shortly.

Regards,

Ben Gale



Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

**From:** CASDb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Sent:** Monday, June 27, 2022 8:56 AM
**To:** Russell De Phillips <rdephillips@surflaw.net>; Benjamin Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; jason.voelker@ymail.com; CASDb_efile Goddard

<efile_Goddard@casd.uscourts.gov>
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Good morning all,

Please let us know by noon today if this redline is acceptable to CEDI, Mr. Voelker, and Mr. Nicholson.

Thank you,

**Kathleen Mayer**
Law Clerk to the Hon. Allison H. Goddard
United States District Court
Southern District of California
Chambers: (619) 557-6162

---

**From:** Russell De Phillips <rdephillips@surflaw.net>
**Sent:** Saturday, June 25, 2022 1:33 PM
**To:** Benjamin Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; jason.voelker@ymail.com; CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

**CAUTION - EXTERNAL:**

Hi All – Enclosed is a revised settlement agreement redline.  I deleted Pruco from the release at 2.a on page 5; and I clarified the indemnity language at 7 on page 11.  Please provide any proposed edits asap.  Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

---

**From:** Benjamin Gale <bengalelaw@gmail.com>
**Sent:** Saturday, June 25, 2022 9:25 AM
**To:** Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; Russell De Phillips <rdephillips@surflaw.net>;

[jason.voelker@ymail.com](mailto:jason.voelker@ymail.com)
**Subject:** Re: Reminder: Please DocuSign: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Hi Maggie,

This was to be sent to me for review before finalization.   I will get back to you as soon as possible.

Regards,

Ben Gale

On Sat, Jun 25, 2022 at 5:00 AM MAGGIE CONANT via DocuSign <[dse_NA4@docusign.net](mailto:dse_NA4@docusign.net)> wrote:



MAGGIE CONANT sent you a document to review and sign.

**REVIEW DOCUMENT**

**MAGGIE CONANT**
[rmdscty@surflaw.net](mailto:rmdscty@surflaw.net)

Attached is the Settlement in the Pruco v. California Energy Development matter.

Please review, sign and return.

Thank you,

Maggie Conant
Paralegal to Russell M. De Phillips

# EXHIBIT G

| | |
|---|---|
| **From:** | Ben Gale |
| **To:** | Russell De Phillips; CASDdb_efile Goddard; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr.; jason.voelker@ymail.com |
| **Subject:** | RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 10:07:40 AM |
| **Attachments:** | Setlement BG ver 2.docx |

<mark>**CAUTION - EXTERNAL:**</mark>

All,

Please see the attached.

I hope this works.  Minor tweaks are acceptable to CEDI.

Sent from Mail for Windows

---

**From:** Russell De Phillips
**Sent:** Monday, June 27, 2022 9:48 AM
**To:** CASDdb_efile Goddard; Benjamin Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr.; jason.voelker@ymail.com
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

Thanks for the follow-up Kathleen.  I'm waiting for minor edits from Mr. Gale regarding a counterclaim against Pruco, as he explained in his below email I received Saturday afternoon.  I suspect the change will address dismissing the settling parties' cross-claims and third party claim with the court to retain jurisdiction to address any counterclaim against Pruco.  My client doesn't oppose that.  I will let you know when I receive something.  Thank you.


Thanks for thinking through the details, Russ.  This looks fine to me, except for one small issue that will not affect the substance of the agreement but will require us to keep this case open even after the proceeds are distributed.  That is the issue of where to bring a related claim against a plaintiff like Pruco, which, not surprisingly, comes up a lot in these insurance interpleader cases.

Rule 13 of the FRCP says we have to bring our counterclaim in this action.  There are a couple of cases construing the rule, which I will cite for you if you are interested.


I have proposed some small changes to the settlement agreement to address this issue, which I will send you shortly.

Regards,

Ben Gale

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

---

**From:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Sent:** Monday, June 27, 2022 8:56 AM
**To:** Russell De Phillips <rdephillips@surflaw.net>; Benjamin Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; jason.voelker@ymail.com; CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Good morning all,

Please let us know by noon today if this redline is acceptable to CEDI, Mr. Voelker, and Mr. Nicholson.

Thank you,

**Kathleen Mayer**
Law Clerk to the Hon. Allison H. Goddard
United States District Court
Southern District of California
Chambers: (619) 557-6162

---

**From:** Russell De Phillips <rdephillips@surflaw.net>
**Sent:** Saturday, June 25, 2022 1:33 PM
**To:** Benjamin Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; jason.voelker@ymail.com; CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

**CAUTION - EXTERNAL:**

Hi All – Enclosed is a revised settlement agreement redline.  I deleted Pruco from the release at 2.a on page 5; and I clarified the indemnity language at 7 on page 11.  Please provide any proposed edits asap.  Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

---

**From:** Benjamin Gale <bengalelaw@gmail.com>
**Sent:** Saturday, June 25, 2022 9:25 AM
**To:** Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; Russell De Phillips <rdephillips@surflaw.net>; jason.voelker@ymail.com
**Subject:** Re: Reminder: Please DocuSign: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Hi Maggie,

This was to be sent to me for review before finalization.   I will get back to you as soon as possible.

Regards,

Ben Gale

On Sat, Jun 25, 2022 at 5:00 AM MAGGIE CONANT via DocuSign <dse_NA4@docusign.net> wrote:



MAGGIE CONANT sent you a document to review and sign.

**REVIEW DOCUMENT**

**MAGGIE CONANT**
rmdscty@surflaw.net

Attached is the Settlement in the Pruco v. California Energy Development matter.

Please review, sign and return.

Thank you,

Maggie Conant
Paralegal to Russell M. De Phillips

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
CD57D231B8FF4C1598F96BC4D1733B1B7

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted solution for Digital Transaction Management™.

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

**Stop receiving this email**
Report this email or read more about Declining to sign and Managing notifications.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

Download the DocuSign App

This message was sent to you by MAGGIE CONANT who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

Law Offices of Benjamin W. Gale

810 E Street

San Rafael CA 94901

Tel:  415-492-9800, Fax: 415-795-4636

CONFIDENTIALITY NOTICE: This transmission is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any disclosure, distribution or copying of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the information from your computer and email files.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("Agreement") is entered into as of June 27, 2022, by and between Life Advance, LLC ("Life Advance"), California Energy Development Inc. ("California Energy"), David Michael Nicholson, also known as Mickey Nicholson ("Nicholson") and Jason Paul Voelker ("Voelker") (collectively the "Parties"), according to the terms set forth herein and with reference to the following recitals of fact. Any of the Parties may be referred to as a "Party."  The Parties wish to enter into this Agreement to fully and finally resolve the matters as described herein.  The Parties are satisfied that the recitals of fact contained herein are true and accurate and the settlement and releases described herein are fair and equitable. The Parties agree as follows:

**RECITALS OF FACT**

A.     On or about February 3, 2016, Pruco Life Insurance Company ("Pruco") issued a Term Elite life insurance policy, Policy No. L9 301 242, to California Energy (the "Policy"). The Policy provided a $1,000,000 death benefit (the "Policy Benefit") and insured the life of James Roberts ("Roberts"), who was identified as California Energy's Chief Executive Officer.  When the Policy was issued, California Energy was listed as the Policy's owner and sole designated beneficiary.

B.     On October 1, 2018, Pruco filed in this action its Complaint for Declaratory Relief against California Energy, Timothy Bryson ("Bryson"), Nicholson, John J. Walsh ("Walsh"),  Edward Spooner ("Spooner"), as trustee of the Living Trust of Edward Spooner (the "Spooner Trust"), Life Advance, and Does 1-10 (Document 1) in Pruco Life Insurance Company v. California Energy Development Inc., et al., United States District

Court, Southern District of California Case No. 18cv2280-DMS-AHG (the "Interpleader Action"). The Complaint sought a declaration identifying the proper owner of the Policy and resolving any outstanding disputes among the Defendants concerning ownership of the Policy and a declaration identifying the Policy's proper beneficiary, among other relief.

C.     On or about April 30, 2019, Roberts died.

D.     On May 31, 2019, Pruco filed a Notice of Voluntary Dismissal of its claims against Spooner in the Interpleader Action. (Document 73.)

E.     On September 3, 2019, Pruco filed its Second Amended Complaint for Interpleader in the Interpleader Action. (Document 102.) Pruco prayed that Defendants California Energy, Bryson, Nicholson, Walsh, Voelker and Life Advance "be ordered to settle amongst themselves their respective rights and claims to the Policy benefits due and owing as a result of Robert's death."

F.     On February 5, 2020, the Honorable Dana M. Sabraw signed his Order Granting in Part and Denying in Part Pruco Life Insurance Company's Motion for Leave to Deposit Interpleader Funds and Dismiss Plaintiff, which dismissed Pruco and directed Pruco to deposit the benefit of Policy No. L9 301 242 of approximately $1,001,086.53 (the "Stake") with the Registry of Court. (Document 119.) On February 24, 2020, Pruco sent Prudential Insurance Company of America's Check No. 1150085149 in the amount of $1,013,288.77 to the Clerk of Court via Federal Express. (Document 123.)

G.     Life Advance and Walsh entered into a settlement on March 5, 2020, at the Early Neutral Evaluation Conference before the Honorable Allison H. Goddard in the

Interpleader Action, which was followed up by a written settlement agreement eventually signed by Walsh on May 18, 2020 wherein, among other things, Walsh assigned his claims under the Policy to Life Advance for consideration provided by Life Advance.  An Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant was filed on June 10, 2020.  (Document 157.)  On March 25, 2021, the Court filed its Order Granting Life Advance's Motion to Alter or Amend Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant in the Interpleader Action.  (Document 237.)

      H.     On or about July 7, 2021, Bryson died. On June 3, 2022, the Court issued an Order dismissing Bryson from the Interpleader Action and noting his death on the record. (Document 363.)

      I.     The remaining parties to the Interpleader Action who have not been dismissed are California Energy, Nicholson, Voelker and Life Advance.   The claims remaining to be litigated are the parties' claims to the Stake deposited with the court in Pruco's Interpleader Action; Nicholson and Voelker's Joint Second Amended Cross-complaint (the "Nicholson/Voelker Claims") (Document 209); California Energy's Crossclaim for Declaratory Relief, Slander of Title, Interference with Contractual Advantage, Negligent Interference with Prospective Economic Advantage, Conversion, Constructive Trust and Third Party Tort of Another (the "California Energy Claims") (Document 240); and Life Advance's Crossclaim for Declaratory Relief and Interference

with Contract and Third Party Complaint for  Declaratory Relief and Interference with Contract (the "Life Advance Claims") (Document 15).

       J.     A dispute exists, as outlined in the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims, as to the payment and distribution of the StakePolicy Benefit that was deposited by Pruco into the registry of the Court in the Interpleader Action (the "Dispute").

       K.     On April 12, 2022, Judge Goddard issued her Mediator's Proposal ("Proposal") to California Energy, Nicholson, Voelker and Life Advance.

       L.     California Energy, Nicholson, Voelker and Life Advance accepted the Proposal and enter into this Agreement based thereon.

       M.     The Parties intend this Agreement to forever resolve the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the parties` claims to the stake in the Interpleader Action, any other claims or disputes between them involving the Policy, and to avoid the expense and inconvenience of further litigation between the Parties now and in the future.

       Now, without admitting fault or liability, in consideration of the agreements, promises, and warranties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby fully and completely resolve and settle all claims that have been asserted, or could have been asserted, between the Parties in the Interpleader Action, including the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the

Interpleader Action and any other claims or disputes between~~involving~~ the Parties related to the Policy, the Policy Benefit, the Interpleader Action and the Dispute as follows:

## AGREEMENT

1.     **Recitals.** The Parties specifically agree to the above recitals, which form a material part of this Agreement.   The above recitals are incorporated herein by this reference.

2.     **Release of Claims.**  In return for the consideration as provided herein, the value of which is acknowledged, the Parties promise, agree and generally release as follows:

a.     **Release by California Energy, Nicholson and Voelker**.  Except for the obligations of Life Advance created by this Agreement, and to become effective upon receipt of the Settlement Proceeds and the complete and timely performance by Life Advance of all of its obligations described in this Agreement, California Energy, Nicholson and Voelker do hereby for themselves, their predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, creditors, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates hereby release and forever discharge Life Advance, Life Capital Group, Inc., Mills, Potoczak & Company, Life Credit Company, LLC, Remar Investments, LP, Rangetree Strategies, LLC, Daniel J. Miller, Craig T. Stack, Brendan Francis, ~~Pruco Life~~Edward ~~Insurance Company, Prudential Insurance Company of America, Edward~~ Spooner, Edward Spooner as Trustee of the Living Trust of Edward Spooner dated

3/1/18, James David Roberts, Serena Collyer, Maria Castillo de Roberts, Angel Roberts, and their predecessors, successors, assigns, spouses, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates (collectively "Life Advance Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Interpleader Action, claims for malicious prosecution, abuse of process, and all other claims against any of the Life Advance Released Parties. This release shall not apply to any claims any Parties may have against John J. Walsh, Pruco or attorney Ben-Thomas Hamilton.

b.   **Release by Life Advance**.  Except for the obligations of California Energy, Nicholson and Voelker created by this Agreement, and to become effective upon the receipt of the Settlement Proceeds and the complete and timely performance by California Energy, Nicholson and Voelker of all of their obligations described in this Agreement, Life Advance does hereby for itself, its predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates release and forever discharge California Energy, Nicholson and Voelker, their predecessors, successors,

assigns, spouses, heirs, executors, attorneys, employees, agents, contractor, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates (collectively "California Energy Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Interpleader Action, claims for malicious prosecution, abuse of process, and all other claims against any of the California Energy Released Parties.  This release shall not apply to any claims any Parties may have against John J. Walsh, Pruco or attorney Ben-Thomas Hamilton.

The Parties acknowledge and agree that the releases and discharges set forth above are general releases.  The Parties knowingly waive, and assume the risk of, any and all claims of any nature whatsoever, which exist as of this date, or which may exist in the future, but which they do not know or suspect to exist, including, without limitation, claims which, if known, would have materially affected their decision to enter into this Agreement.  The Parties hereby confirm that they understand that facts may turn out to be other than or different from those now known or believed to be true; the Parties knowingly assume that risk and acknowledge and agree that this Agreement shall remain in effect and shall not be subject to termination or revocation by reason of any such different facts.

3.      **Waiver of Benefits of § 1542 of California Civil Code.**  The undersigned

Parties do hereby acknowledge that they, and each of them, are familiar with and do hereby

waive any and all rights based upon the provisions of § 1542 of the <u>Civil Code</u> of the State

of California, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR
> HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Life Advance, LLC
Initials   By:_____          _____
              Its Authorized Agent                 David Michael Nicholson

California Energy Development Inc.
           By:_____          _____
              Its Authorized Agent                 Jason Paul Voelker

4.      **No Admissions.**   The Parties acknowledge that the payment of the

Settlement Proceeds described below is not to be construed as an admission of liability,

but is a compromise of disputed claims, and may not be used in any court of law or

administrative proceeding or for any evidentiary purpose to establish past, present or future

liability upon any party to this Agreement, including their identified and unidentified

spouses, heirs, devisees, legatees, executors, administrators, principals, officers, directors,

managers, members, shareholders, agents and servants, employees, attorneys, partners,

insurers, predecessors, successors and assigns, and parents and subsidiary corporations,

and affiliates persons and entities.

5. **Good Faith Settlement.**  The Parties agree, after consulting with counsel of their own choice, and represent that the settlement memorialized in this Agreement is in good faith and to the satisfaction of the Parties.

6. **Indemnity by Released Parties.**  The Parties agree to indemnify and defend the other Parties and to hold the other Parties harmless from any and all losses, claims, demands, actions, damages, remedies, interest, penalties, expenses, debts, liabilities, causes of action, and controversies of every kind or character, including, without limitation, all court costs, legal expenses, and attorneys' fees, arising out of or relating to any and all claims, liabilities, losses, fines, penalties, liens, demands, obligations, actions, proceedings, or causes of action of every kind, known or unknown, to the extent arising, in whole or in part, out of any: (i) breach or misrepresentation of any recital, representation, warranty, agreement, promise or commitment made by a party being released under this Agreement; and (ii) claim(s) or cause(s) of action which are or may be asserted by any person or entity claiming by, through, or under a party being released herein, including, without limitation, claims made by subrogees, bond holders, lienholders, creditors, members, shareholders, and holders of warrants, options, subscription rights and all other equity security interests.

Under no circumstances shall this paragraph apply to any attorney of a released party.

7. **Indemnity by California Energy, Nicholson and Voelker to Life Advance**.  California Energy, Nicholson, Voelker, and each of them, shall indemnify, defend and hold harmless the Life Advance Released Parties from and against all liability,

Page 9 of 23

claims, damages, costs, and fees of attorneys related in any way to any tax owed or assessed against any person or entity who receives any part of the "thirty percent (30%)" share of the Settlement Payment described below, any claim released pursuant to this Agreement, any breach of this Agreement by any of them, and any claim by Janson & Associates Global Consulting, Janson & Associates Global Consulting, LLC, U.S. Energy Concepts, Inc., U.S. Energy Concepts, LLC, California Energy Development A, Inc., California Energy Development Company, Inc., California Energy Development Company, California Energy Development, California Energy Developments Solutions, LLC, California Energy Development Trust, California Energy Consultants, LLC, Raul Rodriguez, Pruco, attorney Ben-Thomas Hamilton, and any other person or entity who claims to be a shareholder, stakeholder, equity holder, bond holder or creditor of California Energy, or any of them, which claim is related in any way to the Dispute, the Policy, the Policy Benefit, the Interpleader Action, this Agreement or any obligation under this Agreement. This indemnification obligation shall be rescinded in the event of fraud by the indemnified parties.

7.     This indemnity obligation shall be secured by the deposit of Fifty Thousand Dollars U.S. Dollars ($50,000.00) to be deposited to a joint deposit account at Wells Fargo Bank in Encinitas, California within five business days after the receipt of the Settlement Proceeds by the Parties as described in paragraph 9 of this Agreement.  The signers on the account shall be Russell De Phillips and Benjamin Gale and any withdrawal of funds shall require both of their signatures.  The $50,000.00 deposited to this account shall be referred

Page 10 of 23

**Formatted:** Indent: First line: 0.49", No bullets or numbering

to as the "Indemnity Fund" and shall be available to Life Advance for the payment of any indemnified obligation except a judgment for fraud.  The indemnity obligations are not limited to the amount of the Indemnity Fund.  Provided all indemnity obligations are performed timely and completely, California Energy, Nicholson and Voelker shall be subrogated to the rights of any of the Life Advanced Released Parties with respect to any claims which arise or inure to the benefit of any of the Life Advanced Released Parties as the result of any claim or action by Pruco, Ben-Thomas Hamilton, or any other third party, giving rise to an indemnity obligation hereunder.

Any indemnification of any of the Life Advance Released Parties shall be effected by wire transfer of immediately available funds from California Energy, Nicholson and Voelker, and each of them, to an account designated by the applicable Life Advance Released Parties within three (3) business days after the determination thereof.  Any of the Life Advance Released Parties making a claim for indemnification shall notify California Energy, Nicholson and Voelker of the claim in writing promptly after receiving written notice of any such action, lawsuit, investigation or other claim against them which may give rise to an indemnified obligation (if by Pruco, Ben-Thomas Hamilton or any other third party), describing the claim, the amount thereof (if known or quantifiable) and the basis thereof; provided that the failure to so notify California Energy, Nicholson and Voelker shall not relieve any of them from their indemnity obligations except to the extent that (and only to the extent that ) they have been materially prejudiced thereby.  California Energy, Nicholson and Voelker, or any of them, may participate in the defense of such

action, lawsuit, investigation or other claim giving rise to a claim for indemnification at the sole expense of each of them.

The Security for the indemnity obligation shall be released to the California Energy Released Parties upon the first of the following three events: the receipt by Life Advance of a binding waiver by the California Energy Released parties of all claims against Pruco and Ben-Thomas Hamilton; the resolution of all claims of Ben-Thomas Hamilton and Pruco by way of court judgment, settlement agreement or waiver; the waiver by the California Energy released parties of all claims against Ben-Thomas Hamiton and the resolution of all claims held by Pruco by way of a court judgment, settlement agreement, waiver or some combination of these three forms of resolution.

9.     **Consideration.**  As consideration for the foregoing release, representations, warranties and indemnity obligations by the Parties and the other promises and representations set forth above and below, payment of the Policy Benefit shall be made as follows:

(a)     Life Advance shall receive seventy percent (70%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action.

(b)     California Energy, Nicholson and Voelker collectively shall receive thirty percent (30%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action. California Energy,

        Nicholson and Voelker will agree in their discretion on the proper allocation

of these funds among themselves.

The payments described hereinabove are referred to in this Agreement as the "Settlement

Proceeds." The Parties shall file a joint motion in the Interpleader Action for the

disbursement of seventy percent (70%) of the Policy Benefit plus accrued interest to the

attorney-client trust account of Milberg & De Phillips, P.C., for receipt of the Settlement

Proceeds on behalf of Life Advance; and thirty percent (30%) of the Policy Benefit plus

accrued interest to the attorney-client trust account of the Law Offices of Benjamin W.

Gale, for receipt of the Settlement Proceeds on behalf of Nicholson, Voelker and California

Energy. This joint motion to disburse the Policy Benefit shall be in the form attached

hereto as Exhibit A and shall be signed by the Parties and filed with the Court within one

business day after the execution and delivery of this Agreement by all Parties.

        10    **Dismissal of Interpleader Action.** Within five days of receipt of the

Settlement Proceeds, the Parties shall file a Joint Motion to Dismiss from the Interpleader

Action, duly executed on their behalf, any and all claims between the parties existing within

the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims

and the Interpleader Action with Prejudice. This Joint Motion to Dismiss shall be in the

form attached hereto as Exhibit B. The Parties hereby acknowledge and confirm that they

have authorized their attorneys to file such a dismissal.

        11.    **Costs, Attorney's Fees and Litigation Expenses.** The Parties hereto shall

be solely responsible for payment of their own costs, attorney's fees and other litigation

expenses in connection with the Dispute, the Nicholson/Voelker Claims, the California

Energy Claims, the Life Advance Claims and the Interpleader Action, and the negotiation, documentation and implementation of this Agreement, including, without limitation, the dismissal of the Lawsuit, and all other matters arising from or related to the disbursement of proceeds in the Interpleader Action, the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims except as otherwise set forth below. This includes, but is not limited to, Life Advance's attorney fees that are currently subject to fee-shifting sanctions against Nicholson and Walsh.

However, in the event that any action, suit, or other proceeding is hereafter instituted, arising out of a breach of this Agreement, involving claims within the scope of the releases or indemnity provisions contained in this Agreement, or pertaining to a declaration of rights under this Agreement, the prevailing Party shall recover all of such Party's reasonable attorney's fees and costs incurred in each and every such action, suit, or other proceedings, including any and all appeals, writs, or petitions therefrom.

12.   **Successors and Assigns**.   This Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable only by the Parties and their respective successors, heirs, executors, administrators and assigns.  No other person or entity shall have any rights under this Agreement or be entitled to bring any action to enforce any of its provisions.  The rights of any assignee of Nicholson, Voelker, California Energy or Life Advance shall be subject to all terms of this Agreement and any defense or claim in recoupment arising under or in connection with the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and/or this Agreement.

13.    **<u>Survival</u>**.  This Agreement, and all representations, warranties, covenants and agreements contained within it, shall survive the execution and delivery of this Agreement and the conclusion of the Dispute and Interpleader Action.

14.    **<u>Enforcement</u>**.  The United States District Court for the Southern District of California shall have exclusive jurisdiction, and shall be the sole venue, for any action or proceeding to enforce or interpret this Agreement.

The Parties shall execute and file a Consent to Jurisdiction by a United States Magistrate Judge consenting to the jurisdiction of United States Magistrate Judge Allison H. Goddard to decide all disputes arising from or related to this Agreement in the form attached hereto as Exhibit C. The parties' Joint Motion to Dismiss the Interpleader Action must expressly include a term providing for the continuing jurisdiction of United States Magistrate Judge Allison H. Goddard to decide all disputes arising from or related to this Agreement.

15.    **<u>Amendments</u>**.  This Agreement shall not be amended or modified except by a writing executed by all Parties.

16.    **<u>Entire Agreement and Severability</u>**.  This Agreement constitutes the entire agreement with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written discussions, if any.  If any clause or provision of this Agreement is subsequently determined by any Court or tribunal to be invalid or unenforceable under any present or future law, the remainder of this Agreement shall not be affected thereby.  It is the intention of the Parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof a provision as similar

to such provision as is possible to be legal, valid and enforceable.  The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital.

17.     **Ambiguity or Uncertainty**.  This Agreement has been prepared equally by all Parties.  No ambiguity or uncertainty in any language in this Agreement shall be construed for or against any Party.

18.     **Governing Law**.   This Agreement shall be governed and construed in accordance with the laws of the State of California.

19.     **Additional Documents**.  The Parties agree to cooperate fully and to execute and deliver any and all supplementary documents and to take any and all additional actions which may be necessary or appropriate to give effect to the terms and intent of this Agreement and to effectuate disbursement of the Policy Benefit as contemplated herein.

20.     **Counterpart Execution**.   This Agreement may be signed in multiple counterparts, including with facsimile signatures, or electronic signatures binding under California law, and each counterpart when taken with the other executed counterparts, shall constitute a binding agreement.

21.     **Warranty of Capacity to Execute**.  The Parties, and each of them, represent and warrant that except as otherwise described herein, no other person or entity has or has had any interest in the claims, demands, obligations, or claims referred to in this Agreement; that they have the sole right and exclusive authority to execute this Agreement and to render performance in accordance with its terms; and that they have not encumbered, hypothecated, sold, assigned, transferred, conveyed or otherwise disposed of any of their

interests in the assets or rights transferred herein, or in any of the claims, demands, obligations, or causes of action, referred to in this Agreement, or any interest or right related thereto.

22.     **Covenant Not to Sue or Prosecute**.   Except for the enforcement of the obligations created by this Agreement, and except as otherwise provided herein, the Parties agree never to sue, prosecute or file with any court any claim against each other that relates in any way to the Policy or any claims released pursuant to this Agreement.

23.     **Covenant Not to Interfere**.  The Parties agree never to interfere with other Parties in receipt of the Settlement Proceeds.

24.     **Confidentiality and Non-disparagement.**   The Parties understand and agree that the terms of this Agreement shall be kept confidential. Neither party hereto will reveal, or cause to be revealed, any of these terms to any third party other than their attorneys, insurers, accountants, tax professionals, regulators and governmental agencies, or as may be required by law. If any Party is served with or accepts service of a subpoena or notice to provide testimony or documents related to this Agreement, such Party shall promptly provide all other Parties with a true and correct copy of the subpoena or notice to provide the opportunity to quash or limit the testimony or documents requested.   The Parties agree that they will not in any way publicize or cause to be publicized in any news or communications media, including but not limited to, websites, newspapers, magazines, journals, radio or television, the terms or conditions of this settlement. Upon inquiry by third parties about the status of the Dispute or Interpleader Action, the Parties may indicate

only that the Dispute / Interpleader Action has been resolved and that all claims in the Dispute / Interpleader Action have been dismissed with prejudice.

The Parties further agrees that they will not discuss or make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of each other, including any of their affiliated companies or their respective employees and agents. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, made to any person or entity.

This provision of confidentiality and non-disparagement does not seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

The Parties understand and agree that this Section is a material provision of this Agreement, that the non-breaching party would be irreparably harmed by violation of these provisions, and that any breach of this Section shall be a material breach of this Agreement. If this covenant of confidentiality or non-disparagement Section is breached, all parties and attorneys agree that actionable harm will occur to the non-breaching party.

25.    **No Tax Representations**.  The Parties understand and acknowledge that the other does not warrant or represent any tax consequences of this Agreement and each Party hereto agrees that they are relying on their own legal or tax advisors and not on the other with respect to any tax aspects of this Agreement.  Any tax or costs, attorneys' fees, penalties or interest incurred or assessed to a Party shall be their sole responsibility.  The

Parties further acknowledge that they have not been provided any tax advice from their respective attorneys nor are they relying on their legal counsel for any tax advice.

26. **Headings**.   The titles and headings of any provision herein exist for convenience only and in no way shall restrict or modify this Agreement.

27. **Representations and Warranties by Nicholson and Voelker**.   Nicholson and Voelker each represents and warrants the following to Life Advance: each is legally competent, has the mental capacity to understand, and he does understand, the nature and effect of the transactions described in this Agreement; each has the power and authority to enter into this Agreement and to render performance in accordance with its terms; each has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; each is the only individual entitled to assert the claims he released herein and that each has not assigned such claims to any other person or entity; each understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; each has had the opportunity to consult with an independent lawyer of his own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; he is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by their execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which he is

a party, or the consummation of the transactions contemplated hereby or thereby; each has provided to Life Advance the written consent to this Agreement on the form attached hereto as Exhibit D, signed by their respective spouse or domestic partner, if applicable; and the settlement described in this Agreement is fair and equitable.

28.   **Representations and Warranties by California Energy**.   California Energy represents and warrants the following to Life Advance: the person who executes this Agreement on behalf of California Energy has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind California Energy and its shareholders, owners, equity holders, bond holders, officers, directors and stakeholders to this Agreement and to render performance in accordance with its terms; California Energy has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; California Energy is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; California Energy understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; California Energy has had the opportunity to consult with an independent lawyer of its own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; California Energy is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree,

order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; California Energy has provided to Life Advance a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its directors and by all of its shareholders; and the settlement described in this Agreement is fair and equitable.

29.    **Representations and Warranties by Life Advance**.   Life Advance represents and warrants the following to California Energy, Nicholson and Voelker:  the person who executes this Agreement on behalf of Life Advance has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind Life Advance and its members, managers, owners, equity holders, bond holders, officers, directors and stakeholders to this Agreement and to render performance in accordance with its terms; Life Advance has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; Life Advance is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; Life Advance understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; Life Advance has had the opportunity to consult with an independent lawyer of its own choice before executing this Agreement; the information

and documents to be provided pursuant to this Agreement are true and correct; Life Advance is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; Life Advance has provided to California Energy a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its managers; and the settlement described in this Agreement is fair and equitable.

30.  **Time of the Essence**.  All Parties agree that time is of the essence in the performance of each of the obligations described in this Agreement.

31.  **Joint Obligations of the Parties**.  The Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to cause the Settlement Proceeds to be disbursed.  After the Settlement Proceeds are received by the respective Parties, the Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to dismiss the Interpleader Action with prejudice as to all parties and all claims, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement.  Counsel for Life Advance shall prepare the joint motion to disburse the Settlement Proceeds and the joint motion to dismiss the Interpleader Action. The Parties shall cooperate in all reasonable ways to achieve the purposes of this Agreement.

**READ THE FOREGOING DOCUMENT CAREFULLY BEFORE SIGNING.**

Date: _____

             David Michael Nicholson aka Mickey
             Nicholson

Date: _____

             Jason Paul Voelker

             California Energy Development Inc.

Date: _____  By: _____

             **_____**, Authorized Agent

             Life Advance, LLC

Date: _____  By: _____

             Craig Stack, Manager

APPROVED AS TO FORM AND CONTENT.  THIS IS NOT AN UNDERTAKING
OR GUARANTY OF PERFORMANCE BY THE ATTORNEY FOR ANY PARTY.

             Milberg & De Phillips, P.C.

Date:_____   By:_____

             Russell M. De Phillips
             Attorneys for Life Advance, LLC

             Law Offices of Benjamin W. Gale

Date:_____   By:_____

             Benjamin W. Gale
             Attorney for California Energy Development Inc.

# EXHIBIT H

| | |
|---|---|
| **From:** | Benjamin Gale |
| **To:** | CASDdb_efile Goddard; Mickey Nicholson; Russell De Phillips; jason.voelker@ymail.com |
| **Subject:** | Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 11:50:47 AM |

<mark>CAUTION - EXTERNAL:</mark>

Hi Russell,

Thanks for getting back to me.

1.  Use "policy benefit" instead of "Stake" if that works better.  I took the word stake from the case law.  It isn't a word typically used outside of a court opinion.

2.  I am okay with replacing the reference to fraud with one simply saying that the indeminification provision is subject to CC 1689.

3. My apologies for not explaining the counterclaim issue.  I only wanted to point out that we cannot agree to dismiss the underlying interpleader case because it is likely that any claim we might bring against Pruco would have to be brought as a counterclaim under that case number.

 Our agreement would be to distribute the policy benefits (since that is an independent equitable action not intended to be tied to any other proceedings) and for CEDI to proceed solely against Pruco in this case.

4. Voelker would like Life Advance to assign to CEDI  any claims it might have against Pruco.  These might be helpful in bringing a quick end to whatever suit Pruco has threatened against Life Advance.  We think Life Advance's claims against Pruco are probably better than whatever claims Pruco is threatening Life Advance with.

Regards,

Ben

On Mon, Jun 27, 2022 at 2:13 PM Russell De Phillips <rdephillips@surflaw.net> wrote:

> Thanks Ben.  We have reviewed your redline and have some minor changes.
>
> 1. You added "Stake" as a defined term to mean the amount Pruco deposited to the Registry of the Court.  We assume that you had a reason for adding that term and it does not appear to be material but throughout the document that amount is referred to as the Policy Benefit.  If you  intend to use the term "Stake" in those places in the agreement, please let me know and we will change to be consistent.
> 2. The right to rescind any agreement for fraud and for other reasons is statutory in California (Civil Code 1689), so we will delete that because my client does not want there to be any inference of fraud;
> 3. Saturday, you mentioned a counterclaim against Pruco in this action.  I interpreted that to mean you wanted the settling parties' crossclaims and third party claim dismissed with prejudice but try to keep the action pending to bring a claim

against Pruco.  You made no change in that regard so please confirm that is no longer an issue to address in this settlement agreement.

Thank you.

  Russ

Russell M. De Phillips

MILBERG & DE PHILLIPS, P.C.

2163 Newcastle Avenue, Suite 200

Cardiff By The Sea, CA 92007

Tel. 760-943-7103

Fax 760-943-6750

---

**From:** Ben Gale <bengalelaw@gmail.com>
**Sent:** Monday, June 27, 2022 10:07 AM
**To:** Russell De Phillips <rdephillips@surflaw.net>; CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; jason.voelker@ymail.com
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

[CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

All,

Please see the attached.

I hope this works.  Minor tweaks are acceptable to CEDI.

Sent from Mail for Windows

# EXHIBIT I

| From: | Jason Voelker |
|---|---|
| To: | Russell De Phillips |
| Cc: | Ben Gale; CASDdb_efile Goddard; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr. |
| Subject: | Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| Date: | Monday, June 27, 2022 1:59:42 PM |

**CAUTION - EXTERNAL:**

Russell,

I note that there are two matters that we had all agreed upon that are not contained within the agreement.

The first matter is an assignment of Life Advance's claims to the settling parties. There should be a provision that assigns those claims so that, in the event of any litigation down the road, we can collect attorneys fees or any damages that may be obtained through the suit.

Also, In light of the indemnification clause which will include an assignment, there needs to be stronger language explaining whether John Walsh's claims are being assigned or retained by Life Advance.

Secondly, as agreed to by the parties, there needs to be a provision stating that the indemnity clause ensures that CEDI will defend and hold harmless Life Advance unless an action for fraud or criminal conduct is sustained in any action.

With those agreements promptly memorialized, I will sign the settlement agreement.

Thank you,

Jason
Sent from my iPhone


On Jun 27, 2022, at 11:13 AM, Russell De Phillips <rdephillips@surflaw.net> wrote:


Thanks Ben.  We have reviewed your redline and have some minor changes.
1. You added "Stake" as a defined term to mean the amount Pruco deposited to the Registry of the Court.  We assume that you had a reason for adding that term and it does not appear to be material but throughout the document that amount is referred to as the Policy Benefit.  If you  intend to use the term "Stake" in those places in the agreement, please let me know and we will change to be consistent.
2. The right to rescind any agreement for fraud and for other reasons is statutory in California (Civil Code 1689), so we will delete that because my client does not want there to be any inference of fraud;
3. Saturday, you mentioned a counterclaim against Pruco in this action.  I

interpreted that to mean you wanted the settling parties' crossclaims and third party claim dismissed with prejudice but try to keep the action pending to bring a claim against Pruco.  You made no change in that regard so please confirm that is no longer an issue to address in this settlement agreement.

Thank you.

Russ

Russell M. De Phillips

MILBERG & DE PHILLIPS, P.C.

2163 Newcastle Avenue, Suite 200

Cardiff By The Sea, CA 92007

Tel. 760-943-7103

Fax 760-943-6750

---

**From:** Ben Gale <bengalelaw@gmail.com>
**Sent:** Monday, June 27, 2022 10:07 AM
**To:** Russell De Phillips <rdephillips@surflaw.net>; CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; jason.voelker@ymail.com
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

[CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

All,

Please see the attached.

I hope this works.  Minor tweaks are acceptable to CEDI.

Sent from Mail for Windows

# EXHIBIT J

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | Jason Voelker |
| **Cc:** | Ben Gale; CASDdb_efile Goddard; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr. |
| **Subject:** | RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 2:20:10 PM |

**CAUTION - EXTERNAL:**

Here are my client's responses in red.

Russell,

I note that there are two matters that we had all agreed upon that are not contained within the agreement.

The first matter is an assignment of Life Advance's claims to the settling parties. There should be a provision that assigns those claims so that, in the event of any litigation down the road, we can collect attorneys fees or any damages that may be obtained through the suit.

The assignment was discussed for claims which arise as the result of any indemnified claim brought by Pruco or Ben-Thomas Hamilton against any of the Life Advance Released Parties, which a subrogation claim.  You were the one who raised the issue by stating last Friday that you want to be able to assert claims against Pruco for malicious prosecution if Pruco filed a claim against any of the Life Advance released Parties  in response to you claim against them.  I said that was a subrogation claim and my client would agree to that but it was unnecessary because subrogation rights by indemnitors is statutory in California.  In any event, that issue is addressed in paragraph 7, with the following:  "Provided all indemnity obligations performed timely and completely, California Energy, Nicholson and Voelker shall be subrogated to the rights on any of the Life Advance released Parties with respect to any claims which arise or inure to the benefit of any of the life Advance Released Parties as the result of any claim or action by Pruco, Ben-Thomas Hamilton, or any other third party, giving rise to an indemnity obligation hereunder."   My client never agreed to an outright assignment of claims nor will they.  They made the settlement to end litigation and the present carver out is big stretch for them.

Also, In light of the indemnification clause which will include an assignment, there needs to be stronger language explaining whether John Walsh's claims are being assigned or retained by Life Advance.

Again, my client has not and will not agree to an outright assignment of claims.  You all have your own claims against Walsh.

Secondly, as agreed to by the parties, there needs to be a provision stating that the indemnity clause ensures that CEDI will defend and hold harmless Life Advance unless an action for fraud or criminal conduct is sustained in any action.

That issue was discussed Friday with regard to the $50k security for your indemnity obligations and

is addressed in paragraph 7 which reads: "The $50,000.00 deposited to the account shall be referred to as the "Indemnity Fund" and shall be available to Life Advance for the payment of any indemnified obligation except a judgment for fraud.

With those agreements promptly memorialized, I will sign the settlement agreement.

Thank you,

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

---

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Monday, June 27, 2022 1:59 PM
**To:** Russell De Phillips <rdephillips@surflaw.net>
**Cc:** Ben Gale <bengalelaw@gmail.com>; CASDdb_efile Goddard
<efile_Goddard@casd.uscourts.gov>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson
<mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Russell,

I note that there are two matters that we had all agreed upon that are not contained within the agreement.

The first matter is an assignment of Life Advance's claims to the settling parties. There should be a provision that assigns those claims so that, in the event of any litigation down the road, we can collect attorneys fees or any damages that may be obtained through the suit.

Also, In light of the indemnification clause which will include an assignment, there needs to be stronger language explaining whether John Walsh's claims are being assigned or retained by Life Advance.

Secondly, as agreed to by the parties, there needs to be a provision stating that the indemnity clause ensures that CEDI will defend and hold harmless Life Advance unless an action for fraud or criminal conduct is sustained in any action.

With those agreements promptly memorialized, I will sign the settlement agreement.

Thank you,

Jason
Sent from my iPhone

| | |
|---|---|
| **From:** | Jason Voelker |
| **To:** | CASDdb_efile Goddard; Russell De Phillips |
| **Cc:** | Russell De Phillips; Ben Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr. |
| **Subject:** | Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 3:45:57 PM |

**CAUTION - EXTERNAL:**

Russell,

Thank you for including the modifications in the settlement. However, it appears that the indemnification clause does not mention Life Advance's assignment of rights. Nor does the agreement state that Life Advance is assigning its rights in this matter to CEDI, Voelker or Nicholson.

This is problematic because it is through the assignment that we (or at least I) would be permitted to defend against any subsequent suit on Life Advance's behalf.

As currently written, it appears that I would lack the authority to defend your client.

Jason


Sent from my iPhone


> On Jun 27, 2022, at 3:28 PM, CASDdb_efile Goddard
> <efile_Goddard@casd.uscourts.gov> wrote:

Please let us and Chief Judge Sabraw's chambers (efile_Sabraw@casd.uscourts.gov) know if/when the agreement has been signed by all parties.

**From:** Russell De Phillips <rdephillips@surflaw.net>
**Sent:** Monday, June 27, 2022 2:44 PM
**To:** Jason Voelker <jason.voelker@ymail.com>
**Cc:** Ben Gale <bengalelaw@gmail.com>; CASDdb_efile Goddard
<efile_Goddard@casd.uscourts.gov>; Maggie Conant <rmdscty@surflaw.net>; Mickey
Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

**CAUTION - EXTERNAL:**


Final settlement agreement being sent for signature to all except the Court via docusign.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

---

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Monday, June 27, 2022 1:59 PM
**To:** Russell De Phillips <rdephillips@surflaw.net>
**Cc:** Ben Gale <bengalelaw@gmail.com>; CASDdb_efile Goddard
<efile_Goddard@casd.uscourts.gov>; Maggie Conant <rmdscty@surflaw.net>; Mickey
Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or
> open attachments unless you recognize the sender and know the content is safe]

Russell,

I note that there are two matters that we had all agreed upon that are not contained
within the agreement.

The first matter is an assignment of Life Advance's claims to the settling parties. There
should be a provision that assigns those claims so that, in the event of any litigation
down the road, we can collect attorneys fees or any damages that may be obtained
through the suit.

Also, In light of the indemnification clause which will include an assignment, there
needs to be stronger language explaining whether John Walsh's claims are being
assigned or retained by Life Advance.

Secondly, as agreed to by the parties, there needs to be a provision stating that the
indemnity clause ensures that CEDI will defend and hold harmless Life Advance unless
an action for fraud or criminal conduct is sustained in any action.

With those agreements promptly memorialized, I will sign the settlement agreement.

Thank you,

Jason
Sent from my iPhone

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | Jason Voelker; CASDdb_efile Goddard |
| **Cc:** | Ben Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr. |
| **Subject:** | RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 4:01:35 PM |

**CAUTION - EXTERNAL:**

Jason – With all due respect, it appears that the rights and obligations of indemnitors and indemnitees are not understood but Ben can explain to you.  To clarify for you, I will add the following clause to the end of the last sentence in the second paragraph of section 7:  "…; and Life Advance will execute an assignment of such subrogation rights at the time and to the extent they exist."  Please confirm that this will satisfy your concern and I will revise and circulate the revised agreement for signature by all.   Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Monday, June 27, 2022 3:46 PM
**To:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>; Russell De Phillips <rdephillips@surflaw.net>
**Cc:** Russell De Phillips <rdephillips@surflaw.net>; Ben Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

[CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Russell,

Thank you for including the modifications in the settlement. However, it appears that the indemnification clause does not mention Life Advance's assignment of rights. Nor does the agreement state that Life Advance is assigning its rights in this matter to CEDI, Voelker or Nicholson.

This is problematic because it is through the assignment that we (or at least I) would be permitted to defend against any subsequent suit on Life Advance's behalf.

As currently written, it appears that I would lack the authority to defend your client.

Jason

Sent from my iPhone

On Jun 27, 2022, at 3:28 PM, CASDdb_efile Goddard
<efile_Goddard@casd.uscourts.gov> wrote:

Please let us and Chief Judge Sabraw's chambers (efile_Sabraw@casd.uscourts.gov)
know if/when the agreement has been signed by all parties.

**From:** Russell De Phillips <rdephillips@surflaw.net>
**Sent:** Monday, June 27, 2022 2:44 PM
**To:** Jason Voelker <jason.voelker@ymail.com>
**Cc:** Ben Gale <bengalelaw@gmail.com>; CASDdb_efile Goddard
<efile_Goddard@casd.uscourts.gov>; Maggie Conant <rmdscty@surflaw.net>; Mickey
Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

==**CAUTION - EXTERNAL:**==

Final settlement agreement being sent for signature to all except the Court via
docusign.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Monday, June 27, 2022 1:59 PM
**To:** Russell De Phillips <rdephillips@surflaw.net>
**Cc:** Ben Gale <bengalelaw@gmail.com>; CASDdb_efile Goddard
<efile_Goddard@casd.uscourts.gov>; Maggie Conant <rmdscty@surflaw.net>; Mickey
Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

[CAUTION: This email originated from outside of Milberg De Philips. Do not click links or
open attachments unless you recognize the sender and know the content is safe]

Russell,

I note that there are two matters that we had all agreed upon that are not contained within the agreement.

The first matter is an assignment of Life Advance's claims to the settling parties. There should be a provision that assigns those claims so that, in the event of any litigation down the road, we can collect attorneys fees or any damages that may be obtained through the suit.

Also, In light of the indemnification clause which will include an assignment, there needs to be stronger language explaining whether John Walsh's claims are being assigned or retained by Life Advance.

Secondly, as agreed to by the parties, there needs to be a provision stating that the indemnity clause ensures that CEDI will defend and hold harmless Life Advance unless an action for fraud or criminal conduct is sustained in any action.

With those agreements promptly memorialized, I will sign the settlement agreement.

Thank you,

Jason
Sent from my iPhone

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | Jason Voelker; CASDdb_efile Goddard |
| **Cc:** | Ben Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr. |
| **Subject:** | RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 4:22:54 PM |

**CAUTION - EXTERNAL:**

Jason – Here is the revised sentence to address your concern about the assignment.  I will include this language in the final version and circulate via docusign.  Please confirm.  Thank you.

Provided all indemnity obligations are performed timely and completely, California Energy, Nicholson and Voelker shall be subrogated to the rights of any of the Life Advanced Released Parties with respect to any claims which arise or inure to the benefit of any of the Life Advanced Released Parties as the result of any claim or action by Pruco, Ben-Thomas Hamilton, or any other third party, giving rise to an indemnity obligation hereunder; and Life Advance will execute and assignment such subrogation rights to California Energy, Nicholson and Voelker at the time and to the extent they exist.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Monday, June 27, 2022 3:46 PM
**To:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>; Russell De Phillips <rdephillips@surflaw.net>
**Cc:** Russell De Phillips <rdephillips@surflaw.net>; Ben Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

[CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Russell,

Thank you for including the modifications in the settlement. However, it appears that the indemnification clause does not mention Life Advance's assignment of rights. Nor does the agreement state that Life Advance is assigning its rights in this matter to CEDI, Voelker or Nicholson.

This is problematic because it is through the assignment that we (or at least I) would be permitted to defend against any subsequent suit on Life Advance's behalf.

As currently written, it appears that I would lack the authority to defend your client.

Jason


Sent from my iPhone

**From:** Russell De Phillips
**To:** Jason Voelker; CASDdb_efile Goddard
**Cc:** Ben Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr.
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf
**Date:** Monday, June 27, 2022 4:41:34 PM
**Attachments:** Stlmnt Agmnt Pruco v Cal Energy RMD Final 6.27.22.pdf

<mark>**CAUTION - EXTERNAL:**</mark>

Here is the final agreement being circulated via docusign.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

---

**From:** Russell De Phillips
**Sent:** Monday, June 27, 2022 4:23 PM
**To:** 'Jason Voelker' <jason.voelker@ymail.com>; CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Cc:** Ben Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

Jason – Here is the revised sentence to address your concern about the assignment.  I will include this language in the final version and circulate via docusign.  Please confirm.  Thank you.

<span style="color:red">Provided all indemnity obligations are performed timely and completely, California Energy, Nicholson and Voelker shall be subrogated to the rights of any of the Life Advanced Released Parties with respect to any claims which arise or inure to the benefit of any of the Life Advanced Released Parties as the result of any claim or action by Pruco, Ben-Thomas Hamilton, or any other third party, giving rise to an indemnity obligation hereunder; and Life Advance will execute and assignment such subrogation rights to California Energy, Nicholson and Voelker at the time and to the extent they exist.</span>

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | Jason Voelker; CASDdb_efile Goddard |
| **Cc:** | Ben Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr. |
| **Subject:** | RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 5:11:00 PM |
| **Attachments:** | Stlmnt Agmnt Pruco v Cal Energy Life Adv RMD sigs 6.27.22.pdf |

**CAUTION - EXTERNAL:**

No response from Mr. Voelker to my suggested language to alleviate his concern about the statutory subrogation rights so I added the proposed additional language and circulated the revised settlement agreement to all via docusign.   The settlement agreement is attached with signatures by me and my client.  We have motions prepared, which we will file tomorrow morning if we don't receive the signatures from the remaining settling parties this evening.  Please be advised that we intend to request sanctions for these bad faith actions on the part of California Energy and Messrs. Nicholson & Voelker.  We spent three hours in a settlement conference with Kathleen Friday afternoon where we all agreed to terms.  I circulated a draft settlement agreement to all Friday evening at 6:55 pm.  Saturday at 1:33 pm, I circulated a revised settlement agreement which contained very minor language edits.  I received an email from Mr. Gale at 2:46 pm Saturday where he said he had minor edits.  I received a redline from Mr. Gale today at 10:07 am.   Mr. Gale and I exchanged email this morning regarding the minor changes. .  I received the first response from Mr. Voelker at 1:59 pm today.  I circulated a revised settlement agreement at 2:36 pm today.  I addressed Mr. Voelker's concerns by email today at 2:20 , 4:01 and 4:23 pm but received no response.  Please sign and return.  Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

# EXHIBIT K

| | |
|---|---|
| **From:** | Benjamin Gale |
| **To:** | Russell De Phillips |
| **Cc:** | CASDdb_efile Goddard; Jason Voelker; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr. |
| **Subject:** | Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 6:51:14 PM |

**CAUTION - EXTERNAL:**

All,

CEDI appreciates the inclusion of a provision to release the $50,000 security, but it needs to contain a clause allowing the immediate release of the $50,000 if CEDI drops all of its claims with prejudice before filing suit. One of CEDI's purposes in requesting this provision was to allow for the immediate release of the $50,000 if CEDI does not pursue its claims. If CEDI enters a binding agreement not to pursue any of its claims, none of the parties carved out from this release will have any incentive to sue Life Advance. There would be no basis for such a lawsuit.

The indemnity provision must also contain a statement that "Life Advance has disclosed to CEDI all writings evidencing communications between Pruco and Life Advance or its agents that could reasonably support a cause of action against Life Advance."

Best regards,

Ben Gale

On Mon, Jun 27, 2022 at 8:10 PM Russell De Phillips <rdephillips@surflaw.net> wrote:

> No response from Mr. Voelker to my suggested language to alleviate his concern about the statutory subrogation rights so I added the proposed additional language and circulated the revised settlement agreement to all via docusign. The settlement agreement is attached with signatures by me and my client. We have motions prepared, which we will file tomorrow morning if we don't receive the signatures from the remaining settling parties this evening. Please be advised that we intend to request sanctions for these bad faith actions on the part of California Energy and Messrs. Nicholson & Voelker. We spent three hours in a settlement conference with Kathleen Friday afternoon where we all agreed to terms. I circulated a draft settlement agreement to all Friday evening at 6:55 pm. Saturday at 1:33 pm, I circulated a revised settlement agreement which contained very minor language edits. I received an email from Mr. Gale at 2:46 pm Saturday where he said he had minor edits. I received a redline from Mr. Gale today at 10:07 am. Mr. Gale and I exchanged email this morning regarding the minor changes. . I received the first response from Mr. Voelker at 1:59 pm today. I circulated a revised settlement agreement at 2:36 pm today. I addressed Mr. Voelker's concerns by email today at 2:20 , 4:01 and 4:23 pm but received no response. Please sign and return. Thank you.
>
> Russell M. De Phillips

# EXHIBIT L

| | |
|---|---|
| **From:** | Jason Voelker |
| **To:** | Russell De Phillips |
| **Cc:** | CASDdb_efile Goddard; Ben Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr.; CASDdb_efile Sabraw |
| **Subject:** | Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| **Date:** | Monday, June 27, 2022 11:39:45 PM |

**CAUTION - EXTERNAL:**

Thank you Ben and Russell! I appreciate your time and efforts in solidifying this settlement.

I am prepared to sign the agreement; however, I note that the agreement states that the entire case and all parties will be dismissed with prejudice.

This is actually incorrect.

While Life Advance, Nicholson, and I will be dismissed from the case with prejudice my understanding from our negotiations is that CEDI will remain in the case in the event the upcoming suit against Pruco is brought in the same court

Please make that slight modification and I will promptly sign.


Jason

Sent from my iPhone


> On Jun 27, 2022, at 5:10 PM, Russell De Phillips <rdephillips@surflaw.net> wrote:
>
>
> No response from Mr. Voelker to my suggested language to alleviate his concern about the statutory subrogation rights so I added the proposed additional language and circulated the revised settlement agreement to all via docusign.   The settlement agreement is attached with signatures by me and my client.  We have motions prepared, which we will file tomorrow morning if we don't receive the signatures from the remaining settling parties this evening.  Please be advised that we intend to request sanctions for these bad faith actions on the part of California Energy and Messrs. Nicholson & Voelker.  We spent three hours in a settlement conference with Kathleen Friday afternoon where we all agreed to terms.  I circulated a draft settlement agreement to all Friday evening at 6:55 pm.  Saturday at 1:33 pm, I circulated a revised settlement agreement which contained very minor language edits.  I received an email from Mr. Gale at 2:46 pm Saturday where he said he had minor edits.  I received a redline from Mr. Gale today at 10:07 am.  Mr. Gale and I exchanged email this morning regarding the minor changes. .  I received the first response from Mr. Voelker at 1:59 pm today.  I circulated a revised settlement agreement at 2:36 pm today.  I addressed Mr. Voelker's concerns by email today at 2:20 , 4:01 and 4:23 pm but received no response.  Please sign and return.  Thank you.

# EXHIBIT M

| From: | Russell De Phillips |
|---|---|
| To: | Jason Voelker |
| Cc: | CASDdb_efile Goddard; Ben Gale; Maggie Conant; Mickey Nicholson; Roy Carlson, Jr. |
| Subject: | RE: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf |
| Date: | Tuesday, June 28, 2022 3:26:00 PM |
| Attachments: | Stlmnt Agmnt Pruco v Cal Energy RMD 6.28.22.docx |
| | Stlmnt Agmnt Pruco v Cal Energy RMD 6.28.22.pdf |
| | Stlmnt Agmnt Pruco v Cal Energy RMD Redline 6.28.22..docx |
| | Stlmnt Agmnt Pruco v Cal Energy RMD Redline 6.28.22.pdf |

**CAUTION - EXTERNAL:**

Here are the revised settlement agreement and redline compared to the last version yesterday.  I included versions of both in PDF in case people have different versions of WORD.

I added language to clarify that Life Advance will execute an assignment of the subrogation claims, which is not necessary because your subrogation rights as indemnitors are statutory in California. My client never agreed to assign their present rights against Pruco, Walsh or anyone else and they will not agree to that.

I changed language to reflect the joint motion to dismiss the claims of the parties against each other, rather than to dismiss the entire action, and added California Energy's intent to file a motion for leave to file a counterclaim against Pruco and the procedure for that.

I clarified the language related to the release of money from the Indemnity Fund if you do not pursue Pruco, etc.

I added to the representations and warranties by all parties that they have produced all documents responsive to document requests except documents withheld pursuant to objections to the requests.  That is the best my client will provide.  They see the request for some subjective statement you requested about the production of documents to be ripe for litigation by you to escape your indemnity obligations related to Pruco and otherwise.   My client won't go there.  You may recall that my client's position from the start was that they wanted to be done with litigation related in any way to the policy.  Their agreement to the indemnity provision to allow you the chance to pursue Pruco and Ben-Thomas Hamilton was very difficult to achieve.

Please let me know if you agree to the present language and we will circulate for signature by docusign.   I will not respond to email requests to change or add language unless it is consistent with our discussions, reasonable, not duplicative and provided verbatim with reference to specific lines, paragraphs and page numbers.  A redline if standard practice and the preferred method to use.  We have wasted countless hours preparing numerous drafts of settlement agreements which have been rejected at the eleventh hour and we're done with that exercise.  We are now into the third month since the acceptance of Judge Goddard's proposal and it's time to put this to bed or let the Court decide.  Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200

Cardiff By The Sea, CA 92007

Tel. 760-943-7103

Fax 760-943-6750

---

**From:** Jason Voelker <jason.p.voelker@icloud.com>
**Sent:** Tuesday, June 28, 2022 1:42 PM
**To:** Russell De Phillips <rdephillips@surflaw.net>
**Cc:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>; Ben Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>
**Subject:** Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Russell, I honestly can't tell if you're playing games or if you merely forgot the agreement that we reached this past Friday.

Of the 4 alternative options available, signing the mediator's proposal was option 1.

The parties all declined, and we unequivocally chose option 3, which included a release for all parties and contained a carve out for further litigation against Ben Thomas Hamilton, John Walsh, and Pruco.

We also agreed that CEDI, Nicholson, and I would indemnify your clients against any suit brought against it by Pruco or Ben Thomas Hamilton (so long as your client had provided full disclosures, did not engage in fraud, and had not engaged in any criminal conduct).

We agreed to collateralize the indemnification clause by setting up a joint account and depositing $50,000 in it for the benefit of Life Advance in the event Life Advance was sued by either Pruco or Ben Thomas Hamilton.

The parties also agreed that Life Advance would assign all claims related to the current policy to CEDI, Nicholson, and myself.

The agreement will dismiss Life Advance, Nicholson and myself with prejudice, but will not dismiss CEDI, which will reserve CEDI's ability to retain jurisdiction in the event a separate suit against Pruco is brought in this court.

Please include the above terms and get the agreement to me ASAP so that I may sign.

I will note that I find it rather odd that you spent your time preparing a motion to enforce the settlement agreement instead of finalizing the agreement that we have.

I've been working on motions in limine, so I guess I somewhat understand, but I wasn't the one

tasked with reducing our agreement to writing so it is peculiar that you spent the bulk of your time preparing a motion to enforce instead of taking my calls and working to finalize the settlement.

Thanks.

Sent from my iPhone

On Jun 28, 2022, at 10:38 AM, Russell De Phillips <rdephillips@surflaw.net> wrote:

Attached is Judge Goddard's first mediator's proposal embodied in her email to the parties on 4/12/22, which was executed by Life Advance on 6/24/22. At the 6/24/22 settlement conference, I proposed that all parties sign this email. California Energy and Messrs. Nicholson and Voelker refused. This is another opportunity to sign and return this to me today. Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Monday, June 27, 2022 11:40 PM
**To:** Russell De Phillips <rdephillips@surflaw.net>
**Cc:** CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>; Ben Gale <bengalelaw@gmail.com>; Maggie Conant <rmdscty@surflaw.net>; Mickey Nicholson <mickeynicholson@gmail.com>; Roy Carlson, Jr. <rcarlson@surflaw.net>; CASDdb_efile Sabraw <efile_sabraw@casd.uscourts.gov>
**Subject:** Re: Stlmnt Agmnt Pruco v Cal Energy RMD 6.20.22.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Thank you Ben and Russell! I appreciate your time and efforts in solidifying this settlement.

I am prepared to sign the agreement; however, I note that the agreement states that the entire case and all parties will be dismissed with prejudice.

This is actually incorrect.

While Life Advance, Nicholson, and I will be dismissed from the case with prejudice my understanding from our negotiations is that CEDI will remain in the case in the event the upcoming suit against Pruco is brought in the same court

Please make that slight modification and I will promptly sign.


Jason

Sent from my iPhone


On Jun 27, 2022, at 5:10 PM, Russell De Phillips <rdephillips@surflaw.net> wrote:


No response from Mr. Voelker to my suggested language to alleviate his concern about the statutory subrogation rights so I added the proposed additional language and circulated the revised settlement agreement to all via docusign.   The settlement agreement is attached with signatures by me and my client.  We have motions prepared, which we will file tomorrow morning if we don't receive the signatures from the remaining settling parties this evening.  Please be advised that we intend to request sanctions for these bad faith actions on the part of California Energy and Messrs. Nicholson & Voelker.  We spent three hours in a settlement conference with Kathleen Friday afternoon where we all agreed to terms. I circulated a draft settlement agreement to all Friday evening at 6:55 pm.  Saturday at 1:33 pm, I circulated a revised settlement agreement which contained very minor language edits.  I received an email from Mr. Gale at 2:46 pm Saturday where he said he had minor edits.  I received a redline from Mr. Gale today at 10:07 am.   Mr. Gale and I exchanged email this morning regarding the minor changes.  .   I received the first response from Mr. Voelker at 1:59 pm today.  I circulated a revised settlement agreement at 2:36 pm today.   I addressed Mr. Voelker's concerns by email today at 2:20 , 4:01 and 4:23 pm but received no response.  Please sign and return.  Thank you.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into as of June 27, 2022, by and between Life Advance, LLC ("Life Advance"), California Energy Development Inc. ("California Energy"), David Michael Nicholson, also known as Mickey Nicholson ("Nicholson") and Jason Paul Voelker ("Voelker") (collectively the "Parties"), according to the terms set forth herein and with reference to the following recitals of fact. Any of the Parties may be referred to as a "Party." The Parties wish to enter into this Agreement to fully and finally resolve the matters as described herein. The Parties are satisfied that the recitals of fact contained herein are true and accurate and the settlement and releases described herein are fair and equitable. The Parties agree as follows:

## RECITALS OF FACT

A.     On or about February 3, 2016, Pruco Life Insurance Company ("Pruco") issued a Term Elite life insurance policy, Policy No. L9 301 242, to California Energy (the "Policy"). The Policy provided a $1,000,000 death benefit (the "Policy Benefit") and insured the life of James Roberts ("Roberts"), who was identified as California Energy's Chief Executive Officer.  When the Policy was issued, California Energy was listed as the Policy's owner and sole designated beneficiary.

B.     On October 1, 2018, Pruco filed in this action its Complaint for Declaratory Relief against California Energy, Timothy Bryson ("Bryson"), Nicholson, John J. Walsh ("Walsh"),   Edward Spooner ("Spooner"), as trustee of the Living Trust of Edward Spooner (the "Spooner Trust"), Life Advance, and Does 1-10 (Document 1) in Pruco Life Insurance Company v. California Energy Development Inc., et al., United States District

Court, Southern District of California Case No. 18cv2280-DMS-AHG (the "Interpleader Action"). The Complaint sought a declaration identifying the proper owner of the Policy and resolving any outstanding disputes among the Defendants concerning ownership of the Policy and a declaration identifying the Policy's proper beneficiary, among other relief.

     C.     On or about April 30, 2019, Roberts died.

     D.     On May 31, 2019, Pruco filed a Notice of Voluntary Dismissal of its claims against Spooner in the Interpleader Action. (Document 73.)

     E.     On September 3, 2019, Pruco filed its Second Amended Complaint for Interpleader in the Interpleader Action. (Document 102.) Pruco prayed that Defendants California Energy, Bryson, Nicholson, Walsh, Voelker and Life Advance "be ordered to settle amongst themselves their respective rights and claims to the Policy benefits due and owing as a result of Robert's death."

     F.     On February 5, 2020, the Honorable Dana M. Sabraw signed his Order Granting in Part and Denying in Part Pruco Life Insurance Company's Motion for Leave to Deposit Interpleader Funds and Dismiss Plaintiff, which dismissed Pruco and directed Pruco to deposit the benefit of Policy No. L9 301 242 of approximately $1,001,086.53 with the Registry of Court. (Document 119.) On February 24, 2020, Pruco sent Prudential Insurance Company of America's Check No. 1150085149 in the amount of $1,013,288.77 to the Clerk of Court via Federal Express. (Document 123.)

     G.     Life Advance and Walsh entered into a settlement on March 5, 2020, at the Early Neutral Evaluation Conference before the Honorable Allison H. Goddard in the

Interpleader Action, which was followed up by a written settlement agreement eventually signed by Walsh on May 18, 2020 wherein, among other things, Walsh assigned his claims under the Policy to Life Advance for consideration provided by Life Advance.  An Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant was filed on June 10, 2020.  (Document 157.)  On March 25, 2021, the Court filed its Order Granting Life Advance's Motion to Alter or Amend Order Granting Joint Motion for Order Dismissing John J. Walsh as Defendant and Cross-Defendant in the Interpleader Action.  (Document 237.)

H.     On or about July 7, 2021, Bryson died. On June 3, 2022, the Court issued an Order dismissing Bryson from the Interpleader Action and noting his death on the record. (Document 363.)

I.     The remaining parties to the Interpleader Action who have not been dismissed are California Energy, Nicholson, Voelker and Life Advance.   The claims remaining to be litigated are the parties' claims to the amount deposited by Pruco to the Registry of the Court (Document 119); Pruco's Interpleader Action; Nicholson and Voelker's Joint Second Amended Cross-complaint (the "Nicholson/Voelker Claims") (Document 209); California Energy's Crossclaim for Declaratory Relief, Slander of Title, Interference with Contractual Advantage, Negligent Interference with Prospective Economic Advantage, Conversion, Constructive Trust and Third Party Tort of Another (the "California Energy Claims") (Document 240); and Life Advance's Crossclaim for Declaratory Relief and Interference with Contract and Third Party Complaint for

Page 3 of 26

Declaratory Relief and Interference with Contract (the "Life Advance Claims") (Document 15).

      J.     A dispute exists, as outlined in the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims, as to the payment of the Policy Benefit that was deposited by Pruco into the registry of the Court in the Interpleader Action (the "Dispute").

      K.     On April 12, 2022, Judge Goddard issued her Mediator's Proposal ("Proposal") to California Energy, Nicholson, Voelker and Life Advance.

      L.     California Energy, Nicholson, Voelker and Life Advance accepted the Proposal and enter into this Agreement based thereon.

      M.     The Parties intend this Agreement to forever resolve the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Parties' claims to the amount Pruco deposited to the Registry of the Court, the Interpleader Action, any other claims or disputes involving the Policy, and to avoid the expense and inconvenience of further litigation between the Parties now and in the future.

Now, without admitting fault or liability, in consideration of the agreements, promises, and warranties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby fully and completely resolve and settle all claims that have been asserted, or could have been asserted, against the Parties in the Interpleader Action, including the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the

Interpleader Action and any other claims or disputes among the Parties related to the Policy, the Policy Benefit, the Interpleader Action and the Dispute as follows:

## AGREEMENT

1.  **Recitals.** The Parties specifically agree to the above recitals, which form a material part of this Agreement.  The above recitals are incorporated herein by this reference.

2.  **Release of Claims.**  In return for the consideration as provided herein, the value of which is acknowledged, the Parties promise, agree and generally release as follows:

a.  **Release by California Energy, Nicholson and Voelker.**  Except for the obligations of Life Advance created by this Agreement, and to become effective upon receipt of the Settlement Proceeds and the complete and timely performance by Life Advance of all of its obligations described in this Agreement, California Energy, Nicholson and Voelker do hereby for themselves, their predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, creditors, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates hereby release and forever discharge Life Advance, Life Capital Group, Inc., Mills, Potoczak & Company, Life Credit Company, LLC, Remar Investments, LP, Rangetree Strategies, LLC, Daniel J. Miller, Craig T. Stack, Brendan Francis, Edward Spooner, Edward Spooner as Trustee of the Living Trust of Edward Spooner dated 3/1/18, James David Roberts, Serena Collyer, Maria Castillo de Roberts, Angel Roberts, and their predecessors, successors, assigns, spouses, heirs, executors, attorneys,

employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates (collectively "Life Advance Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Interpleader Action, claims for malicious prosecution, abuse of process, and all other claims against any of the Life Advance Released Parties. This release shall not apply to any claims any Parties may have against John J. Walsh, Pruco or attorney Ben-Thomas Hamilton.

b.      **Release by Life Advance**. Except for the obligations of California Energy, Nicholson and Voelker created by this Agreement, and to become effective upon the receipt of the Settlement Proceeds and the complete and timely performance by California Energy, Nicholson and Voelker of all of their obligations described in this Agreement, Life Advance does hereby for itself, its predecessors, successors, assigns, heirs, executors, attorneys, employees, agents, contractors, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and affiliates release and forever discharge California Energy, Nicholson and Voelker, their predecessors, successors, assigns, spouses, heirs, executors, attorneys, employees, agents, contractor, subcontractors, partners, officers, directors, shareholders, managers, members, parents, subsidiaries and

Page 6 of 26

affiliates (collectively "California Energy Released Parties"), from any and all claims, demands, debts, liabilities, obligations, accounts, costs, fees of attorneys and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to those related in any way to the Policy, the Policy Benefit, the Policy proceeds on deposit with the Registry of the Court in the Interpleader Action, or based in any way upon the underlying facts which gave rise to the claims alleged or which could have been alleged in the Interpleader Action, claims for malicious prosecution, abuse of process, and all other claims against any of the California Energy Released Parties. This release shall not apply to any claims any Parties may have against John J. Walsh, Pruco or attorney Ben-Thomas Hamilton.

The Parties acknowledge and agree that the releases and discharges set forth above are general releases. The Parties knowingly waive, and assume the risk of, any and all claims of any nature whatsoever, which exist as of this date, or which may exist in the future, but which they do not know or suspect to exist, including, without limitation, claims which, if known, would have materially affected their decision to enter into this Agreement. The Parties hereby confirm that they understand that facts may turn out to be other than or different from those now known or believed to be true; the Parties knowingly assume that risk and acknowledge and agree that this Agreement shall remain in effect and shall not be subject to termination or revocation by reason of any such different facts.

3.     **Waiver of Benefits of § 1542 of California Civil Code.** The undersigned Parties do hereby acknowledge that they, and each of them, are familiar with and do hereby

waive any and all rights based upon the provisions of § 1542 of the Civil Code of the State

of California, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR
> HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Life Advance, LLC

Initials   By:_____

Its Authorized Agent                    David Michael Nicholson

California Energy Development Inc.
By:_____

Its Authorized Agent                    Jason Paul Voelker

4.   **No Admissions.**   The Parties acknowledge that the payment of the

Settlement Proceeds described below is not to be construed as an admission of liability,

but is a compromise of disputed claims, and may not be used in any court of law or

administrative proceeding or for any evidentiary purpose to establish past, present or future

liability upon any party to this Agreement, including their identified and unidentified

spouses, heirs, devisees, legatees, executors, administrators, principals, officers, directors,

managers, members, shareholders, agents and servants, employees, attorneys, partners,

insurers, predecessors, successors and assigns, and parents and subsidiary corporations,

and affiliates persons and entities.

5.   **Good Faith Settlement.**   The Parties agree, after consulting with counsel of

their own choice, and represent that the settlement memorialized in this Agreement is in

good faith and to the satisfaction of the Parties.

6.   **Indemnity by Released Parties**.  The Parties agree to indemnify and defend the other Parties and to hold the other Parties harmless from any and all losses, claims, demands, actions, damages, remedies, interest, penalties, expenses, debts, liabilities, causes of action, and controversies of every kind or character, including, without limitation, all court costs, legal expenses, and attorneys' fees, arising out of or relating to any and all claims, liabilities, losses, fines, penalties, liens, demands, obligations, actions, proceedings, or causes of action of every kind, known or unknown, to the extent arising, in whole or in part, out of any: (i) breach or misrepresentation of any recital, representation, warranty, agreement, promise or commitment made by a party being released under this Agreement; and (ii) claim(s) or cause(s) of action which are or may be asserted by any person or entity claiming by, through, or under a party being released herein, including, without limitation, claims made by subrogees, bond holders, lienholders, creditors, members, shareholders, and holders of warrants, options, subscription rights and all other equity security interests.

Under no circumstances shall this paragraph apply to any attorney of a released party.

7.   **Indemnity by California Energy, Nicholson and Voelker to Life Advance**.  California Energy, Nicholson, Voelker, and each of them, shall indemnify, defend and hold harmless the Life Advance Released Parties from and against all liability, claims, damages, costs, and fees of attorneys related in any way to any tax owed or assessed against any person or entity who receives any part of the "thirty percent (30%)" share of the Settlement Payment described below, any claim released pursuant to this Agreement,

any breach of this Agreement by any of them, and any claim by Janson & Associates Global Consulting, Janson & Associates Global Consulting, LLC, U.S. Energy Concepts, Inc., U.S. Energy Concepts, LLC, , California Energy Development A, Inc., California Energy Development Company, Inc., California Energy Development Company, California Energy Development, California Energy Developments Solutions, LLC, California Energy Development Trust, California Energy Consultants, LLC, Raul Rodriguez, Pruco, attorney Ben-Thomas Hamilton, and any other person or entity who claims to be a shareholder, stakeholder, equity holder, bond holder or creditor of California Energy, or any of them, which claim is related in any way to the Dispute, the Policy, the Policy Benefit, the Interpleader Action, this Agreement or any obligation under this Agreement.

This indemnity obligation shall be secured by the deposit of Fifty Thousand U.S. Dollars ($50,000.00) to be deposited to a joint deposit account at Wells Fargo Bank in Encinitas, California within five business days after the receipt of the Settlement Proceeds by the Parties as described in paragraph 9 of this Agreement. The signers on the account shall be Russell De Phillips and Benjamin Gale and any withdrawal of funds shall require both of their signatures. The $50,000.00 deposited to this account shall be referred to as the "Indemnity Fund" and shall be available to Life Advance for the payment of any indemnified obligation except a judgment for fraud. The indemnity obligations are not limited to the amount of the Indemnity Fund. Provided all indemnity obligations are performed timely and completely, California Energy, Nicholson and Voelker shall be

subrogated to the rights of any of the Life Advanced Released Parties with respect to any claims which arise or inure to the benefit of any of the Life Advanced Released Parties as the result of any claim or action by Pruco, Ben-Thomas Hamilton, or any other third party, giving rise to an indemnity obligation hereunder; and Life Advance will execute an assignment of such subrogation rights to California Energy, Nicholson and Voelker at the time and to the extent they exist.

Any indemnification of any of the Life Advance Released Parties shall be effected by wire transfer of immediately available funds from California Energy, Nicholson and Voelker, and each of them, to an account designated by the applicable Life Advance Released Parties within three (3) business days after the determination thereof.  Any of the Life Advance Released Parties making a claim for indemnification shall notify California Energy, Nicholson and Voelker of the claim in writing promptly after receiving written notice of any such action, lawsuit, investigation or other claim against them which may give rise to an indemnified obligation (if by Pruco, Ben-Thomas Hamilton or any other third party), describing the claim, the amount thereof (if known or quantifiable) and the basis thereof; provided that the failure to so notify California Energy, Nicholson and Voelker shall not relieve any of them from their indemnity obligations except to the extent that (and only to the extent that ) they have been materially prejudiced thereby.  California Energy, Nicholson and Voelker, or any of them, may participate in the defense of such action, lawsuit, investigation or other claim giving rise to a claim for indemnification at the sole expense of each of them.

After the satisfaction of all indemnity obligations of California Energy, Nicholson and Voelker to the Life Advance Released Parties related in any way to any claim or action asserted by California Energy, Nicholson or Voelker against Pruco or Ben-Thomas Hamilton, any funds remaining in the Indemnity Fund will be released to California Energy, Nicholson and Voelker upon the first to occur of the following three events: (a) the receipt by Life Advance of written amendment to this Agreement which contains a waiver by California Energy, Nicholson and Voelker of all rights to prosecute claims against Pruco and Ben-Thomas Hamilton and covenant not to sue for same; (b) the final resolution of all claims of Pruco and Ben-Thomas Hamilton by final court judgment, settlement agreement or written waiver; or (c) the written amendment to this Agreement which contains a waiver by California Energy, Nicholson and Voelker of all rights to prosecute claims against Ben-Thomas Hamilton and covenant not to sue for same, and the resolution of all claims held by Pruco by final court judgment, settlement agreement, written amendment to this Agreement with waiver of claims against Pruco and covenant not to sue for same, or by some combination of these three forms of resolution.

9.      **Consideration.**   As consideration for the foregoing release, representations, warranties and indemnity obligations by the Parties and the other promises and representations set forth above and below, payment of the Policy Benefit shall be made as follows:

(a)     Life Advance shall receive seventy percent (70%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action.

(b)     California Energy, Nicholson and Voelker collectively shall receive thirty percent (30%) of the Policy Benefit, plus accrued interest, deposited to the Court Registry by Pruco in the Interpleader Action. California Energy, Nicholson and Voelker will agree in their discretion on the proper allocation of these funds among themselves.

The payments described hereinabove are referred to in this Agreement as the "Settlement Proceeds." The Parties shall file a joint motion in the Interpleader Action for the disbursement of seventy percent (70%) of the Policy Benefit plus accrued interest to the attorney-client trust account of Milberg & De Phillips, P.C., for receipt of the Settlement Proceeds on behalf of Life Advance; and thirty percent (30%) of the Policy Benefit plus accrued interest to the attorney-client trust account of the Law Offices of Benjamin W. Gale, for receipt of the Settlement Proceeds on behalf of Nicholson, Voelker and California Energy. This joint motion to disburse the Policy Benefit shall be in the form attached hereto as Exhibit A and shall be signed by the Parties and filed with the Court within one business day after the execution and delivery of this Agreement by all Parties.

10     **Dismissal of Interpleader Action.** Within five days of receipt of the Settlement Proceeds, the Parties shall file a Joint Motion to Dismiss, with prejudice, any and all claims existing within the Nicholson/Voelker Claims, the California Energy Claims

| Deleted: the Interpleader |
| Deleted: Action, duly executed on their behalf, dismissing any |
| Deleted: , |

Page 13 of 26

and the Life Advance Claims in the Interpleader Action, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement, duly executed on their behalf. This Joint Motion to Dismiss shall be in the form attached hereto as Exhibit B. The Parties hereby acknowledge and confirm that they have authorized their attorneys to file such a joint motion for dismissal. California Energy expressed its intention to file a motion for leave of Court to file a counterclaim against Pruco for unspecified claims ("Motion for Leave"). The Motion for Leave shall not be filed until after the joint motion to dismiss the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims in the Interpleader Action is filed. Life Advance will neither support nor oppose the Motion for Leave. After the Settlement Proceeds are received by the respective Parties, and if the Motion for Leave is denied by the Court, the Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to dismiss the Interpleader Action with prejudice as to all parties and all claims, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement. The Parties hereby acknowledge and confirm that they have authorized their attorneys to file such a joint motion for dismissal.

11.    **Costs, Attorney's Fees and Litigation Expenses.** The Parties hereto shall be solely responsible for payment of their own costs, attorney's fees and other litigation expenses in connection with the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims and the Interpleader Action, and the negotiation, documentation and implementation of this Agreement, including, without limitation, the

dismissal of the Lawsuit, and all other matters arising from or related to the disbursement of proceeds in the Interpleader Action, the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims except as otherwise set forth below. This includes, but is not limited to, Life Advance's attorney fees that are currently subject to fee-shifting sanctions against Nicholson and Walsh.

However, in the event that any action, suit, or other proceeding is hereafter instituted, arising out of a breach of this Agreement, involving claims within the scope of the releases or indemnity provisions contained in this Agreement, or pertaining to a declaration of rights under this Agreement, the prevailing Party shall recover all of such Party's reasonable attorney's fees and costs incurred in each and every such action, suit, or other proceedings, including any and all appeals, writs, or petitions therefrom.

12.    **Successors and Assigns**.   This Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable only by the Parties and their respective successors, heirs, executors, administrators and assigns.  No other person or entity shall have any rights under this Agreement or be entitled to bring any action to enforce any of its provisions. The rights of any assignee of Nicholson, Voelker, California Energy or Life Advance shall be subject to all terms of this Agreement and any defense or claim in recoupment arising under or in connection with the Dispute, the Nicholson/Voelker Claims, the California Energy Claims, the Life Advance Claims, the Interpleader Action and/or this Agreement.

13.   **Survival**.  This Agreement, and all representations, warranties, covenants and agreements contained within it, shall survive the execution and delivery of this Agreement and the conclusion of the Dispute and Interpleader Action.

14.   **Enforcement**.  The United States District Court for the Southern District of California shall have exclusive jurisdiction, and shall be the sole venue, for any action or proceeding to enforce or interpret this Agreement.

The Parties shall execute and file a Consent to Jurisdiction by a United States Magistrate Judge consenting to the jurisdiction of United States Magistrate Judge Allison H. Goddard to decide all disputes arising from or related to this Agreement in the form attached hereto as Exhibit C. The parties' Joint Motion to Dismiss the Interpleader Action must expressly include a term providing for the continuing jurisdiction of United States Magistrate Judge Allison H. Goddard to decide all disputes arising from or related to this Agreement.

15.   **Amendments**.  This Agreement shall not be amended or modified except by a writing executed by all Parties.

16.   **Entire Agreement and Severability**.  This Agreement constitutes the entire agreement with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written discussions, if any.  If any clause or provision of this Agreement is subsequently determined by any Court or tribunal to be invalid or unenforceable under any present or future law, the remainder of this Agreement shall not be affected thereby.  It is the intention of the Parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof a provision as similar

Page 16 of 26

to such provision as is possible to be legal, valid and enforceable.  The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital.

17.    **Ambiguity or Uncertainty**.  This Agreement has been prepared equally by all Parties.  No ambiguity or uncertainty in any language in this Agreement shall be construed for or against any Party.

18.    **Governing Law**.    This Agreement shall be governed and construed in accordance with the laws of the State of California.

19.    **Additional Documents**.  The Parties agree to cooperate fully and to execute and deliver any and all supplementary documents and to take any and all additional actions which may be necessary or appropriate to give effect to the terms and intent of this Agreement and to effectuate disbursement of the Policy Benefit as contemplated herein.

20.    **Counterpart Execution**.    This Agreement may be signed in multiple counterparts, including with facsimile signatures, or electronic signatures binding under California law, and each counterpart when taken with the other executed counterparts, shall constitute a binding agreement.

21.    **Warranty of Capacity to Execute**.  The Parties, and each of them, represent and warrant that except as otherwise described herein, no other person or entity has or has had any interest in the claims, demands, obligations, or claims referred to in this Agreement; that they have the sole right and exclusive authority to execute this Agreement and to render performance in accordance with its terms; and that they have not encumbered, hypothecated, sold, assigned, transferred, conveyed or otherwise disposed of any of their

interests in the assets or rights transferred herein, or in any of the claims, demands, obligations, or causes of action, referred to in this Agreement, or any interest or right related thereto.

22.     **Covenant Not to Sue or Prosecute**.   Except for the enforcement of the obligations created by this Agreement, and except as otherwise provided herein, the Parties agree never to sue, prosecute or file with any court any claim against each other that relates in any way to the Policy or any claims released pursuant to this Agreement.

23.     **Covenant Not to Interfere**.  The Parties agree never to interfere with other Parties in receipt of the Settlement Proceeds.

24.     **Confidentiality and Non-disparagement**.   The Parties understand and agree that the terms of this Agreement shall be kept confidential. Neither party hereto will reveal, or cause to be revealed, any of these terms to any third party other than their attorneys, insurers, accountants, tax professionals, regulators and governmental agencies, or as may be required by law. If any Party is served with or accepts service of a subpoena or notice to provide testimony or documents related to this Agreement, such Party shall promptly provide all other Parties with a true and correct copy of the subpoena or notice to provide the opportunity to quash or limit the testimony or documents requested.   The Parties agree that they will not in any way publicize or cause to be publicized in any news or communications media, including but not limited to, websites, newspapers, magazines, journals, radio or television, the terms or conditions of this settlement. Upon inquiry by third parties about the status of the Dispute or Interpleader Action, the Parties may indicate

Page 18 of 26

only that the Dispute / Interpleader Action has been resolved and that all claims in the Dispute / Interpleader Action have been dismissed with prejudice.

The Parties further agrees that they will not discuss or make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of each other, including any of their affiliated companies or their respective employees and agents. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, made to any person or entity.

This provision of confidentiality and non-disparagement does not seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

The Parties understand and agree that this Section is a material provision of this Agreement, that the non-breaching party would be irreparably harmed by violation of these provisions, and that any breach of this Section shall be a material breach of this Agreement. If this covenant of confidentiality or non-disparagement Section is breached, all parties and attorneys agree that actionable harm will occur to the non-breaching party.

25.    **No Tax Representations**. The Parties understand and acknowledge that the other does not warrant or represent any tax consequences of this Agreement and each Party hereto agrees that they are relying on their own legal or tax advisors and not on the other with respect to any tax aspects of this Agreement.  Any tax or costs, attorneys' fees, penalties or interest incurred or assessed to a Party shall be their sole responsibility.  The

Parties further acknowledge that they have not been provided any tax advice from their respective attorneys nor are they relying on their legal counsel for any tax advice.

26.   **Headings**.   The titles and headings of any provision herein exist for convenience only and in no way shall restrict or modify this Agreement.

27.   **Representations and Warranties by Nicholson and Voelker**.   Nicholson and Voelker each represents and warrants the following to Life Advance: each is legally competent, has the mental capacity to understand, and he does understand, the nature and effect of the transactions described in this Agreement; each has the power and authority to enter into this Agreement and to render performance in accordance with its terms; each has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; each is the only individual entitled to assert the claims he released herein and that each has not assigned such claims to any other person or entity; each understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; each has had the opportunity to consult with an independent lawyer of his own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; he is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by their execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which he is

Page 20 of 26

a party, or the consummation of the transactions contemplated hereby or thereby; each has provided to Life Advance the written consent to this Agreement on the form attached hereto as Exhibit D, signed by their respective spouse or domestic partner, if applicable; Nicholson and Voelker, and each of them, have produced to Life Advance all documents requested by Life Advance in any request for the production of documents to Nicholson and Voelker or to either of them, except documents withheld from production pursuant to a written objection by Nicholson and Voelker, or either of them, submitted in response to Life Advance's document request to Nicholson and Voelker or either of them; and the settlement described in this Agreement is fair and equitable.

**Deleted:** and the settlement described in this Agreement is fair and equitable

28. **Representations and Warranties by California Energy**.   California Energy represents and warrants the following to Life Advance: the person who executes this Agreement on behalf of California Energy has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind California Energy and its shareholders, owners, equity holders, bond holders, officers, directors and stakeholders to this Agreement and to render performance in accordance with its terms; California Energy has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; California Energy is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; California Energy understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the

Page 21 of 26

Interpleader Action and the Dispute; California Energy has had the opportunity to consult with an independent lawyer of its own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; California Energy is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; California Energy has provided to Life Advance a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its directors and by all of its shareholders;  California Energy has produced to Life Advance all documents requested by Life Advance in any request for the production of documents to California Energy, except documents withheld from production pursuant to a written objection by California Energy submitted in response to Life Advance's document request to California Energy;  and the settlement described in this Agreement is fair and equitable.

29.   **Representations and Warranties by Life Advance**.   Life Advance represents and warrants the following to California Energy, Nicholson and Voelker:  the person who executes this Agreement on behalf of Life Advance has the mental capacity to understand, and does understand, the nature and effect of the transactions described in this Agreement and has the full power and authority to bind Life Advance and its members, managers, owners, equity holders, bond holders, officers, directors and stakeholders to this

Page 22 of 26

Agreement and to render performance in accordance with its terms; Life Advance has investigated the facts and evidence regarding the subject matter of this Agreement; the recitals of fact contained in this Agreement are true and correct; Life Advance is the only entity entitled to assert the claims it released herein and that it has not assigned such claims to any other person or entity; Life Advance understands that this Agreement contains a general release of all claims against the released parties, including but not limited to claims arising from, by reason of, or in connection with the Policy, the Policy Benefit, the Interpleader Action and the Dispute; Life Advance has had the opportunity to consult with an independent lawyer of its own choice before executing this Agreement; the information and documents to be provided pursuant to this Agreement are true and correct; Life Advance is not subject to nor obligated under any applicable law, or any agreement, instrument, license or permit, or subject to any judgment, decision, decree, order, injunction, writ, stipulation, determination or ruling, which would be breached or violated by the execution, delivery or performance of this Agreement or of any other documents required pursuant to this Agreement to which it is a party, or the consummation of the transactions contemplated hereby or thereby; Life Advance has provided to California Energy a duly executed resolution or unanimous written consent approving this Agreement, signed by all of its managers; Life Advance has produced to California Energy all documents requested by California Energy in any request for the production of documents to Life Advance, except documents withheld from production pursuant to a written objection by Life Advance submitted in response to California Energy's document

request to Life Advance;   and the settlement described in this Agreement is fair and equitable.

30.   **Time of the Essence**.   All Parties agree that time is of the essence in the performance of each of the obligations described in this Agreement.

**Joint Obligations of the Parties**.   The Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to cause the Settlement Proceeds to be disbursed.  Counsel for Life Advance shall prepare the joint motion to disburse the Settlement Proceeds.   After the Settlement Proceeds are received by the respective Parties, the Parties shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to dismiss the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims in the Interpleader Action, with prejudice, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement.  Counsel for Life Advance shall prepare the joint motion to dismiss the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims, with prejudice.  California Energy expressed its intention to file a motion for leave of Court to file a counterclaim against Pruco for unspecified claims ("Motion for Leave").  The Motion for Leave shall not be filed until after the joint motion to dismiss the Nicholson/Voelker Claims, the California Energy Claims and the Life Advance Claims in the Interpleader Action is filed.  Life Advance will neither support nor oppose the Motion for Leave.   After the Settlement Proceeds are received by the respective Parties, and if the Motion for Leave is denied by the Court, the Parties

> **Formatted:** Indent: Left:  0.5",  No bullets or numbering

shall execute and cause to be filed with the Court in the Interpleader Action a joint motion to dismiss the Interpleader Action with prejudice as to all parties and all claims, with the Court to retain jurisdiction over the Parties to interpret and enforce the Settlement and this Agreement.  Counsel for Life Advance shall prepare the joint motion to dismiss the Interpleader Action.   The Parties shall cooperate in all reasonable ways to achieve the purposes of this Agreement.

> **Deleted:** joint motion to disburse the Settlement Proceeds and the

**READ THE FOREGOING DOCUMENT CAREFULLY BEFORE SIGNING.**

Date: _____            _____

David Michael Nicholson aka Mickey Nicholson

Date: _____            _____

Jason Paul Voelker

California Energy Development Inc.

Date: _____       By: _____

_____, Authorized Agent

Life Advance, LLC

Date: _____       By:_____

Craig Stack, Manager

APPROVED AS TO FORM AND CONTENT.  THIS IS NOT AN UNDERTAKING OR GUARANTY OF PERFORMANCE BY THE ATTORNEY FOR ANY PARTY.

Milberg & De Phillips, P.C.

Date:_____        By:_____

Russell M. De Phillips
Attorneys for Life Advance, LLC

Page 25 of 26

Law Offices of Benjamin W. Gale

Date:_____     By:_____
                                Benjamin W. Gale
                                Attorney for California Energy Development Inc.

# EXHIBIT N

| **From:** | Benjamin Gale |
| **To:** | CASDdb_efile Goddard |
| **Subject:** | Settlement. |
| **Date:** | Monday, June 13, 2022 4:16:21 PM |

**CAUTION - EXTERNAL:**

To whom it may concern,

California Energy Development Inc. (CEDI) responds "No" to the mediator's second settlement proposal.  CEDI understands and acknowledges that the settlement agreement entered into pursuant to the mediators' first proposal is binding on CEDI and all other parties thereto.

Best regards,

Ben
Law Offices of Benjamin W. Gale
810 E Street
San Rafael CA 94901
Tel:  415-492-9800, Fax: 415-795-4636

CONFIDENTIALITY NOTICE: This transmission is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any disclosure, distribution or copying of this information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the information from your computer and email files.

 Virus-free. www.avast.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| From: | Mickey Nicholson |
|---|---|
| To: | Jason Voelker |
| Cc: | CASDdb_efile Goddard; Benjamin Gale |
| Subject: | Re: Mediator"s Proposal re Pruco v. CEDI et al, Case No. 3:18-cv-2280-DMS-AHG (CONFIDENTIAL SETTLEMENT COMMUNICATION; INADMISSIBLE FOR ANY PURPOSE) |
| Date: | Monday, June 13, 2022 5:49:07 PM |

**CAUTION - EXTERNAL:**

I concur with Mr.Voelker.

On Mon, Jun 13, 2022, 5:16 PM Jason Voelker <jason.voelker@ymail.com> wrote:
I do not disagree with CEDI's position.

I do believe that the mediator's previous proposal was binding when all parties accepted it.

I am a little confused as to the reference of "first" and "second" proposal, though.

The mediator has made a total of three proposals. The first proposal was rejected by me and Mr. Nicholson. The second proposal was accepted by all parties. The latest, third proposal has been declined because, inter alia, the prior proposal was already accepted by all parties.

I hope this clarifies my position.

Sent from my iPhone

> On Jun 13, 2022, at 5:06 PM, CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov> wrote:


> Thank you for the clarification, Mr. Gale. Please do not share your email with Mr. De Phillips just yet. Judge Goddard will follow up with all the parties tomorrow.


> Mr. Nicholson, please confirm whether your position is also the same as CEDI's. Mr. Voelker and Mr. Nicholson, please also confirm whether you agree with CEDI's position that "the settlement agreement entered into pursuant to the mediator's first proposal is binding on CEDI and all other parties thereto."


> Thank you,

> Kathleen

# EXHIBIT O

| | |
|---|---|
| **From:** | Russell De Phillips |
| **To:** | CASDb_efile Goddard; Jason Voelker; Benjamin Gale; Mickey Nicholson |
| **Cc:** | Roy Carlson, Jr.; Maggie Conant |
| **Subject:** | RE: Pruco v. CEDI Please_DocuSign_Stlmnt_Agmnt_Pruco_v_Cal_Ene.pdf |
| **Date:** | Friday, July 8, 2022 4:25:20 PM |
| **Attachments:** | Stlmnt Agmnt Pruco v Cal Energy w Ex FINAL 7.8.22.pdf |

==**CAUTION - EXTERNAL:**==

Thank you Kathleen.  Attached is the FINAL version of the settlement agreement sent to all via docusign today.  After today's hearing before Judge Sabraw, Mr. Voelker sent us an email demanding changes to a version of the settlement agreement we circulated via docusign on 6/20/22, which Mr. Voelker opened for the first time today.  The agreement has gone through several revisions since that date.  This is the final version of the settlement agreement.  Life Advance will not agree to any changes.

Life Advance **does not** withdraw its motion to enforce the settlement.  We will notify you upon receipt of the signatures by the parties to the settlement agreement.  Thank you for your continued assistance and efforts, and those of Judge Goddard.

Russell M. De Phillips
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff By The Sea, CA 92007
Tel. 760-943-7103
Fax 760-943-6750

---

**From:** CASDb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Sent:** Friday, July 8, 2022 4:14 PM
**To:** Jason Voelker <jason.voelker@ymail.com>; Russell De Phillips <rdephillips@surflaw.net>; Benjamin Gale <bengalelaw@gmail.com>; Mickey Nicholson <mickeynicholson@gmail.com>; CASDb_efile Goddard <efile_Goddard@casd.uscourts.gov>
**Subject:** RE: Pruco v. CEDI Please_DocuSign_Stlmnt_Agmnt_Pruco_v_Cal_Ene.pdf

> [CAUTION: This email originated from outside of Milberg De Philips. Do not click links or open attachments unless you recognize the sender and know the content is safe]

Hi Mr. Voelker,

Thank you for sending. Judge Goddard asked me to inform the parties that we need a copy of the agreement with all signatures, or a filed joint motion to dismiss, before we can confirm that there will be no R&R on the pending motion.

Thanks for working together on this.

Kathleen

**Kathleen Mayer**
Law Clerk to the Hon. Allison H. Goddard
United States District Court
Southern District of California
Chambers: (619) 557-6162

---

**From:** Jason Voelker <jason.voelker@ymail.com>
**Sent:** Friday, July 8, 2022 4:07 PM
**To:** Russell De Phillips <rdephillips@surflaw.net>; Benjamin Gale <bengalelaw@gmail.com>; Mickey Nicholson <mickeynicholson@gmail.com>; CASDdb_efile Goddard <efile_Goddard@casd.uscourts.gov>; Kathleen Mayer <Kathleen_Mayer@casd.uscourts.gov>
**Subject:** Pruco v. CEDI Please_DocuSign_Stlmnt_Agmnt_Pruco_v_Cal_Ene.pdf

CAUTION - EXTERNAL:


I have signed the agreement.

My understanding was I am the last and final person to sign, which means we have a binding agreement.

Jason

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.


Sent from my iPhone

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.