UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIFORNIA ENERGY DEVELOPMENT INC., *et al.*,<br><br>                                    Defendants. | Case No.: 3:18-cv-02280-DMS-AHG<br><br>**ORDER GRANTING MOTION TO AMEND JUDGMENT**<br><br>[ECF No. 403] |

On August 29, 2022, the Court entered a Judgment Granting Injunctive Relief (the "August 29 Judgment") to Life Advance, LLC ("Life Advance"). ECF No. 398. The Judgment was entered concurrently with the Court's Order Granting in Part and Denying in Part Life Advance's *ex parte* Motion for Order to Show Cause why John J. Walsh should not be enjoined and sanctioned for filing State Court Complaint in violation of settlement agreement, for injunctive relief and award of attorney fees (the "August 29 Order"). ECF No. 397.

In the August 29 Order, the Court held that Life Advance was entitled to an award of the attorney fees and costs that it has reasonably incurred in seeking to enforce its settlement agreement with Mr. Walsh, including all fees and costs incurred in bringing (1)

the Motion for Order to Show Cause (ECF No. 375), and (2) the Supplemental Declaration regarding the Motion for Order to Show Cause (ECF No. 390), to include all time spent communicating with Mr. Walsh to try to obtain his voluntary dismissal of the lawsuits at issue, preparing and briefing the motion and supplemental declaration, and preparing for and attending the Show Cause Hearing, in addition to all costs reasonably incurred in connection therewith. ECF No. 397 at 30. Life Advance was ordered to file a supplemental fee application detailing all such fees and costs by September 6, 2022. *Id.* The Court further permitted Life Advance to include in its fee application all hours expended on preparing the fee application itself. *Id.*

On November 22, 2022, the Court granted Life Advance's Supplemental Fee Application, ordering Mr. Walsh to pay Life Advance a total of $18,230.65 within 30 days, or by December 22, 2022. ECF No. 402.

Life Advance now requests that the Court's August 29 Judgment be amended to include the Court's award of attorney fees and costs to Life Advance. ECF No. 403. Under Rule 54, a party must move for attorney fees and costs no later than 14 days after the entry of judgment, unless a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B). Here, Life Advance timely filed its supplemental application for attorney fees and costs on September 6, 2022, seven days after the entry of judgment. *See* ECF Nos. 397, 399. The Court granted that motion in accordance with its prior ruling in the August 29 Order, finding Life Advance was entitled not only to injunctive relief but also to attorney fees and costs in connection with Mr. Walsh's breach of the settlement agreement. *See* ECF No. 402 at 2 (explaining that the Court had already determined in the August 29 Order "that, pursuant to the settlement agreement between Life Advance and Mr. Walsh, Mr. Walsh is obligated to pay Life Advance's reasonable attorney fees and costs incurred in connection with Life Advance's efforts to enforce the settlement agreement.").

Notably, it is not necessary for the Court to enter a separate judgment under Rule 58 for an award of attorney fees and costs to a prevailing party. Fed. R. Civ. P. 58(a)(3). *See United States v. Bus. Recovery Servs.*, LLC, No. CV 11-0390-PHX-JAT, 2012 WL

3064253, at *2 (D. Ariz. July 26, 2012) ("Because Plaintiff's motion for fees was made in a manner consistent with the procedures listed in Rule 54, the exception contained in Rule 58(a)(3) should apply. The Court does not need to enter a separate judgment on the attorneys' fees order and therefore will not do so."); *see also Cal. Med. Ass'n v. Shalala*, 207 F.3d 575, 576 (9th Cir. 2000) (explaining that post-judgment orders granting attorney fee awards are independently appealable and may be appealed separately from the final judgment).

However, "Rule 60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (quoting, *inter alia*, *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)) (other quotations omitted). Thus, although amending the judgment is not required to effectuate the award of attorney fees and costs, the Court finds it appropriate to do so here, in order to accurately reflect the "necessary implications" of the Court's concurrently entered August 29 Order granting injunctive relief and attorney fee sanctions to Life Advance. That is, while the Court did not immediately award such fees and costs in the August 29 Judgment, the Court had already determined in the August 29 Order that Life Advance was indeed entitled to them, and had further stated that a fee award would be granted following review of Life Advance's supplemental fee application. *See* ECF No. 397 at 29-30, 33. *See Blanton*, 813 F.2d at 1577 ("In deciding whether a trial court may alter a judgment pursuant to Fed. R. Civ. P. 60(a), our circuit focuses on what the court *originally intended* to do. A judge may invoke Rule 60(a) in order to make a judgment reflect the actual intentions of the court, plus the necessary implications"); *Garamendi*, 683 F.3d at 1079 (explaining that Rule 60(a) may properly be used to amend a judgment in order to "construe the judgment, consistently with its language, in accordance with the *contemporaneous intent of the court* as well as the understanding of the parties.") (quoting *Jackson v. Jackson*, 276 F.2d 501, 503 (D.C. Cir. 1960)). Additionally, including the award of fees and costs in the judgment will permit

enforcement of the fee award. "Rule 60(a) allows for clarification and explanation, with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." *Garamendi*, 683 F.3d at 1079.

Therefore, because the Court originally intended to grant attorney fees and costs to Life Advance in its August 29 Order, which was entered concurrently with the judgment, the Court finds it appropriate to apply Rule 60(a) in this instance to amend the judgment to reflect the contemporaneous intent of the Court.

For these reasons, the Court **GRANTS** Life Advance's Motion to Amend the Judgment (ECF No. 403) to include the Court's award of attorney fees and costs set forth in its November 22, 2022 Order (ECF No. 402). The Court will enter the amended judgment separately.

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order to John J. Walsh at:

**6027 Charae Street**
**San Diego, CA 92122**

**IT IS SO ORDERED.**

Dated: December 8, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge